**No. 23-4760**

In The

# United States Court Of Appeals
## For The Fourth Circuit

## UNITED STATES OF AMERICA,
*Plaintiff – Appellee,*

v.

# TIMOTHY MANN,
*Defendant – Appellant.*

On Appeal from the United States District Court
for the Eastern District of North Carolina
Case No. 5:23-cr-00014-M-KS-1

———————————

**Joint Appendix
Volume I of II
(Pages: 1 - 227)**

———————————

<table>
<tr><td>

Ryan M. Gaylord
BELL, DAVIS & PITT, P.A.
100 N. Cherry Street, Suite 600
Winston-Salem, NC  27101
Telephone: (336) 722-3700
Facsimile: (336) 722-6558
rgaylord@belldavispitt.com

</td><td>

David A. Bragdon
Jacob D. Pugh
OFFICE OF THE UNITED
  STATES ATTORNEY
150 Fayetteville Street, Suite 2100
Raleigh, NC  27601
Telephone: (919) 856-4530
usance.ecfappeals@usdoj.gov
jacob.pugh@usdoj.gov

</td></tr>
<tr><td>

*Counsel for Appellant*

</td><td>

*Counsel for Appellee*

</td></tr>
</table>

**<u>TABLE OF CONTENTS</u>**
**Joint Appendix Volume I of II**

Page:

District Court Docket Sheet [5:23-cr-00014-M-KS-1]..................................JA1

Criminal Complaint,
with Attachment,
  filed December 13, 2022 [DE1]............................................................JA12

  <u>Attachment</u>:

  Affidavit in Support of Criminal
  Complaint and Arrest Warrant
    sworn December 13, 2022 [DE1] .............................................JA13

Removal to the Eastern District of North Carolina,
with Attachments,
  filed January 5, 2023 [DE3] ....................................................................JA23

  <u>Attachments</u>:

  Waiver of Rule 5 & 5.1 Hearings
    dated December 20, 2022 [DE3-1] ...........................................JA36

  Order Setting Conditions of Release
  and Appearance Bond
    dated December 20, 2022 [DE3-2] ...........................................JA37

**Order Appointing Counsel**
      **filed January 10, 2023 [DE6]** ................................................................JA39

**Defendant's Motion to Continue Initial Appearance**
      **filed January 11, 2023 [DE9]** ................................................................JA40

**Order re: Motion to Continue**
      **filed January 12, 2023 [DE11]** ..............................................................JA44

**Order re: Conditions of Pretrial Release**
      **filed January 19, 2023 [DE21]** ..............................................................JA46

**Warrant for Arrest**
      **filed January 19, 2023 [DE22]** ..............................................................JA50

**Defendant's Motion to Extend Pretrial**
**Motions Deadline and Continue Arraignment**
      **filed February 13, 2023 [DE24]** .............................................................JA51

**Defendant's Unopposed Motion to**
**Extend Pretrial Motions Deadline**
      **filed March 15, 2023 [DE25]** ................................................................JA55

**Executed Arrest Warrant**
      **filed March 30, 2023 [DE29]** ................................................................JA59

Rule 5(c)(3) Criminal Docket Excerpts [1:23-mj-00304-RML],
with Attachments,
    filed April 3, 2023 [DE30]........................................................JA60

    <u>Attachments:</u>

    Removal to the Eastern District of North Carolina,
    with Exhibits,
        dated March 30, 2023 [DE30-1].................................JA62

    Waiver of Rule 5 & 5.1 Hearings
        dated March 30, 2023 [DE30-2].................................JA76

    Order re: Conditions of Pretrial Release
        dated March 31, 2023 [DE30-3].................................JA77

Defendant's Motion to Continue
Initial Appearance on Revocation,
with Proposed Orders
    filed April 5, 2023 [DE31–DE32].........................................JA79

Order re: Motion to Continue
    filed April 5, 2023 [DE33]....................................................JA84

Amended Petition re: Conditions of Pretrial Release
    filed April 19, 2023 [DE35]..................................................JA85

Federal Public Defender's Office's
Motion to Withdraw as Counsel
    filed April 25, 2023 [DE42]..................................................JA86

Bench Warrant for Arrest
    filed April 26, 2023 [DE43]..................................................JA89

**Executed Arrest Warrant**
> **filed April 26, 2023 [DE44]**................................................................**JA90**

**Order re: Motion to Withdraw as Counsel**
> **filed April 26, 2023 [DE45]**................................................................**JA91**

**Rule 5(c)(3) Criminal Docket Excerpts [1:23-mj-00398-PK],**
**with Attachment,**
> **filed April 27, 2023 [DE46]**................................................................**JA92**

> <u>**Attachment:**</u>

> **Removal to the Eastern District of North Carolina,**
> **with Exhibits,**
>> **dated April 26, 2023 [DE46-1]**....................................**JA95**

**Notice of Appearance**
> **filed April 28, 2023 [DE47]**................................................................**JA114**

**Defendant's Motion to Continue Arraignment**
> **filed May 2, 2023 [DE48]**....................................................................**JA115**

**Order Scheduling Preliminary and Detention Hearings**
> **filed May 11, 2023 [DE51]**..................................................................**JA118**

**Defendant's Waiver of Preliminary Hearing**
> **filed May 22, 2023 [DE54]**..................................................................**JA119**

**Defendant's Waiver of Detention Hearing**
> **filed May 22, 2023 [DE55]**..................................................................**JA120**

**Defendant's Waiver of Revocation Hearing**
> **filed May 22, 2023 [DE56]**..................................................................**JA121**

Order re: Pretrial Release and Detention Pending Trial
     filed May 25, 2023 [DE57] ....................................................JA122

Defendant's Motion to Continue Arraignment
     filed June 9, 2023 [DE58] .....................................................JA124

Consent Motion for Protective Order
     filed July 14, 2023 [DE59] ....................................................JA127

Defendant's Motion to Continue Arraignment
     filed July 17, 2023 [DE60] ....................................................JA132

Protective Order
     filed July 24, 2023 [DE61] ....................................................JA135

Transcript of Arraignment and Plea Hearing
before The Honorable Richard E. Myers, II
     on August 23, 2023 [DE84]....................................................JA137

Transcript of Sentencing Hearing
before The Honorable Richard E. Myers, II
     on November 30, 2023 [DE85]...........................................JA159

Judgment in a Criminal Case
     filed November 30, 2023 [DE77] ......................................JA210

**Defendant's *Pro Se* Motion to Appoint New Counsel, with Attachment,**

    **filed December 12, 2023 [DE74]**.......................................................JA217

    <u>**Attachment**</u>:

    **Indictment**

        **dated January 18, 2023 [DE74-1]**...........................................JA218

**Motion to Withdraw and for Appointment of New Counsel on Direct Appeal**

    **filed December 12, 2023 [DE75]**.......................................................JA222

**Notice of Appeal**

    **filed December 12, 2023 [DE76]**.......................................................JA226

**Order Appointing Counsel**

    **filed December 20, 2023 [DE82]**.......................................................JA227

## <u>TABLE OF CONTENTS</u>
## Joint Appendix Volume II of II - Under Seal

**Page:**

**Indictment**
        filed January 18, 2023 [DE15] ............................................................JA228

**Warrant for Arrest**
        filed January 18, 2023 [DE17] ............................................................JA230

**Release Status Report**
        filed April 21, 2023 [DE39]................................................................JA231

**Draft Presentence Investigation Report,**
**with Attached Cover Memo,**
        filed October 24, 2023 [DE63]............................................................JA232

**Government's Objections to Presentence Investigation Report**
        filed November 7, 2023 [DE64] ..........................................................JA245

**Defendant's Objections to Presentence Investigation Report**
        filed November 7, 2023 [DE65] ..........................................................JA246

**Final Presentence Investigation Report**
        filed November 20, 2023 [DE66] ........................................................JA248

**Defendant's Sentencing Memorandum and
Motion for Downward Variance,
with Exhibits,**
    filed November 22, 2023 [DE68] ...................................................... JA262

**<u>Exhibits:</u>**

A.    (1).    **Kingsborough Community College Transcript**
                **dated June 17, 2019 [DE68-1]** .............................. JA271

        (2).    **Letter from Covenant
                House Youth Shelter [DE68-1]** .................................... JA272

        (3).    **Letter from Legacy Treatment Center
                dated March 6, 2023 [DE68-1]** ........................... JA273

        (4).    **Letter from Amazon
                dated March 14, 2023 [DE68-1]** ........................... JA274

        (5).    **Letter from FedEx
                dated March 14, 2023 [DE68-1]** ........................... JA275

        (6).    **Letter from Binnacle House Group Home
                dated March 8, 2023 [DE68-1]** ........................... JA276

        B.    **Photo [DE68-2]** .................................................... JA277

        C.    **Text Messages [DE68-3]** ................................... JA278

        D.    **Text Messages [DE68-4]** ................................... JA279

        E.    **Instagram Screenshot [DE68-5]** ................................... JA280

**Government's Motion for Restitution,**
**with Exhibits,**
>     **filed November 28, 2023 [DE70]** ......................................................JA281

>     **Exhibits:**

>          1.    **Phone Number Change Records [DE70-1]** ...............JA289

>          2.    **Hotel Receipts [DE70-2]** ...............................................JA294

>          3.    **Q.H. Record of Missed Work [DE70-3]**......................JA301

**Statement of Reasons**
>     **filed November 30, 2023 [DE77]** ......................................................JA305

Query    Reports    Utilities    Help    Log Out

APPEAL,CLOSED

# U.S. District Court
## EASTERN DISTRICT OF NORTH CAROLINA (Western Division)
## CRIMINAL DOCKET FOR CASE #: 5:23-cr-00014-M-KS-1

Case title: USA v. Mann

Date Filed: 01/18/2023

Magistrate judge case number: 5:22-mj-02161-RN

Date Terminated: 11/30/2023

---

Assigned to: Chief Judge Richard E. Myers, II
Referred to: US Magistrate Judge Kimberly A Swank

Appeals court case number: 23-4760 USCA

**Defendant (1)**

**Timothy Mann**
*TERMINATED: 11/30/2023*

represented by **Joseph E. Zeszotarski , Jr.**
Gammon, Howard & Zeszotarski, PLLC
115 1/2 West Morgan St.
Raleigh, NC 27601
919-521-5878
Fax: 919-882-1898
Email: jzeszotarski@ghz-law.com
*TERMINATED: 12/20/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**David W. Venable**
Federal Public Defender - EDNC
150 Fayetteville Street Mall, Suite 450
Raleigh, NC 27601
919-856-4236
Fax: 919-856-4477
Email: david_venable@fd.org
*TERMINATED: 04/26/2023*
*Designation: Public Defender or Community Defender Appointment*

**Pending Counts**

Cyberstalking
(1-2)

**Disposition**

36 months imprisonment on Counts 1 and 2; concurrent - 3 years Supervised Release on Counts 1 and 2; concurrent - Special Conditions of Release Imposed - Special Assessment $200 - No Fine - Restitution $2107.13

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

**Disposition**

**JA1**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                                                    **Disposition**

18 U.S.C. § 2261A(2) - Cyberstalking

---

**Plaintiff**

**USA**                                     represented by    **Jake D. Pugh**
                                                            United States Attorney's Office - EDNC
                                                            150 Fayetteville Street, Suite 2100
                                                            Raleigh, NC 27601
                                                            919-856-4530
                                                            Email: jacob.pugh@usdoj.gov
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*
                                                            *Designation: Assistant US Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/13/2022 | 1 | COMPLAINT as to Timothy Mann (1). (Horton, B.) [5:22-mj-02161-RN] (Entered: 12/13/2022) |
| 12/13/2022 | 2 | Arrest Warrant Issued by Magistrate Judge Robert T. Numbers, II in case as to Timothy Mann. Original to US Marshal's Office for service. (Horton, B.) [5:22-mj-02161-RN] (Entered: 12/13/2022) |
| 01/05/2023 | 3 | Rule 5(c)(3) Documents Retrieved from Eastern District of New York as to Timothy Mann. (Attachments: # 1 Waiver of Rule 5, # 2 Order Setting Conditions of Release and Appearance Bond) (Horton, B.) [5:22-mj-02161-RN] (Entered: 01/05/2023) |
| 01/05/2023 | 4 | CJA 23 Financial Affidavit filed in Eastern District of New York by Timothy Mann. (Horton, B.) [5:22-mj-02161-RN] (Entered: 01/05/2023) |
| 01/05/2023 | | TEXT ORDER as to Timothy Mann: Based on the CJA 23 Financial Affidavit submitted by the defendant in the Eastern District of New York, the court provisionally appoints the Office of the Federal Public Defender to represent the defendant. The court directs the defendant to submit an updated CJA 23 Financial Affidavit within 7 days. If the court determines that the defendant is entitled to appointment of counsel the court will take no further action. If the court determines that the defendant does not qualify for appointment of counsel, the court will enter an Order. Entered by Magistrate Judge James E. Gates on 1/5/2023. (Horton, B.) [5:22-mj-02161-RN] (Entered: 01/05/2023) |
| 01/10/2023 | 5 | CJA 23 Financial Affidavit by Timothy Mann. (Horton, B.) [5:22-mj-02161-RN] (Entered: 01/10/2023) |
| 01/10/2023 | | Set Hearing as to Timothy Mann: Initial Appearance set for 1/18/2023 at 10:00 AM in Raleigh - 6th Floor Courtroom before Magistrate Judge James E. Gates. (Horton, B.) [5:22-mj-02161-RN] (Entered: 01/10/2023) |
| 01/10/2023 | 6 | ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to Timothy Mann. Signed by Magistrate Judge James E. Gates on 1/10/2023. (Horton, B.) [5:22-mj-02161-RN] (Entered: 01/10/2023) |
| 01/11/2023 | 7 | Notice of Attorney Appearance: David W. Venable appearing for Timothy Mann . (Venable, David) [5:22-mj-02161-RN] (Entered: 01/11/2023) |
| 01/11/2023 | 8 | Request for discovery filed by Timothy Mann . (Venable, David) [5:22-mj-02161-RN] (Entered: 01/11/2023) |

| 01/11/2023 | 9 | MOTION to Continue *Initial Appearance* filed by Timothy Mann. (Attachments: # 1 Text of Proposed Order) (Venable, David) [5:22-mj-02161-RN] (Entered: 01/11/2023) |
|---|---|---|
| 01/11/2023 | 10 | MOTION For Travel Expenses filed by Timothy Mann. (Attachments: # 1 Text of Proposed Order) (Venable, David) [5:22-mj-02161-RN] (Entered: 01/11/2023) |
| 01/12/2023 | | Reset Hearing as to Timothy Mann: Initial Appearance reset for 1/19/2023 at 10:00 AM in Raleigh - 6th Floor Courtroom before Magistrate Judge James E. Gates. (Horton, B.) [5:22-mj-02161-RN] (Entered: 01/12/2023) |
| 01/12/2023 | | Motion Referred to US Magistrate Judge James E. Gates as to Timothy Mann regarding 10 MOTION For Travel Expenses , 9 MOTION to Continue *Initial Appearance*. Motions referred to James E. Gates. (Horton, B.) [5:22-mj-02161-RN] (Entered: 01/12/2023) |
| 01/12/2023 | 11 | ORDER denying 9 Motion to Continue as to Timothy Mann (1). Signed by Magistrate Judge James E. Gates on 1/12/2023. Counsel should read this order in its entirety for critical information and deadlines. (Horton, B.) [5:22-mj-02161-RN] (Entered: 01/12/2023) |
| 01/12/2023 | | Reset Hearing as to Timothy Mann: Initial Appearance reset for 1/19/2023 at 02:00 PM in Raleigh - 6th Floor Courtroom before Magistrate Judge James E. Gates. (Horton, B.) [5:22-mj-02161-RN] (Entered: 01/12/2023) |
| 01/12/2023 | 12 | ORDER granting 10 Motion for Travel Expenses as to Timothy Mann (1). Signed by Magistrate Judge James E. Gates on 1/12/2023. (Horton, B.) [5:22-mj-02161-RN] (Entered: 01/12/2023) |
| 01/13/2023 | 13 | Pretrial Services Report prepared by the Eastern District Of New York filed by Jay Neely as to Timothy Mann. (Headen, J.) [5:22-mj-02161-RN] (Entered: 01/13/2023) |
| 01/18/2023 | 14 | INDICTMENT as to Timothy Mann (1) counts 1-2. The foreperson's signature has been redacted pursuant to the E-Government Act. The unredacted version of this document has been filed under seal. (Herrmann, L.) (Entered: 01/19/2023) |
| 01/18/2023 | 15 | Unredacted Document - 14 Indictment. (Herrmann, L.) (Entered: 01/19/2023) |
| 01/18/2023 | 16 | Warrant Requested by USA as to Timothy Mann. (Herrmann, L.) (Entered: 01/19/2023) |
| 01/18/2023 | 17 | Arrest Warrant Issued by Peter A. Moore, Jr., Clerk of Court in case as to Timothy Mann. Original to US Marshal's Office for service. (Herrmann, L.) (Entered: 01/19/2023) |
| 01/18/2023 | 18 | Penalty Sheet *(Selected Participants Only)* as to Timothy Mann. (Herrmann, L.) (Entered: 01/19/2023) |
| 01/19/2023 | | **ORAL ORDER REGARDING DUE PROCESS PROTECTIONS ACT as to Timothy Mann. Entered by Magistrate Judge James E. Gates on 1/19/2023. (Horton, B.) (Entered: 01/19/2023)** |
| 01/19/2023 | 19 | **ORDER REGARDING DUE PROCESS PROTECTIONS ACT as to Timothy Mann. Signed by Magistrate Judge James E. Gates on 1/19/2023. (Horton, B.) (Entered: 01/19/2023)** |
| 01/19/2023 | | **ORAL ORDER as to Timothy Mann: The court directs that that Arrest Warrant issued in this case be QUASHED. Entered by Magistrate Judge James E. Gates on 1/19/2023. (Horton, B.) (Entered: 01/19/2023)** |
| 01/19/2023 | 20 | Minute Entry for proceedings held before Magistrate Judge James E. Gates in Raleigh.Initial Appearance as to Timothy Mann held on 1/19/2023. Assistant U.S. Attorney present for government. Defendant present with counsel. Defendant advised of rights, charges, and maximum punishments. Government does not seek detention. The court confirmed to counsel for the government and for defendants both orally and in writing the disclosure obligation of the prosecution under Brady and its progeny and possible consequences of violation of the obligation under applicable law. The court enters an order adopting the Conditions of Release as issued by the Eastern District of New York and adds additional conditions. The government withdraws its arrest warrant. The court directs that the arrest warrant issued be QUASHED. Defendant released on Conditions of Release. (Court Reporter - FTR) (Horton, B.) (Entered: 01/19/2023) |
| 01/19/2023 | 21 | **ORDER Adopting Conditions of Release as ordered by the Eastern District of New York. Signed by Magistrate Judge James E. Gates on 1/19/2023. (Horton, B.) (Entered: 01/19/2023)** |

| | | |
|---|---|---|
| 01/19/2023 | 22 | Arrest Warrant Returned Executed on 1/19/23 as to Timothy Mann. (Powers, S.) (Entered: 01/23/2023) |
| 01/24/2023 | 23 | **SCHEDULING ORDER as to Timothy Mann: Arraignment set for 3/21/2023 term in Wilmington Courtroom 160 before Chief Judge Richard E. Myers II. The attorneys are ORDERED to conduct a pre-trial conference on or before January 30, 2023. Motions due by 2/13/2023. Response to Motion due by 2/27/2023. Signed by Magistrate Judge Kimberly A. Swank on 1/24/2023.** Counsel should read the order in its entirety for additional information. (Lopez, R.) (Entered: 01/24/2023) |
| 02/13/2023 | 24 | MOTION for Extension of Time to Extend Pre-Trial Motions Deadline until March 15, 2023, MOTION to Continue *Arraignment* filed by Timothy Mann. (Attachments: # 1 Text of Proposed Order) (Venable, David) (Entered: 02/13/2023) |
| 02/14/2023 | | **TEXT ORDER as to Timothy Mann - For good cause shown, Defendant's first unopposed motion to extend the pretrial-motions deadline and to continue the arraignment and trial is GRANTED. Defendant shall be allowed until March 15, 2023 to file pretrial motions, and the Government shall file any responses to pretrial motions by March 29, 2023. Defendant's arraignment is continued until the April 25, 2023 term of court. The court has determined that the ends of justice served by granting the motion outweigh the best interests of the public and Defendant in a speedy trial. Any delay occasioned by granting the motion shall therefore be excluded in computing Defendant's speedy-trial time. See 18 U.S.C. § 3161(h)(7). Entered by Chief Judge Richard E. Myers II on 2/14/2023.** (Powers, S.) (Entered: 02/14/2023) |
| 02/14/2023 | | Reset Hearing as to Timothy Mann: Arraignment reset for the 4/25/2023 term in Wilmington Courtroom 160 before Chief Judge Richard E. Myers II. (Powers, S.) (Entered: 02/14/2023) |
| 03/15/2023 | 25 | MOTION for Extension of Time to Extend Pre-Trial Motions Deadline until March 29, 2023 filed by Timothy Mann. (Attachments: # 1 Text of Proposed Order) (Venable, David) (Entered: 03/15/2023) |
| 03/15/2023 | | **TEXT ORDER as to Timothy Mann - For good cause shown, Defendant's second unopposed motion to extend the pretrial-motions deadline is GRANTED. Defendant shall be allowed until March 29, 2023 to file pretrial motions, and the Government shall file any responses to pretrial motions by April 12, 2023. The court has determined that the ends of justice served by granting the motion outweigh the best interests of the public and Defendant in a speedy trial. Any delay occasioned by granting the motion shall therefore be excluded in computing Defendant's speedy-trial time. See 18 U.S.C. § 3161(h)(7). Entered by Chief Judge Richard E. Myers II on 3/15/2023.** (Powers, S.) (Entered: 03/15/2023) |
| 03/30/2023 | | Notice of Hearing as to Timothy Mann: Arraignment set for 4/25/2023 at 10:00 AM in Wilmington Courtroom 160 before Chief Judge Richard E. Myers II. *Motions to continue and in limine shall be filed **five (5) business** days before the **start** of a term of court. Any motion of a non-emergency nature filed after that date must be received in the Clerks Office by **4:00 PM** on the date filed and will be heard in open court at the start of the session, at which time all parties and counsel must be present. **All** requests for changes to the calendar must be made by motion for the courts consideration with a proposed order. Any requests made for changes made via email will not be considered.* Click here for court calendar. (Powers, S.) (Entered: 03/30/2023) |
| 03/30/2023 | 29 | Arrest Warrant Returned Executed on 3/29/23 as to Timothy Mann. (Powers, S.) (Entered: 03/30/2023) |
| 04/03/2023 | 30 | Rule 5(c)(3) Documents Received from Eastern District of New York as to Timothy Mann. (Attachments: # 1 Removal to the Eastern District of North Carolina Affidavit, # 2 Waiver of Rule 5 & 5.1 Hearings, # 3 Order Setting Conditions of Release) (Powers, S.) (Entered: 04/03/2023) |
| 04/03/2023 | | Arrest of Timothy Mann in the Eastern District of New York. (Powers, S.) (Entered: 04/03/2023) |
| 04/03/2023 | | Set Hearing as to Timothy Mann: Initial Appearance on Revocation of Pretrial Release set for 4/7/2023 at 10:00 AM in Raleigh - 5th Floor Courtroom before Magistrate Judge Robert T. Numbers II. (Pendergrass, C) (Entered: 04/03/2023) |
| 04/05/2023 | 31 | MOTION to Continue *Initial Appearance on Revocation* filed by Timothy Mann. (Attachments: # 1 Text of Proposed Order) (Venable, David) (Entered: 04/05/2023) |

<div align="center">JA4</div>

| 04/05/2023 | | Motion Referred to US Magistrate Judge Robert T. Numbers, II as to Timothy Mann regarding 31 MOTION to Continue *Initial Appearance on Revocation*. Motions referred to Robert T. Numbers, II. (Powers, S.) (Entered: 04/05/2023) |
|---|---|---|
| 04/05/2023 | 32 | Proposed Order by Timothy Mann regarding 31 MOTION to Continue *Initial Appearance on Revocation Amended proposed order to remove the word "unopposed"* filed by Timothy Mann. (Venable, David) (Entered: 04/05/2023) |
| 04/05/2023 | 33 | **ORDER granting 31 Motion to Continue Initial Appearance on Revocation of Pretrial Release as to Timothy Mann (1). Signed by Magistrate Judge Robert T. Numbers, II on 4/5/2023. (Pendergrass, C) (Entered: 04/05/2023)** |
| 04/05/2023 | | Reset Hearing as to Timothy Mann: Initial Appearance on Revocation of Pretrial Release set for 4/21/2023 at 10:00 AM in Raleigh - 6th Floor Courtroom before Magistrate Judge Brian S. Meyers. (Pendergrass, C) (Entered: 04/05/2023) |
| 04/17/2023 | 34 | Release Status Report Report as to Timothy Mann. (Coleman, S.) (Entered: 04/17/2023) |
| 04/19/2023 | 35 | AMENDED PETITION and ORDER for Action on Conditions of Pretrial Release as to Timothy Mann. Signed by Magistrate Judge James E. Gates on 4/19/2023. (Horton, B.) (Entered: 04/19/2023) |
| 04/20/2023 | | **CHANGE IN HEARING TIME***Reset Hearing as to Timothy Mann: Initial Appearance on Revocation of Pretrial Release reset for 4/21/2023 at 11:00 AM in Raleigh - 6th Floor Courtroom before Magistrate Judge Brian S. Meyers. (Horton, B.) (Entered: 04/20/2023) |
| 04/21/2023 | 39 | Release Status Report Report as to Timothy Mann. (Coleman, S.) (Entered: 04/21/2023) |
| 04/21/2023 | 40 | Minute Entry for proceedings held before Magistrate Judge Brian S. Meyers in Raleigh.Docket Call for Initial Appearance on Revocation of Pretrial Release as to Timothy Mann held on 4/21/2023. Assistant U.S. Attorney present for government. Defendant, although fully advised of the time and place of today's hearing, failed to appear. Defense counsel present. The court issues a Bench Warrant for defendant's arrest. (Court Reporter - FTR) (Horton, B.) (Entered: 04/21/2023) |
| 04/21/2023 | | Terminate Initial Appearance on Revocation of Pretrial Release as to Timothy Mann. Defendant did not appear for hearing. (Horton, B.) (Entered: 04/21/2023) |
| 04/21/2023 | 41 | Bench Warrant Issued by Magistrate Judge Brian S. Meyers in case as to Timothy Mann. Original to US Marshal's Office for service. (Horton, B.) (Entered: 04/21/2023) |
| 04/25/2023 | | Minute Entry for proceedings held before Chief Judge Richard E. Myers II in Wilmington, NC: Docket Call for arraignment as to Timothy Mann held on 4/25/2023. Counsel for the defendant moves to continue the arraignment and to withdraw as counsel. Court grants the motion to continue and the arraignment is reset for 5/9/2023 at 10:00 AM in Wilmington Courtroom 160 before Chief Judge Richard E. Myers II. Court denies the motion to withdraw but will allow counsel to file a written motion with more information regarding the reasons. (Court Reporter - Risa Kramer - Official Court Reporter) (Powers, S.) (Entered: 04/25/2023) |
| 04/25/2023 | | ORAL MOTION to Continue Arraignment and to Withdraw as Attorney by David Venable filed by Timothy Mann. (Powers, S.) (Entered: 04/25/2023) |
| 04/25/2023 | | **ORAL ORDER granting Oral Motion to Continue Arraignment and denying Motion to Withdraw as Attorney as to Timothy Mann. Entered by Chief Judge Richard E. Myers II on 4/25/2023.** (Powers, S.) (Entered: 04/25/2023) |
| 04/25/2023 | 42 | MOTION to Withdraw as Attorney by David W. Venable. filed by Timothy Mann. (Attachments: # 1 Text of Proposed Order) (Venable, David) (Entered: 04/25/2023) |
| 04/26/2023 | | Motion Submitted to Chief Judge Richard E. Myers II as to Timothy Mann regarding 42 MOTION to Withdraw as Attorney by David W. Venable.. (Powers, S.) (Entered: 04/26/2023) |
| 04/26/2023 | 43 | Bench Warrant Returned Executed on 4/26/23 as to Timothy Mann. (Powers, S.) (Entered: 04/27/2023) |
| 04/26/2023 | 44 | Arrest Warrant Returned Executed on 4/26/23 as to Timothy Mann. (Powers, S.) (Entered: 04/27/2023) |

| 04/26/2023 | 45 | **ORDER granting 42 Motion to Withdraw as Attorney as to Timothy Mann. David W. Venable is granted leave to withdraw as counsel for Defendant. The Office of the Federal Public Defender is directed to appoint new counsel to represent Defendant in the above-captioned case. Signed by Chief Judge Richard E. Myers II on 4/26/2023.** (Powers, S.) (Entered: 04/27/2023) |
|---|---|---|
| 04/26/2023 | | Arrest of Timothy Mann in Eastern District of New York. (Powers, S.) (Entered: 04/27/2023) |
| 04/27/2023 | 46 | Rule 5(c)(3) Documents - Docket - Received from Eastern District of New York as to Timothy Mann. (Attachments: # 1 Removal to the Eastern District of North Carolina Affidavit, # 2 Commitment to Another District) (Powers, S.) (Entered: 04/27/2023) |
| 04/28/2023 | 47 | Notice of Attorney Appearance: Joseph E. Zeszotarski, Jr appearing for Timothy Mann . (Zeszotarski, Joseph) (Entered: 04/28/2023) |
| 05/02/2023 | 48 | MOTION to Continue *Arraignment* filed by Timothy Mann. (Attachments: # 1 Text of Proposed Order) (Zeszotarski, Joseph) (Entered: 05/02/2023) |
| 05/02/2023 | | **TEXT ORDER as to Timothy Mann - For good cause shown, Defendant's fourth unopposed motion to continue the arraignment and trial is GRANTED. Defendant's arraignment is continued until the June 20, 2023 term of court. The court has determined that the ends of justice served by granting the motion outweigh the best interests of the public and Defendant in a speedy trial. Any delay occasioned by granting the motion shall therefore be excluded in computing Defendant's speedy-trial time. See 18 U.S.C. § 3161(h)(7). Entered by Chief Judge Richard E. Myers II on 5/2/2023.** (Powers, S.) (Entered: 05/02/2023) |
| 05/02/2023 | | Reset Hearing as to Timothy Mann: Arraignment reset for the 6/20/2023 term in Wilmington Courtroom 160 before Chief Judge Richard E. Myers II. (Powers, S.) (Entered: 05/02/2023) |
| 05/09/2023 | | Set Hearing as to Timothy Mann: Initial Appearance on Revocation Proceedings set for 5/11/2023 at 10:00 AM in Raleigh - 6th Floor Courtroom before Magistrate Judge James E. Gates. (Horton, B.) (Entered: 05/09/2023) |
| 05/11/2023 | | ORAL MOTION for Detention filed by USA as to Timothy Mann. (Horton, B.) (Entered: 05/11/2023) |
| 05/11/2023 | | **ORAL ORDER REGARDING DUE PROCESS PROTECTIONS ACT as to Timothy Mann. Entered by Magistrate Judge James E. Gates on 5/11/2023. (Horton, B.) (Entered: 05/11/2023)** |
| 05/11/2023 | 49 | **ORDER REGARDING DUE PROCESS PROTECTIONS ACT as to Timothy Mann. Signed by Magistrate Judge James E. Gates on 5/11/2023. (Horton, B.) (Entered: 05/11/2023)** |
| 05/11/2023 | 50 | Minute Entry for proceedings held before Magistrate Judge James E. Gates in Raleigh.Initial Appearance regarding Revocation of Pretrial Release as to Timothy Mann held on 5/11/2023. Assistant U.S. Attorney present for government. Defendant present with counsel. Defendant advised of rights, charges, and maximum punishments. Government moves for detention. Preliminary, Detention and Revocation Hearings set for 5/17/2023 at 10:00 AM in Raleigh - 6th Floor Courtroom before Magistrate Judge James E. Gates. The court confirmed to counsel for the government and for defendants both orally and in writing the disclosure obligation of the prosecution under Brady and its progeny and possible consequences of violation of the obligation under applicable law. Defendant remanded to the custody of the U.S. Marshal. (Court Reporter - FTR) (Horton, B.) (Entered: 05/11/2023) |
| 05/11/2023 | 51 | **ORDER OF TEMPORARY DETENTION as to Timothy Mann. Preliminary, Detention and Revocation Hearings set for 5/17/2023 at 10:00 AM in Raleigh - 6th Floor Courtroom before Magistrate Judge James E. Gates. Signed by Magistrate Judge James E. Gates on 5/11/2023. (Horton, B.) (Entered: 05/11/2023)** |
| 05/17/2023 | 52 | Minute Entry for proceedings held before Magistrate Judge James E. Gates in Raleigh.Docket Call for Preliminary, Detention and Revocation of Pretrial Release hearings as to Timothy Mann held on 5/17/2023. Assistant U.S. Attorney present for government. Defendant present with counsel. Defendant moves to continue his preliminary, detention and revocation hearings. The court allows defendants motion to continue. Preliminary, Detention and Revocation of Pretrial Release Hearings continued to 5/22/2023 at 10:00 AM in Raleigh - 6th Floor Courtroom before Magistrate Judge Brian S. Meyers. The Court finds that any delay resulting from the continuance of this matter shall be |

| | | |
|---|---|---|
| | | excluded from the Speedy Trial Act computation pursuant to 18 U.S.C. § 3161(h)(7)(A) for the reason that the ends of justice served by granting this continuance outweigh the best interest of the public and the defendant in a speedy trial. Defendant remanded to the custody of the U.S. Marshal. (Court Reporter - FTR) (Horton, B.) (Entered: 05/17/2023) |
| 05/17/2023 | | ORAL MOTION to Continue filed by Timothy Mann. (Horton, B.) (Entered: 05/17/2023) |
| 05/17/2023 | | **ORAL ORDER granting Oral Motion to Continue as to Timothy Mann (1). Entered by Magistrate Judge James E. Gates on 5/17/2023. (Horton, B.) (Entered: 05/17/2023)** |
| 05/22/2023 | 53 | Minute Entry for proceedings held before Magistrate Judge Brian S. Meyers in Raleigh. Preliminary,Detention, and Revocation of Pretrial Release as to Timothy Mann held on 5/22/2023. Assistant U.S. Attorney present for government. Defendant present with counsel.The defendant waives his preliminary and detention hearings. The court finds that the defendant knowingly and voluntarily provides his Waiver of Preliminary Hearing, Waiver of Detention Hearing and Waiver of Revocation Hearing. The court accepts defendants waivers. The court finds that probable cause exists to support the charges against defendant. The government's motion for detention is allowed. The court finds that the defendant has violated the terms of his pretrial release conditions. The court revokes the defendant's Conditions of Release. Defendant ordered detained and remanded to the custody of the U.S. Marshal. (Court Reporter - FTR) (Horton, B.) (Entered: 05/22/2023) |
| 05/22/2023 | 54 | Waiver of Preliminary Hearing by Timothy Mann. (Horton, B.) (Entered: 05/22/2023) |
| 05/22/2023 | 55 | Waiver of Detention Hearing by Timothy Mann. (Horton, B.) (Entered: 05/22/2023) |
| 05/22/2023 | 56 | Waiver of Revocation Hearing by defendant Timothy Mann. (Horton, B.) (Entered: 05/22/2023) |
| 05/22/2023 | | **ORAL ORDER granting Oral Motion for Detention Pending Trial as to Timothy Mann (1). Entered by Magistrate Judge Brian S. Meyers on 5/22/2023. (Horton, B.) (Entered: 05/22/2023)** |
| 05/25/2023 | 57 | **ORDER OF REVOCATION OF PRETRIAL RELEASE AND FOR DETENTION PENDING TRIAL as to Timothy Mann (1). Signed by Magistrate Judge Brian S. Meyers on 5/25/2023.** (Horton, B.) (Entered: 05/25/2023) |
| 05/26/2023 | | Notice of Hearing as to Timothy Mann: Arraignment set for 6/21/2023 at 10:00 AM in Wilmington Courtroom 160 before Chief Judge Richard E. Myers II. *Motions to continue and in limine shall be filed **five (5) business** days before the **start** of a term of court. Any motion of a non-emergency nature filed after that date must be received in the Clerks Office by **4:00 PM** on the date filed and will be heard in open court at the start of the session, at which time all parties and counsel must be present. **All** requests for changes to the calendar must be made by motion for the courts consideration with a proposed order. Any requests made for changes made via email will not be considered.* Click here for court calendar. (McNally, Kimberly) (Entered: 05/26/2023) |
| 06/09/2023 | 58 | MOTION to Continue *Arraignment* filed by Timothy Mann. (Attachments: # 1 Text of Proposed Order) (Zeszotarski, Joseph) (Entered: 06/09/2023) |
| 06/12/2023 | | **TEXT ORDER as to Timothy Mann: For good cause shown, Defendant's FOURTH unopposed motion to continue the arraignment and trial is GRANTED. Defendant's arraignment is continued until the July 25, 2023 term of court. The court has determined that ends of justice served by granting the motion outweigh the best interests of the public and Defendant in a speedy trial. Any delay occasioned by granting the motion shall therefore be excluded in computing Defendant's speedy-trial time. See 18 U.S.C. § 3161(h)(7). Entered by Chief Judge Richard E. Myers II on 6/12/2023.** (Shoe, A) (Entered: 06/12/2023) |
| 06/12/2023 | | Reset Hearings as to Timothy Mann: Arraignment reset for 7/25/2023 term in Wilmington Courtroom 160 before Chief Judge Richard E. Myers II. (Shoe, A) (Entered: 06/12/2023) |
| 07/10/2023 | | Notice of Hearing as to Timothy Mann: Arraignment set for 7/26/2023 at 10:00 AM in Wilmington Courtroom 160 before Chief Judge Richard E. Myers II. *Motions to continue and in limine shall be filed **five (5) business** days before the **start** of a term of court. Any motion of a non-emergency nature filed after that date must be received in the Clerks Office by **4:00 PM** on the date filed and will be heard in open court at the start of the session, at which time all parties and counsel must be present. **All** requests for changes to the calendar must be made by motion for the courts consideration with a* |

JA7

| | | |
|---|---|---|
| | | *proposed order. Any requests made for changes made via email will not be considered.* <u>Click here for court calendar</u>. (McNally, Kimberly) (Entered: 07/10/2023) |
| 07/14/2023 | <u>59</u> | Consent MOTION for Protective Order filed by USA as to Timothy Mann. (Attachments: # <u>1</u> Text of Proposed Order) (Pugh, Jake) (Entered: 07/14/2023) |
| 07/17/2023 | | Motion Submitted to Chief Judge Richard E. Myers II as to Timothy Mann regarding <u>59</u> Consent MOTION for Protective Order . (Shoe, A) (Entered: 07/17/2023) |
| 07/17/2023 | <u>60</u> | MOTION to Continue *Arraignment* filed by Timothy Mann. (Attachments: # <u>1</u> Text of Proposed Order) (Zeszotarski, Joseph) (Entered: 07/17/2023) |
| 07/18/2023 | | **TEXT ORDER as to Timothy Mann: For good cause shown, Defendant's fifth, unopposed motion to continue the arraignment and trial is GRANTED. Defendant's arraignment is continued until the 8/22/2023 term of court. The court has determined that the ends of justice served by granting the motion outweigh the best interests of the public and Defendant in a speedy trial. Any delay occasioned by granting the motion shall therefore be excluded in computing Defendant's speedy-trial time. See 18 U.S.C. § 3161(h)(7). Entered by Chief Judge Richard E. Myers II on 7/18/2023.** (Shoe, A) (Entered: 07/18/2023) |
| 07/18/2023 | | Reset Hearings as to Timothy Mann: Arraignment reset for 8/22/2023 term in Wilmington Courtroom 160 before Chief Judge Richard E. Myers II. (Shoe, A) (Entered: 07/18/2023) |
| 07/24/2023 | <u>61</u> | **ORDER granting <u>59</u> Motion for Protective Order as to Timothy Mann. Signed by Chief Judge Richard E. Myers II on 7/24/2023.** (Shoe, A) (Entered: 07/24/2023) |
| 08/01/2023 | | Notice of Hearing as to Timothy Mann: Arraignment set for 8/23/2023 at 10:00 AM in Wilmington Courtroom 160 before Chief Judge Richard E. Myers II. *Motions to continue and in limine shall be filed* **five (5) business** *days before the* ***start*** *of a term of court. Any motion of a non-emergency nature filed after that date must be received in the Clerks Office by* ***4:00 PM*** *on the date filed and will be heard in open court at the start of the session, at which time all parties and counsel must be present.* ***All*** *requests for changes to the calendar must be made by motion for the courts consideration with a proposed order. Any requests made for changes made via email will not be considered.* <u>Click here for court calendar</u>. (McNally, Kimberly) (Entered: 08/01/2023) |
| 08/23/2023 | <u>62</u> | Minute Entry for proceedings held before Chief Judge Richard E. Myers II in Wilmington: Arraignment as to Timothy Mann (1) held on 8/23/2023. Defendant present with Counsel and Assistant US Attorney present for the Government. Defendant Sworn - Competent - Rule 11 conducted. Plea entered: Guilty as to Counts 1 and 2. Defendant advised of rights, charges and maximum penalties. Sentencing set for the 11/28/2023 term in Wilmington Courtroom 160 before Chief Judge Richard E. Myers II. Defendant remanded to custody. (Court Reporter Risa Kramer) (Shoe, A) (Entered: 08/23/2023) |
| 10/24/2023 | <u>63</u> | DRAFT PRESENCE INVESTIGATION REPORT (Sealed) as to Timothy Mann. (Attachments: # <u>1</u> Supplement Cover Memo Objections Due 11/07/2023) (Assenat, C.) (Entered: 10/24/2023) |
| 11/01/2023 | | Notice of Hearing as to Timothy Mann: **PLEASE NOTE LOCATION CHANGE TO THE ALTON LENNON FEDERAL BUILDING, 2 PRINCESS STREET, WILMINGTON, NC.** Sentencing set for 11/30/2023 at 10:00 AM in Wilmington - Courtroom 1 before Chief Judge Richard E. Myers II. *Motions to continue and in limine shall be filed* **five (5) business** *days before the* ***start*** *of a term of court. Any motion of a non-emergency nature filed after that date must be received in the Clerks Office by* ***4:00 PM*** *on the date filed and will be heard in open court at the start of the session, at which time all parties and counsel must be present.* ***All*** *requests for changes to the calendar must be made by motion for the courts consideration with a proposed order. Any requests made for changes made via email will not be considered.* <u>Click here for court calendar</u>. (McNally, Kimberly) (Entered: 11/01/2023) |
| 11/07/2023 | <u>64</u> | OBJECTIONS TO PRESENCE REPORT as to Timothy Mann regarding <u>63</u> Presence Investigation Report -Draft (Pugh, Jake) (Entered: 11/07/2023) |
| 11/07/2023 | <u>65</u> | OBJECTIONS TO PRESENCE REPORT as to Timothy Mann regarding <u>63</u> Presence Investigation Report -Draft (Zeszotarski, Joseph) (Entered: 11/07/2023) |

| | | |
|---|---|---|
| 11/20/2023 | 66 | PRESENTENCE INVESTIGATION REPORT (Sealed) as to Timothy Mann. (Assenat, C.) (Entered: 11/20/2023) |
| 11/22/2023 | 68 | SEALED Document by Timothy Mann (Attachments: # 1 Exhibit A -- background documents, # 2 Exhibit B -- photo, # 3 Exhibit C -- messages, # 4 Exhibit D -- messages, # 5 Exhibit E -- message) (Zeszotarski, Joseph) Modified on 11/29/2023 to remove "proposed" from docket text pursuant to text order entered on 11/29/2023. (Shoe, A). (Entered: 11/22/2023) |
| 11/22/2023 | 69 | MOTION to Seal 68 PROPOSED SEALED Document filed by Timothy Mann. (Attachments: # 1 Text of Proposed Order) (Zeszotarski, Joseph) (Entered: 11/22/2023) |
| 11/28/2023 | 70 | SEALED MOTION by USA as to Timothy Mann (Attachments: # 1 Exhibit 1 - Phone Number Change Records, # 2 Exhibit 2 - Hotel Receipts, # 3 Exhibit 3 - Record of Missed Work) (Pugh, Jake) Modified on 11/29/2023 to remove "proposed" from docket text pursuant to text order entered on 11/29/2023. (Shoe, A). (Entered: 11/28/2023) |
| 11/28/2023 | 71 | MOTION to Seal 70 PROPOSED SEALED MOTION by USA as to Timothy Mann filed by USA as to Timothy Mann. (Attachments: # 1 Text of Proposed Order) (Pugh, Jake) (Entered: 11/28/2023) |
| 11/29/2023 | | **TEXT ORDER as to Timothy Mann (1): This matter comes before the court on the Defendant's Motion to Seal 71 . Pursuant to Local Criminal Rule 55.2 and based on information set forth in the proposed sealed document, the motion is GRANTED. The Clerk of the Court shall maintain under seal the document at DE 70 until further order of the court. Counsel for the parties may have copies of DE 70 at their request. Entered by Chief Judge Richard E. Myers II on 11/29/2023.** (Shoe, A) (Entered: 11/29/2023) |
| 11/29/2023 | | **TEXT ORDER as to Timothy Mann (1): This matter comes before the court on the Defendant's Motion to Seal 69 . Pursuant to Local Criminal Rule 55.2 and based on information set forth in the proposed sealed document, the motion is GRANTED. The Clerk of the Court shall maintain under seal the document at DE 68 until further order of the court. Counsel for the parties may have copies of DE 68 at their request. Entered by Chief Judge Richard E. Myers II on 11/29/2023.** (Shoe, A) (Entered: 11/29/2023) |
| 11/30/2023 | 72 | Minute Entry for proceedings held before Chief Judge Richard E. Myers II in Wilmington: Sentencing held on 11/30/2023 for Timothy Mann (1). Defendant present with Counsel and Assistant US Attorney present for the Government. Counts 1 and 2: 36 months imprisonment (36 months on each of Counts 1 and 2; to run concurrently) - 3 years Supervised Release ( 3 years on each of Counts 1 and 2; to run concurrently) - Special Conditions of Release Imposed - Special Assessment $200 - No Fine - Restitution $2107.13. Defendant advised of appellate rights - Defendant remanded to custody of U.S. Marshal. (Court Reporter Risa Kramer) (Shoe, A) (Entered: 12/01/2023) |
| 11/30/2023 | 77 | **JUDGMENT as to Timothy Mann: Counts 1 and 2: 36 months imprisonment on Counts 1 and 2 to run concurrent - 3 years Supervised Release on Counts 1 and 2 to run concurrent - Special Conditions of Release Imposed - Special Assessment $200 - No Fine - Restitution $2107.13. Signed by Chief Judge Richard E. Myers, II on 12/12/2023.** (Lee, L.) (Entered: 12/13/2023) |
| 12/12/2023 | 74 | Pro Se MOTION to Appoint New Counsel to Assist In Appealing Conviction filed by Timothy Mann. (Attachments: # 1 DE 14 with Notations, # 2 Envelope) (Reznick, Debra) (Entered: 12/12/2023) |
| 12/12/2023 | 75 | MOTION to Withdraw as Attorney *and for Appointment of New Counsel on Direct Appeal* by Joseph E. Zeszotarski, Jr.. filed by Timothy Mann. (Attachments: # 1 Text of Proposed Order) (Zeszotarski, Joseph) (Entered: 12/12/2023) |
| 12/12/2023 | 76 | Notice of Appeal filed by Timothy Mann. (Zeszotarski, Joseph) (Entered: 12/12/2023) |
| 12/12/2023 | | Motion Submitted to Chief Judge Richard E. Myers II as to Timothy Mann regarding 74 MOTION to Appoint Counsel, 75 MOTION to Withdraw as Attorney *and for Appointment of New Counsel on Direct Appeal*, 76 Notice of Appeal. (Shoe, A) (Entered: 12/12/2023) |
| 12/18/2023 | 79 | Transmission of Notice of Appeal and Docket Sheet as to Timothy Mann to US Court of Appeals regarding 76 Notice of Appeal - Final Judgment.NOTE: The Docketing Statement and Transcript Order Form, if you are court appointed counsel, are available on our website at website. (Foell, S.) (Entered: 12/18/2023) |

**JA9**

| 12/19/2023 | 81 | US Court of Appeals Case Number 23-4760 (Jeffrey Neal, Case Manager) for defendant Timothy Mann as to 76 Notice of Appeal - Final Judgment filed by Timothy Mann. (Foell, S.) (Entered: 12/19/2023) |
| --- | --- | --- |
| 12/20/2023 | 82 | **ORDER as to Timothy Mann (1): The matter comes before the court on Defendant's counsel's motion to withdraw [DE 75]. For good cause shown, the motion is GRANTED. The court terminates the moving attorney's representation of Defendant in this matter. The Federal Public Defender's Office shall appoint substitute counsel to represent Defendant on appeal. Signed by Chief Judge Richard E. Myers II on 12/19/2023.** Copy sent to Federal Public Defender's Office. (Shoe, A) (Entered: 12/20/2023) |
| 12/21/2023 | 83 | ORDER of US Court of Appeals (certified copy) as to Timothy Mann regarding 76 Notice of Appeal - Final Judgment. The court appoints Ryan M. Gaylord to represent Timothy Mann on appeal. (Indig, A.) (Entered: 12/27/2023) |
| 01/26/2024 | 84 | OFFICIAL TRANSCRIPT as to Timothy Mann for dates of 8/23/2023, Arraignment, before Chief Judge Richard E. Myers II, regarding 76 Notice of Appeal - Final Judgment Court Reporter Risa Kramer. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Does this satisfy all appellate orders for this reporter? - No. Please review Attorney obligations regarding the redaction of electronic transcripts of court proceedings available on the court's website. Redaction Request due 2/19/2024. Redacted Transcript Deadline set for 2/29/2024. Release of Transcript Restriction set for 4/28/2024. (Kramer, R.) (Entered: 01/26/2024) |
| 01/26/2024 | | Notice of Filing of Official Transcript 84 Transcript - Appeal. The parties have seven calendar days from the filing of the transcript to file a Notice of Intent to Request Redaction. The parties must also serve a copy on the court reporter. After filing the Notice of Intent to Request Redaction, a party must submit to the court reporter, within 21 calendar days of the filing of the transcript, a written statement indicating where the personal data identifiers to be redacted appear in the transcript. (Kramer, R.) (Entered: 01/26/2024) |
| 01/29/2024 | 85 | **SEE REDACTED TRANSCRIPT AT DE 87** - OFFICIAL TRANSCRIPT as to Timothy Mann for dates of 11/30/2023, Sentencing Hearing, before Chief Judge Richard E. Myers II, regarding 76 Notice of Appeal - Final Judgment. Court Reporter Risa Kramer. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Does this satisfy all appellate orders for this reporter? - Yes. Please review Attorney obligations regarding the redaction of electronic transcripts of court proceedings available on the court's website. Redaction Request due 2/22/2024. Redacted Transcript Deadline set for 3/3/2024. Release of Transcript Restriction set for 5/1/2024. (Kramer, R.) Modified on 2/2/2024 (Foell, S.). Modified on 2/2/2024 (Foell, S.). (Entered: 01/29/2024) |
| 01/29/2024 | | Notice of Filing of Official Transcript 85 Transcript - Appeal. The parties have seven calendar days from the filing of the transcript to file a Notice of Intent to Request Redaction. The parties must also serve a copy on the court reporter. After filing the Notice of Intent to Request Redaction, a party must submit to the court reporter, within 21 calendar days of the filing of the transcript, a written statement indicating where the personal data identifiers to be redacted appear in the transcript. (Kramer, R.) (Entered: 01/29/2024) |
| 01/30/2024 | 86 | Notice of Intent to Request Redaction of 85 Transcript - Appeal,,, filed by Jake D. Pugh in case as to Timothy Mann. (Pugh, Jake) (Entered: 01/30/2024) |
| 02/02/2024 | 87 | REDACTED OFFICIAL TRANSCRIPT as to Timothy Mann for dates of 11/30/2023, Sentencing Hearing, before Chief Judge Richard E. Myers II, regarding 76 Notice of Appeal - Final Judgment. Court Reporter/ Risa Kramer. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Does this satisfy all appellate orders for this reporter? - Yes. Please review Attorney obligations regarding the redaction of electronic transcripts of court proceedings available on the court's website. Release of Transcript Restriction set for 5/1/2024. Redacts 85 Transcript in case as to Timothy Mann. (Kramer, R.) Modified on 2/2/2024, to note redacted transcript (Foell, S.). (Entered: 02/02/2024) |

| 02/05/2024 | | Notice of Filing of Official Transcript <u>87</u> Redacted Transcript. The parties have seven calendar days from the filing of the transcript to file a Notice of Intent to Request Redaction. The parties must also serve a copy on the court reporter. After filing the Notice of Intent to Request Redaction, a party must submit to the court reporter, within 21 calendar days of the filing of the transcript, a written statement indicating where the personal data identifiers to be redacted appear in the transcript. (Kramer, R.) (Entered: 02/05/2024) |

<table>
<tr><td colspan="4"><strong>PACER Service Center</strong></td></tr>
<tr><td colspan="4"><strong>Transaction Receipt</strong></td></tr>
<tr><td colspan="4">03/07/2024 15:07:38</td></tr>
<tr><td><strong>PACER Login:</strong></td><td>ryanmgaylord</td><td><strong>Client Code:</strong></td><td></td></tr>
<tr><td><strong>Description:</strong></td><td>Docket Report</td><td><strong>Search Criteria:</strong></td><td>5:23-cr-00014-M-KS</td></tr>
<tr><td><strong>Billable Pages:</strong></td><td>12</td><td><strong>Cost:</strong></td><td>1.20</td></tr>
<tr><td><strong>Exempt flag:</strong></td><td>Exempt</td><td><strong>Exempt reason:</strong></td><td>Exempt CJA</td></tr>
</table>

FILED

DEC 1 3 2022

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Eastern District of North Carolina

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| **Timothy Mann** | ) Case No. 5:22-MJ-2161-RN |
| | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of <u>January, 2022 to November, 2022</u> in the county of <u>Wake</u> in the
<u>Eastern</u> District of <u>North Carolina</u>, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 18 U.S.C. 2261A(2) | Cyberstalking |

This criminal complaint is based on these facts:

See attached

☑ Continued on the attached sheet.

_____
*Complainant's signature*

**Michael Neylon, FBI Special Agent**
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 over the telephone.

Date:   <u>December 13, 2022</u>

City and state:   <u>Raleigh, NC</u>

_____
*Judge's signature*

<u>Robert T. Numbers II, United States Magistrate Judge</u>
*Printed name and title*

**JA12**

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF NORTH CAROLINA

### AFFIDAVIT IN SUPPORT OF A
### CRIMINAL COMPLAINT AND ARREST WARRANT

I, Special Agent Michael Neylon, being duly sworn, depose and state that:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been since February 2020. Prior to that, your affiant's assignments and experience include approximately four years of liaison work assigned to the FBI's Criminal Justice Information Services Division (CJIS). This affiant has attended and completed five months of training at the FBI's Training Academy located in Quantico, Virginia. While employed with the FBI, I have investigated and participated in investigations involving federal criminal violations related to drug trafficking and violent crime. I have also received specialized training regarding, and personally participated in, various types of investigative activities related to violent crimes, including, but not limited to, the following: (a) physical surveillance; (b) the debriefing of defendants, witnesses, informants, and other individuals who have knowledge concerning violations of federal laws; (c) the execution of search warrants; and (d) the handling and maintenance of evidence

2. I have consulted extensively with other experienced agents regarding drug trafficking and violent criminal cases. As a result, the knowledge that I have obtained during my law enforcement career has been further informed by other law enforcement agents with experience conducting such investigations. I have also

**JA13**

obtained both my Bachelor of Science degree in Forensic Science, and my Master of Science degree in Criminal Justice from Mercyhurst College, located in Erie, Pennsylvania.

3.    As a Special Agent with the FBI, I am a law enforcement officer of the United States as defined by Title 18, United States Code, Section 2510(7), meaning that I am empowered by law to investigate violations of the laws of the United States, execute warrants issued under the authority of the United States, and make arrests for violations of Federal laws.

4.    The facts and information contained in this affidavit are based upon my training and experience, personal knowledge, and observations during this investigation, as well as the observations of other agents involved in this investigation. This affidavit contains only the information necessary to support probable cause, and it is not intended to include each and every fact and matter observed by me or known to the government.

5.    I make this affidavit in support of a criminal complaint and arrest warrant for **TIMOTHY MANN (MANN)**. Based on the information detailed below, I submit that there is probable cause to believe that, beginning in or around January 2022 and continuing through at least November 2022, **MANN** violated 18 U.S.C. § 2261A(2) (cyberstalking).

2

**JA14**

**PROBABLE CAUSE**

6.     As will be shown below, there is probable cause to believe that **MANN** committed the crime of cyberstalking, in violation of Title 18, United States Code, Section 2261A(2), which occurred within the Eastern District of North Carolina.

7.     Based on my review of law enforcement reports, conversations with other law enforcement officers or agents, witness/victim interviews and my own knowledge of the investigation, I am aware of the following:

8.     Victim 1 is a resident of North Carolina. Victims 2 is Victim 1's mother. Victim 3 is Victim 1's romantic partner. Victim 4 is Victim 1's aunt.

9.     **MANN** and Victim 1 met each other through Instagram, around November of 2021. **MANN** presented himself as someone from New York with no friends or family. Victim 1 thought to befriend **MANN**. But when **MANN**'s behavior started to become erratic, Victim 1 began to distance themself from **MANN**.

10.     In response, in January 2022, **MANN** began sending Victim 1 threatening and harassing messages. Around January 30, 2022, **MANN** approached Victim 1 in person in a Food Lion parking lot demanding to fight. After Victim 1 refused to fight, **MANN** fled the area in his vehicle and side swiped Victim 1's car causing damage to it. Victim 2 then became a target of **MANN**'s messages after reaching out to **MANN** in an attempt to collect money for damages to the car. **MANN** later expanded the threatening and harassing messages to also include Victim 3 and Victim 4.

3

**JA15**

11.    From January through November 2022, **MANN** made numerous phone calls, social media posts, and text messages to the Victims that were threatening, harassing, and unwanted. **MANN**'s communications have included: (a) threats to physically harm Victim 1, Victim 2, Victim 3, Victim 4, and or others; (b) messages intended to harass and annoy Victim 1, Victim 2, Victim 4, and or others; and (c) attempts to obtain information on and locate Victim 1 and Victim 2.

12.    A review of Victim 1 and Victim 2's phone showed that they have received threatening and or harassing messages from numerous Instagram social media accounts, telephone numbers, and email addresses. Victim 1 and Victim 2 were able to attribute these messages to **MANN** based on content specific to **MANN** and his knowledge of Victim 1. These messages have persisted despite Victim 1 and Victim 2 relaying to **MANN** to stop contacting them.

13.    In February 2022, the Raleigh Police Department issued a State Arrest Warrant for **MANN** for Stalking, and Communicating Threats related to the Victims in this complaint.

14.    In March 2022, the Wake County Sheriff's Office also issued a State Arrest Warrant for **MANN** for Communicating Threats and Misdemeanor Stalking related to the Victims in this complaint.

15.    Many of the communications to Victim 1 included threatening language utilized by **MANN**. Here is a small sample of these messages:

a.    Around the February-March 2022 timeframe, Victim 1 received an Instagram message from drewjackson781 that stated, "[Victim 1] im over her by

4

**JA16**

your way right now i know u think im trolling and playing with u im dead serious u will see".

b.    Around the February-March 2022 timeframe, Victim 1 received an Instagram message from drewjackson781 that stated, "[Victim 1], i hope ya white daughter is with u when i take u out so her last memory is her [Victim 1] getting his brains out".

c.    Around the February-March 2022 timeframe, Victim 1 received an Instagram message from drewjackson781 that stated, "[Victim 1] im with all the smoke just now that u think this is a game i know ya peeping that's the point im going strike when u least now it u aint gone be up on all night".

d.    Around the February-March 2022 timeframe, Victim 1 received an Instagram message from drewjackson781 that stated, "i hope ya daughtee will be with you when i kill u [Victim 1] spladdee ya brains right infront of her white ass".

16.    Victim 2 also received many communications from **MANN** that included threatening and harassing language.  In some, **MANN** included attachments to show he was or had been at Victim 2's home.  Here is a small sample of these messages:

a.    On approximately March 10, 2022, Victim 2 received a social media message sent from Instagram account betty4233davis that stated, "titty [Victim 2] bullets go threw windows houses and cars im just getting started". This post accompanied a video showing that beety4233davis was out front of Victim 1 and Victim 2's residence at the time.

5

**JA17**

b.    Approximately on March 10, 2022, Victim 2 received a social media message sent from Instagram account betty4233davis that stated, "i promise u i will get even I could spray ya shit up right now idiot but watch when u least expect it 311 gillmane lane 101 u change ya number i know ya name bitch i will get the new one." Again, this post accompanied a video showing that beety4233davis was out front of Victim 1 and Victim 2's residence at the time.

c.    Approximately on October 24, 2022, Victim 2 received a social media message sent from Instagram account twosharptim that stated, "tag the police & who ever u want to tag like that's gone change anything IDGAF u think im playing with u [Victim 2]".  The post later continues with "i promise you be dealt with im gonna end u [Victim 2] u gotta come out the house like I said u gotta a bullseye on ya back and u don't even know when I'm gonna strike just be patient u will see I don't like u I hate u u nd [Victim 1] is a coward and lairs just be patient u will see when u least expect it [Victim 2] im not gone be satisfied to u have holes threw u I'm done discussing it u will see doe stop tagging the police like that's gone save u."

d.    Approximately on October 24, 2022, Victim 2 received a social media message sent from Instagram account twosharptim that within the comments stated, "dont worry I got something for [Victim 1] a** for all of ya im going crash out on ya cause u fucking with my livelihood I should been dealt with dude before I left nc I'm going crash out on ya u don't want those problems none of you nobody is off limits nd im going violate everything of yours don't be surprise or shock cause it's not like i ain't tell u wassup i don't like u I don't like [Victim 1] i really really regret

6

**JA18**

getting indebted with this clown I can't move forward cuz of ya nd i was done wrong but u will see watch nd see I hope you have insurance cuz u will need it [Vitim1][Victim 2] not playing with u i bet u I will have the last laugh !"

   e. Approximately on October 24, 2022, Victim 2 received a social media message sent from Instagram account twosharptim that within the comments included the following statement, "I don't like u [Victim 2] u are a lair the only satisfaction feeling I'm gone get is when u have bullets holes all threw ya body that's will be my get back nd at u nd your [Victim1] like I said when u least expect show whatever u want to the police but i promise on my soul im going shoot u watch nd see [Victim 2] that's how im going get back at [Victim1] I have no remorse with what im going do im going crash out on u u gotta go to your car u gotta leave the house u not up 24hrs out the day i can't wait but u will be dealt with somebody will but my target is u since u wanna end me im gone end u mark my words I don't like u [Victim 2] u are a lair nd u are messed up !"

  17. On February 11, 2022, Victim 3, received an Instagram message from drewjackson781 that stated, "[Victim 3] go to the kitchen and get a knife and slice your throat before i do it its better to get it done now before i do it." The same day, Victim 3 received an Instagram message from berrywashington86 that said, "[Victim 3] and i know where u live im gonna handle u to im gonna shoot u believe that white spic and in the meantime i hope your baby dies and u bleed out and yes i will piss on your child whore."

18.     In November 2022, Victim 4, received the most recent threatening messages from **MANN**. These messages have included plans to harming Victim 1 and Victim 2 on Christmas day 2022, where **MANN** talked about a plan that he has been working on for the past year. **MANN** provided in these messages that he plans on using bear spray and brass knuckles to harm Victim 1 and or Victim 2. Here is a sample of these messages:

a.     During the month of November 2022, Victim 4 received a text message that was sent from an Unknown Number that stated, "Wassup [Victim 4], This Tim".

b.     In November 2022, Victim 4 received multiple text message that were sent from an Unknown Number that stated, "since you all don't want to do the right thing and just drop the charges you jamming me with my job I cant get this promotion you messing with my bread" and continues with "im done tryna be nice or to get you or anybody to understand where im coming from why i did what i did im done with all that", then continues with "im going back to the olde me im on my bull shit". "Everybody will be dealt with trust me on my soul including you 100 and im ready to die if need to be 100 100 100 100 !"

c.     In November 2022, Victim 4 received multiple text message that were sent from an Unknown Number that stated, "im not going to hit your phone no more you will see when it happens ima let my actions just speak for themselves" and then continues with "[Victim 2] and [Victim1] will be dealt with on the christmas" and then stated, "ima Charleston white [Victim 2] & i got some special bear mace for

8

**JA20**

[Victim 2]" the messaging continues on with "ima catch coming out the car" "than i got some special brass knuckles for [Victim 1]" "watch how i turn up on y'all on christmas since yall think im pussy playing watch what i do" and then says, "and if my plan a don't work im going to my plan b and setting that bitch on fire" "than im going to personally turn myself in for it".

       d.     Additionally in November 2022, Victim 4 received text messages that were sent from an Unknown Number that included the following statement, " i been planning this for a whole year on [Victim 1] bitch ass got a whole mastermind plan on for [Victim 1] bitch ass and [Victim 1] not even gonna be able to fathom the shit that's gone happen [Victim 1] and [Victim 2]".

[Remainder of page intentionally left blank]

9



**JA21**

## CONCLUSION

19.    Based on the facts set forth in this affidavit, I submit that there is probable cause to believe that **TIMOTHY MANN** violated 18 U.S.C. § 2261A(2) (cyberstalking).

Respectfully Submitted,

MICHAEL NEYLON
Special Agent
Federal Bureau of Investigation

Pursuant to Rule 4.1 of the Federal Rules of Criminal Procedure, the affiant appeared before me via reliable electronic means, was placed under oath, and attested to the contents of this written affidavit. Dated: December 13, 2022

Robert T. Numbers, II
United States Magistrate Judge

10

**JA22**

AB:AMR

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

      - against -

TIMOTHY MANN,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - X

**REMOVAL TO THE
EASTERN DISTRICT OF
NORTH CAROLINA**

(Fed. R. Crim. P. 5)

Case No. 22-MJ-1355

EASTERN DISTRICT OF NEW YORK, SS:

      David ~~Sferrazza~~ Sferrazza DS, being duly sworn, deposes and states that he is a Special Agent

with the Federal Bureau of Investigation, duly appointed according to law and acting as such.

      On or about December 13, 2022, the United States District Court for the Eastern

District of North Carolina issued a warrant for the arrest of the defendant TIMOTHY MANN for

a violation of Title 18, United States Code, Section 2261A(2) (cyberstalking).

      The source of your deponent's information and the grounds for his belief are as

follows:[1]

      1.     On or about December 13, 2022, the United States District Court for the

Eastern District of North Carolina issued a warrant for the arrest of the defendant TIMOTHY

MANN for a violation of Title 18, United States Code, Section 2261A(2) (cyberstalking).  A

true and correct copy of that warrant (the "Arrest Warrant") is attached hereto as Exhibit A, and

---

[1]     Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

2

a true and correct copy of the complaint charging MANN with 18 U.S.C. § 2261A(2) is attached hereto as Exhibit B.

2.      On December 20, 2022, members of the New York City Police Department apprehended MANN in Brooklyn, New York pursuant to the Arrest Warrant and brought him to a Federal Bureau of Investigation ("FBI") facility for processing.   MANN is currently in custody.

3.      I have reviewed the Arrest Warrant and a DMV photograph of MANN provided to me by an agent assigned to the underlying investigation.   At the FBI facility, he identified himself as TIMOTHY MANN.   I asked MANN his date of birth, and the date of birth he provided matched the date of birth on the Arrest Warrant.   I observed that MANN's appearance is consistent with the DMV photograph of the TIMOTHY MANN wanted in the Eastern District of North Carolina.   MANN was also in possession of a New York State identification card with the name TIMOTHY MANN and a date of birth that matches the date of birth on the arrest warrant.

WHEREFORE, your deponent respectfully requests that the defendant TIMOTHY MANN be removed to the Eastern District of North Carolina so that he may be dealt with according to law.

David Sferraza *Sferraza DS*
Special Agent, Federal Bureau of Investigation

Sworn to before me this
2st day of December, 2022

THE HONORABLE SANKET J. BULSARA
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

JA24

**FILED**

DEC 1 3 2022

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Eastern District of North Carolina

|  |  |  |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. 5:22-mj-2161-RN |
| **Timothy Mann** | ) | |
|  | ) | |
|  | ) | |
|  | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  January, 2022 to November, 2022  in the county of  Wake  in the
Eastern  District of  North Carolina , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18 U.S.C. 2261A(2) | Cyberstalking |

This criminal complaint is based on these facts:

See attached

☑ Continued on the attached sheet.

*Complainant's signature*

**Michael Neylon, FBI Special Agent**
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 over the telephone.

Date: December 13, 2022

*Judge's signature*

City and state: Raleigh, NC

Robert T. Numbers II, United States Magistrate Judge
*Printed name and title*

**JA25**

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF NORTH CAROLINA

### AFFIDAVIT IN SUPPORT OF A
### CRIMINAL COMPLAINT AND ARREST WARRANT

I, Special Agent Michael Neylon, being duly sworn, depose and state that:

### INTRODUCTION AND AGENT BACKGROUND

1.    I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been since February 2020. Prior to that, your affiant's assignments and experience include approximately four years of liaison work assigned to the FBI's Criminal Justice Information Services Division (CJIS). This affiant has attended and completed five months of training at the FBI's Training Academy located in Quantico, Virginia. While employed with the FBI, I have investigated and participated in investigations involving federal criminal violations related to drug trafficking and violent crime. I have also received specialized training regarding, and personally participated in, various types of investigative activities related to violent crimes, including, but not limited to, the following: (a) physical surveillance; (b) the debriefing of defendants, witnesses, informants, and other individuals who have knowledge concerning violations of federal laws; (c) the execution of search warrants; and (d) the handling and maintenance of evidence

2.    I have consulted extensively with other experienced agents regarding drug trafficking and violent criminal cases. As a result, the knowledge that I have obtained during my law enforcement career has been further informed by other law enforcement agents with experience conducting such investigations. I have also

**JA26**

obtained both my Bachelor of Science degree in Forensic Science, and my Master of Science degree in Criminal Justice from Mercyhurst College, located in Erie, Pennsylvania.

3.      As a Special Agent with the FBI, I am a law enforcement officer of the United States as defined by Title 18, United States Code, Section 2510(7), meaning that I am empowered by law to investigate violations of the laws of the United States, execute warrants issued under the authority of the United States, and make arrests for violations of Federal laws.

4.      The facts and information contained in this affidavit are based upon my training and experience, personal knowledge, and observations during this investigation, as well as the observations of other agents involved in this investigation.  This affidavit contains only the information necessary to support probable cause, and it is not intended to include each and every fact and matter observed by me or known to the government.

5.      I make this affidavit in support of a criminal complaint and arrest warrant for **TIMOTHY MANN (MANN)**.  Based on the information detailed below, I submit that there is probable cause to believe that, beginning in or around January 2022 and continuing through at least November 2022, **MANN** violated 18 U.S.C. § 2261A(2) (cyberstalking).

2

**JA27**

**PROBABLE CAUSE**

6.    As will be shown below, there is probable cause to believe that **MANN** committed the crime of cyberstalking, in violation of Title 18, United States Code, Section 2261A(2), which occurred within the Eastern District of North Carolina.

7.    Based on my review of law enforcement reports, conversations with other law enforcement officers or agents, witness/victim interviews and my own knowledge of the investigation, I am aware of the following:

8.    Victim 1 is a resident of North Carolina. Victims 2 is Victim 1's mother. Victim 3 is Victim 1's romantic partner. Victim 4 is Victim 1's aunt.

9.    **MANN** and Victim 1 met each other through Instagram, around November of 2021. **MANN** presented himself as someone from New York with no friends or family. Victim 1 thought to befriend **MANN**. But when **MANN**'s behavior started to become erratic, Victim 1 began to distance themself from **MANN**.

10.    In response, in January 2022, **MANN** began sending Victim 1 threatening and harassing messages. Around January 30, 2022, **MANN** approached Victim 1 in person in a Food Lion parking lot demanding to fight. After Victim 1 refused to fight, **MANN** fled the area in his vehicle and side swiped Victim 1's car causing damage to it. Victim 2 then became a target of **MANN**'s messages after reaching out to **MANN** in an attempt to collect money for damages to the car. **MANN** later expanded the threatening and harassing messages to also include Victim 3 and Victim 4.

3

**JA28**

11.    From January through November 2022, **MANN** made numerous phone calls, social media posts, and text messages to the Victims that were threatening, harassing, and unwanted.  **MANN**'s communications have included: (a) threats to physically harm Victim 1, Victim 2, Victim 3, Victim 4, and or others; (b) messages intended to harass and annoy Victim 1, Victim 2, Victim 4, and or others; and (c) attempts to obtain information on and locate Victim 1 and Victim 2.

12.    A review of Victim 1 and Victim 2's phone showed that they have received threatening and or harassing messages from numerous Instagram social media accounts, telephone numbers, and email addresses.  Victim 1 and Victim 2 were able to attribute these messages to **MANN** based on content specific to **MANN** and his knowledge of Victim 1.  These messages have persisted despite Victim 1 and Victim 2 relaying to **MANN** to stop contacting them.

13.    In February 2022, the Raleigh Police Department issued a State Arrest Warrant for **MANN** for Stalking, and Communicating Threats related to the Victims in this complaint.

14.    In March 2022, the Wake County Sheriff's Office also issued a State Arrest Warrant for **MANN** for Communicating Threats and Misdemeanor Stalking related to the Victims in this complaint.

15.    Many of the communications to Victim 1 included threatening language utilized by **MANN**.  Here is a small sample of these messages:

a.    Around the February-March 2022 timeframe, Victim 1 received an Instagram message from drewjackson781 that stated, "[Victim 1] im over her by

**JA29**

your way right now i know u think im trolling and playing with u im dead serious u will see".

   b.    Around the February-March 2022 timeframe, Victim 1 received an Instagram message from drewjackson781 that stated, "[Victim 1], i hope ya white daughter is with u when i take u out so her last memory is her [Victim 1] getting his brains out".

   c.    Around the February-March 2022 timeframe, Victim 1 received an Instagram message from drewjackson781 that stated, "[Victim 1] im with all the smoke just now that u think this is a game i know ya peeping that's the point im going strike when u least now it u aint gone be up on all night".

   d.    Around the February-March 2022 timeframe, Victim 1 received an Instagram message from drewjackson781 that stated, "i hope ya daughtee will be with you when i kill u [Victim 1] spladdee ya brains right infront of her white ass".

   16.   Victim 2 also received many communications from **MANN** that included threatening and harassing language.  In some, **MANN** included attachments to show he was or had been at Victim 2's home.  Here is a small sample of these messages:

   a.    On approximately March 10, 2022, Victim 2 received a social media message sent from Instagram account betty4233davis that stated, "titty [Victim 2] bullets go threw windows houses and cars im just getting started". This post accompanied a video showing that beety4233davis was out front of Victim 1 and Victim 2's residence at the time.

b.      Approximately on March 10, 2022, Victim 2 received a social media message sent from Instagram account betty4233davis that stated, "i promise u i will get even I could spray ya shit up right now idiot but watch when u least expect it 311 gillmane lane 101 u change ya number i know ya name bitch i will get the new one."  Again, this post accompanied a video showing that beety4233davis was out front of Victim 1 and Victim 2's residence at the time.

c.      Approximately on October 24, 2022, Victim 2 received a social media message sent from Instagram account twosharptim that stated, "tag the police & who ever u want to tag like that's gone change anything IDGAF u think im playing with u [Victim 2]".  The post later continues with "i promise you be dealt with im gonna end u [Victim 2] u gotta come out the house like I said u gotta a bullseye on ya back and u don't even know when I'm gonna strike just be patient u will see I don't like u I hate u u nd [Victim 1] is a coward and lairs just be patient u will see when u least expect it [Victim 2] im not gone be satisfied to u have holes threw u I'm done discussing it u will see doe stop tagging the police like that's gone save u."

d.      Approximately on October 24, 2022, Victim 2 received a social media message sent from Instagram account twosharptim that within the comments stated, "dont worry I got something for [Victim 1] a** for all of ya im going crash out on ya cause u fucking with my livelihood I should been dealt with dude before I left nc I'm going crash out on ya u don't want those problems none of you nobody is off limits nd im going violate everything of yours don't be surprise or shock cause it's not like i ain't tell u wassup i don't like u I don't like [Victim 1] i really really regret

6

**JA31**

getting indebted with this clown I can't move forward cuz of ya nd i was done wrong but u will see watch nd see I hope you have insurance cuz u will need it [Vitim1][Victim 2] not playing with u i bet u I will have the last laugh !"

   e. Approximately on October 24, 2022, Victim 2 received a social media message sent from Instagram account twosharptim that within the comments included the following statement, "I don't like u [Victim 2] u are a lair the only satisfaction feeling I'm gone get is when u have bullets holes all threw ya body that's will be my get back nd at u nd your [Victim1] like I said when u least expect show whatever u want to the police but i promise on my soul im going shoot u watch nd see [Victim 2] that's how im going get back at [Victim1] I have no remorse with what im going do im going crash out on u u gotta go to your car u gotta leave the house u not up 24hrs out the day i can't wait but u will be dealt with somebody will but my target is u since u wanna end me im gone end u mark my words I don't like u [Victim 2] u are a lair nd u are messed up !"

  17. On February 11, 2022, Victim 3, received an Instagram message from drewjackson781 that stated, "[Victim 3] go to the kitchen and get a knife and slice your throat before i do it its better to get it done now before i do it." The same day, Victim 3 received an Instagram message from berrywashington86 that said, "[Victim 3] and i know where u live im gonna handle u to im gonna shoot u believe that white spic and in the meantime i hope your baby dies and u bleed out and yes i will piss on your child whore."

7

**JA32**

18.    In November 2022, Victim 4, received the most recent threatening messages from **MANN**. These messages have included plans to harming Victim 1 and Victim 2 on Christmas day 2022, where **MANN** talked about a plan that he has been working on for the past year. **MANN** provided in these messages that he plans on using bear spray and brass knuckles to harm Victim 1 and or Victim 2. Here is a sample of these messages:

a.    During the month of November 2022, Victim 4 received a text message that was sent from an Unknown Number that stated, "Wassup [Victim 4], This Tim".

b.    In November 2022, Victim 4 received multiple text message that were sent from an Unknown Number that stated, "since you all don't want to do the right thing and just drop the charges you jamming me with my job I cant get this promotion you messing with my bread" and continues with "im done tryna be nice or to get you or anybody to understand where im coming from why i did what i did im done with all that", then continues with "im going back to the olde me im on my bull shit". "Everybody will be dealt with trust me on my soul including you 100 and im ready to die if need to be 100 100 100 100 !"

c.    In November 2022, Victim 4 received multiple text message that were sent from an Unknown Number that stated, "im not going to hit your phone no more you will see when it happens ima let my actions just speak for themselves" and then continues with "[Victim 2] and [Victim1] will be dealt with on the christmas" and then stated, "ima Charleston white [Victim 2] & i got some special bear mace for

8

**JA33**

[Victim 2]" the messaging continues on with "ima catch coming out the car" "than i got some special brass knuckles for [Victim 1]" "watch how i turn up on y'all on christmas since yall think im pussy playing watch what i do" and then says, "and if my plan a don't work im going to my plan b and setting that bitch on fire" "than im going to personally turn myself in for it".

        d.     Additionally in November 2022, Victim 4 received text messages that were sent from an Unknown Number that included the following statement, " i been planning this for a whole year on [Victim 1] bitch ass got a whole mastermind plan on for [Victim 1] bitch ass and [Victim 1] not even gonna be able to fathom the shit that's gone happen [Victim 1] and [Victim 2]".

[Remainder of page intentionally left blank]

9



**JA34**

## CONCLUSION

19.     Based on the facts set forth in this affidavit, I submit that there is probable cause to believe that **TIMOTHY MANN** violated 18 U.S.C. § 2261A(2) (cyberstalking).

Respectfully Submitted,

_____
MICHAEL NEYLON
Special Agent
Federal Bureau of Investigation

Pursuant to Rule 4.1 of the Federal Rules of Criminal Procedure, the affiant appeared before me via reliable electronic means, was placed under oath, and attested to the contents of this written affidavit.
Dated: December 13, 2022

_____
Robert T. Numbers, II
United States Magistrate Judge

10

**JA35**

AO 466A (Rev. 12/17)  Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
### for the

|  |  |
|---|---|
| United States of America<br>v.<br>Timothy Mann<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>) | Case No. 22 - mj - 1355<br><br>Charging District's Case No. |

### WAIVER OF RULE 5 & 5.1 HEARINGS
#### (Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)* Eastern District of North Carolina

I have been informed of the charges and of my rights to:

(1)   retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)   an identity hearing to determine whether I am the person named in the charges;

(3)   production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)   a preliminary hearing to determine whether there is probable cause to believe that an offense has been committed, to be held within 14 days of my first appearance if I am in custody and 21 days otherwise, unless I have been indicted beforehand.

(5)   a hearing on any motion by the government for detention;

(6)   request a transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☑   an identity hearing and production of the warrant.

☑   a preliminary hearing.

☐   a detention hearing.

☐   an identity hearing, production of the judgment, warrant, and warrant application, and any preliminary or detention hearing to which I may be entitled in this district. I request that my
     ☐ preliminary hearing and/or ☐ detention hearing be held in the prosecuting district, at a time set by
     that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date:  12/20/22

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

BENJAMIN YASTOR
*Printed name of defendant's attorney*

**JA36**

## United States District Court, Eastern District of New York

**UNITED STATES OF AMERICA**

V.

<u>Timothy Mann</u>, Defendant.

**ORDER SETTING CONDITIONS OF RELEASE AND APPEARANCE BOND**

Case Number: 22-1355M

### RELEASE ORDER

It is hereby ORDERED that the above-named defendant be released subject to the Standard Conditions of Release on the reverse and as follows:

[ ] Upon **Personal Recognizance Bond** on his/her promise to appear at all scheduled proceedings as required, or

[X] Upon **Bond** executed by the defendant in the amount of $ 20,000 , and secured by [ ] financially responsible sureties listed below and/or [ ] collateral set forth below.

### Additional Conditions of Release

The Court finding that release under the Standard Conditions of Release on the reverse will not by themselves reasonably assure the appearance of the defendant and/or the safety of other persons and the community, IT IS FURTHER ORDERED as follows:

[X] 1. The defendant must remain in and may not leave the following areas without Court permission: [X] New York City; [ ] Long Island, NY; [ ] New York State; [ ] New Jersey; [X] E.D.N.C. and travel to and from this Court and the permitted areas.

[ ] 2. The defendant must avoid all contact with the following persons or entities: NO CONTACT W/ VICTIMS, (except)

[ ] 3. The defendant must avoid and may not go to any of the following locations:

[X] 4. The defendant must surrender all passports to Pretrial Services by _____ and not obtain other passports or international travel documents.

[X] 5. The defendant is placed under the supervision of the Pretrial Services Agency subject to the Special Conditions on the reverse and:

   [X] a. is subject to random visits by a Pretrial Services officer at defendant's residence and/or place of work;

   [ ] b. must report [ ] as directed by Pretrial Services or [ ] in person ___ times per _____ and/or [ ] by telephone ___ times per _____.

   [ ] c. must undergo [ ] testing, [ ] evaluation and/or [ ] treatment for substance abuse, including alcoholism, as directed by Pretrial Services.

   [ ] d. must undergo evaluation and treatment for mental health problems, as directed by Pretrial Services.

   [ ] e. is subject to the following location restriction program with location monitoring, as directed by Pretrial Services:

      [ ] home incarceration: restricted to home at all times, except for attorney visits, court appearances and necessary medical treatment;

      [X] home detention: restricted to home at all times, except for attorney visits, court appearances, medical treatment, [ ] religious services, [X] employment, [X] school or training, [X] other activities approved by Pretrial Services, [ ] _____

      [ ] curfew: restricted to home every day from _____ to _____, or [ ] as directed by Pretrial Services.

   [ ] Defendant must pay all or part of the cost of any required testing, evaluation, treatment and/or location monitoring with personal funds, based upon ability to pay as determined by the Court and the Pretrial Services Agency, and/ or from available insurance.

[X] 6. Other Conditions: 1 surety to sign by 1/10/23

### APPEARANCE BOND

I, the undersigned defendant, and each surety who signs this bond, acknowledge that I am have read this Appearance Bond and, and have either read all the other conditions of release or have had those conditions explained. I further acknowledge that I and my personal representatives, jointly and severally, are bound to pay the United States of America the sum of $_____ and that this obligation is secured with the below interest in the following property ("Collateral") which I represent is/are free and clear of liens except as otherwise indicated:

[ ] cash deposited in the Registry of the Court in the sum of $_____ ;

[ ] premises located at: _____ owned by _____ .

[ ] I also agree to execute a confession of judgment, mortgage or lien in form approved by the U.S. Attorney which shall be duly filed with the proper local and state authorities on or before _____ .

Each owner of the above Collateral agrees not to sell the property, allow further claims or encumbrances to be made against it, or do anything to reduce its value while this Appearance Bond is in effect.

*Forfeiture of the Bond.* This Appearance Bond may be forfeited if the defendant fails to comply with any of the conditions set forth above and on the reverse. The defendant and any surety who has signed this bond also agree that the court may immediately order the amount of the bond surrendered to the United States, including any security for the bond, if the defendant fails to comply with the above agreement. The court may also order a judgment of forfeiture against the defendant and against each surety for the entire amount of the bond, including any interest and costs. _Date_

_____ Address: _____     _____
, Surety

_____ Address: _____     _____
, Surety

_____ Address: _____     _____
, Surety

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release and of the penalties and sanctions set forth on the front and reverse sides of this form.

Release of the Defendant is hereby ordered on 12/20/2022.

Signature of Defendant

Distribution:    Canary - Court     Pink - Pretrial Services     Goldenrod -Defendant

## JA37

## STANDARD CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:
(1) The defendant must not violate any federal, state or local law while on release.
(2) The defendant must cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.
(3) The defendant must advise the Court, the Pretrial Services office, defense Counsel and the U.S. Attorney in writing before making any change in address or telephone number.
(4) The defendant must appear in court as required and must surrender for service of any sentence imposed as directed.
(5) The defendant must refrain from use or unlawful possession of a narcotic drug or other controlled substances as defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
(6) If the defendant fails to report as required to the Pretrial Services Agency, defendant may be subject to such random visits at his/her residence or work by a Pretrial Services Officer as may be necessary to verify his/her residence or place of employment in order to secure compliance with the order of release.
(7) The defendant must not possess a firearm, destructive device, or other weapon.

## SPECIAL CONDITIONS OF RELEASE FOR TESTING, TREATMENT OR EVALUATION
## AND FOR LOCATION MONITORING

1. If the defendant fails to appear for any specified treatment or evaluation, defendant may be subject to such random visits at his/her residence or work by a Pretrial Services Officer as may be necessary to verify his/her residence or place of employment in order to secure compliance with the order of release.
2. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing, as determined by Pretrial Services.
3. If defendant is subject to a location restriction program or location monitoring, defendant must:
   (a) stay at his/her residence at all times except for approved activities and may not leave for approved activities without providing prior notice to Pretrial Services, except in cases of medical emergencies.
   (b) abide by all program requirements and instructions provided by Pretrial Services relating to the operation of monitoring technology. Unless specifically ordered by the court, Pretrial Services may require use of one of the following or comparable monitoring technology: Radio Frequency (RF) monitoring; Passive Global Positioning Satellite (GPS) monitoring; Active Global Positioning Satellite (GPS) monitoring (including "hybrid" (Active/Passive) GPS); Voice Recognition monitoring.

## FORFEITURE OF THE BOND

This appearance bond may be forfeited if the defendant does not comply with the conditions of release set forth in this Order Setting Conditions of Release and Bond. The court may immediately order the amount of the bond and any Collateral surrendered to the United States if the defendant does not comply with the agreement. At the request of the United States, the court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

## RELEASE OF THE BOND

This appearance bond may be terminated at any time by the Court. This bond will be satisfied and the security will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

## ADVICE OF PENALTIES AND SANCTIONS TO THE DEFENDANT

Defendant is advised that violating any of the foregoing conditions of release may result in the immediate issuance of a warrant of arrest, a revocation of the order of release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if defendant commits a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence defendant may receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, defendant knowingly fails to appear as the conditions of release require, or to surrender to serve a sentence, defendant may be prosecuted for failing to appear or surrender and additional punishment may be imposed, whether or not the defendant is convicted of the pending charges. If defendant is convicted of:
(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – defendant will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – defendant will be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony – defendant will be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor – defendant will be fined not more than $100,000 or imprisoned not more than one year, or both.
A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence imposed. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## JA38

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-MJ-2161-RN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| TIMOTHY MANN | ) | |

Defendant having demonstrated eligibility for appointment of counsel at government expense, the Federal Public Defender is directed to provide representation in this action.

The court further determines that the defendant is unable to pay the fees of any witness, and pursuant to Federal Rule of Criminal Procedure 17(b), the Clerk shall issue a subpoena for any witness necessary to present an adequate defense to the pending charge or charges.

It is FURTHER ORDERED that the United States Marshal shall serve any subpoena presented to him in this case by the office of the Federal Public Defender, and shall pay the appropriate fees and expenses to witnesses so subpoenaed, in accordance with Federal Rule of Criminal Procedure 17(b).

SO ORDERED this 10th day of January, 2023.

_____
James E. Gates
United States Magistrate Judge

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:22-mj-02161-RN

|  |  |
|---|---|
| UNITED STATES OF AMERICA | MOTION TO CONTINUE |
|  | INITIAL APPEARANCE |
| v. |  |
| TIMOTHY MANN |  |

The Defendant, Timothy Mann, by and through undersigned counsel, respectfully moves the Court to continue the initial appearance currently set for January 18, 2023, to January 30, 2023, or such later date as set by this Court. The following is offered in support of this motion:

1. Mr. Mann was charged by Criminal Complaint filed in the Eastern District of North Carolina on December 13, 2022, charging him with Cyberstalking, in violation of 18 U.S.C. §2261A(2).

2. Mr. Mann was arrested in the Eastern District of New York on or about December 20, 2022, where he appeared in Court for an initial appearance and was released on conditions set by the Court, to include travel restrictions and home detention.

3. As a result of this arrest and the release conditions, Defendant Mann had to separate from his employment held at the time of his arrest.

4. Since his arrest and release, Mr. Mann has obtained new employment in New York with Walgreens, which began on or about January 9, 2023. He will not receive his first paycheck until January 25, 2023.

5. Due to his financial circumstances, Mr. Mann does not have the funds available to pay for transport to and lodging in North Carolina for the Initial Appearance currently scheduled for January 18, 2023.

1

6. Mr. Mann expects to have the funds available after receiving his paycheck on January 25, and can thereafter make travel arrangements for transportation and lodging.

7. Undersigned counsel understands that United States Attorney will present this case to a Grand Jury for Indictment by January 19. Should the Grand Jury return an Indictment, then Mr. Mann will likely need to make an Initial Appearance on that Indictment as well. Judicial economy would be served by having Mr. Mann make only one Initial Appearance for the allegations in this case.

8. Undersigned counsel has contacted AUSA Jake Pugh and the government does not oppose this Motion.

Wherefore, Defendant Mann respectfully moves this Court to continue the Initial Appearance in this matter to January 30 or such later time as set by this Court.

Respectfully submitted this 11th day of January, 2023.

<div style="margin-left:40%">

G. ALAN DuBOIS
Federal Public Defender

/s/ David W. Venable
DAVID W. VENABLE
Assistant Federal Public Defender
Attorney for Defendant
Office of the Federal Public Defender
150 Fayetteville Street, Suite 450
Raleigh, North Carolina 27601
Telephone: 919-856-4236
Fax: 919-856-4477
E-mail: David_Venable@fd.org
N.C. State Bar No. 23307
LR 57.1 Counsel Appointed

</div>

2

JA41

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing was served upon:

JAKE PUGH
United States Attorney's Office - EDNC
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601

by electronically filing the foregoing with the Clerk of Court on January 11, 2023, using the CM/ECF system which will send notification of such filing to the above.

This the 11th day of January, 2023.

/s/ David W. Venable
DAVID W. VENABLE
Assistant Federal Public Defender
Attorney for Defendant
Office of the Federal Public Defender
150 Fayetteville Street, Suite 450
Raleigh, North Carolina 27601
Telephone: 919-856-4236
Fax: 919-856-4477
E-mail: David_Venable@fd.org
N.C. State Bar No. 23307
LR 57.1 Counsel Appointed

3

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:22-mj-02161-RN

| | |
|---|---|
| UNITED STATES OF AMERICA | ORDER |
| v. | |
| TIMOTHY MANN | |

This matter is before the Court on the defendant's Unopposed Motion to move the initial appearance in this matter to January 30, 2023.

For good cause shown, it is hereby ORDERED that the initial appearance in this matter be continued until _____.

This Court has determined that the ends of justice outweigh the best interests of the public and the defendant in a speedy trial. The delay occasioned by the continuance shall be excluded in computing the defendant's speedy trial time. See 18 U.S.C. § 3161(h)(7).

SO ORDERED.

This____day of January, 2023.

_____
Robert T. Numbers, II
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:22-MJ-02161-RN-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| TIMOTHY MANN, | ) | |
| | ) | |
| Defendant. | ) | |

On 13 December 2022, a criminal complaint (D.E. 1) was issued in this court against defendant. Defendant was arrested in the Eastern District of New York, which released him at his initial appearance in that court on 20 December 2022. Defendant's initial appearance in this court was scheduled for 18 January 2023. Defendant has filed a motion (D.E. 9) seeking continuance of this initial appearance until 30 January 2022 or later. The motion states that the United States Attorney will present this case to a grand jury by 19 January 2023.

While it is reasonable, at this point, to continue the initial appearance until 19 January 2023 to accommodate presentation of this case to a grand jury, defendant has not justified the additional delay in the initial appearance beyond that date. The continuance sought would delay defendant's initial appearance in this, the charging district, until over month after his arrest and initial appearance in the arresting district.

IT IS THEREFORE ORDERED as follows:

1.      Defendant's motion for continuance (D.E. 9) is DENIED.

2.      The initial appearance of defendant in this case is continued until Thursday, 19 January 2023, at 2:00 p.m. It will be held in the sixth floor courtroom of the Terry Sanford Federal

**JA44**

Building and Courthouse at 310 New Bern Avenue in Raleigh, North Carolina. Defendant shall

appear at the initial appearance as continued herein to 19 January 2023.

3.     Any delay that results from this continuance shall be excluded from the Speedy

Trial Act computation pursuant to 18 U.S.C. § 3161(h)(7)(A) on the grounds that the ends of justice

served by granting this continuance outweigh the best interests of the public and defendant in a

speedy trial.

4.     Before departing for the initial appearance, defendant shall provide the United

States Probation Office ("USPO") an itinerary for his visit to this district, which shall be subject

to USPO approval. Defendant shall comply with the itinerary as approved by the USPO and with

such other requirements the USPO establishes with respect to his visit to this district for the initial

appearance.

5.     The Clerk shall serve a copy of this order on the USPO in this district.

SO ORDERED, this 12th day of January 2023.

James E. Gates
United States Magistrate Judge

2

**JA45**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:23-CR-14-M-KS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| TIMOTHY MANN, | ) | |
| | ) | |
| Defendant. | ) | |

On 13 December 2022, a criminal complaint (D.E. 1) and associated arrest warrant (D.E. 2) were issued in this court against the defendant. On 20 December 2022, he was arrested in the Eastern District of New York on that warrant and had an initial appearance in the court for that district ("EDNY"). *See generally U.S. v. Mann*, 1:22-mj-01355-SJB-1 (EDNY)). That court entered an order at the initial appearance providing for the defendant's release on conditions ("Release Order" (D.E. 3-2) (copy attached)). On 13 January 2023, the EDNY entered an order (EDNY D.E. 7) removing the condition in the Release Order that the appearance bond for the defendant be co-signed. The defendant was indicted in this case on 18 January 2023. *See* Indict. (D.E. 14). Today, the defendant self-reported for his initial appearance in this court, although an arrest warrant (D.E. 17) had been issued on the indictment.

As announced during the initial appearance, this court hereby ADOPTS as its own all the conditions set forth in the Release Order, except the condition that the defendant's appearance bond be co-signed, which the EDNY removed.

This court also imposes the following additional conditions:

1.      At the direction of the probation officer, the defendant must consent to the installation of systems or software that will allow the probation officer or designee to monitor

**JA46**

computer use. The defendant shall have access to only one device that can access the internet or an internet service provider, which shall be monitored by pretrial services.

2.    The defendant shall report as soon as possible to the pretrial services or supervising officer every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

3.    In addition to avoiding all contact with any victim of the crimes alleged against him (*see* Release Order 1 ¶ 2), the defendant shall avoid all contact with the family members and close associates of any victim.

At today's initial appearance, the defendant acknowledged his understanding of, and agreement to comply with, the conditions in the Release Order, as modified by removal of the condition for a co-signer for the appearance bond, and the additional conditions set forth in this order.

The defendant having self-reported for the initial appearance, the warrant for his arrest on the indictment (D.E. 17) is QUASHED and of no force and effect.

SO ORDERED, this 19th day of January 2023.

_____
James E. Gates
United States Magistrate Judge

2

**JA47**

## United States District Court, Eastern District of New York

UNITED STATES OF AMERICA

v.

**ORDER SETTING CONDITIONS OF RELEASE AND APPEARANCE BOND**

_Timothy Mann_ , Defendant.

Case Number: 22 - 1355m

### RELEASE ORDER

It is hereby ORDERED that the above-named defendant be released subject to the Standard Conditions of Release on the reverse and as follows:

[ ]  Upon **Personal Recognizance Bond** on his/her promise to appear at all scheduled proceedings as required, or

[X]  Upon **Bond** executed by the defendant in the amount of $ 20,000 , and

secured by [ ] financially responsible sureties listed below and/or [ ] collateral set forth below.

### Additional Conditions of Release

The Court finding that release under the Standard Conditions of Release on the reverse will not by themselves reasonably assure the appearance of the defendant and/or the safety of other persons and the community, IT IS FURTHER ORDERED as follows:

[X] 1.  The defendant must remain in and may not leave the following areas without Court permission: [X] New York City; [ ] Long Island, NY; [ ] New York State; [ ] New Jersey; [X] E D. N C. and travel to and from this Court and the permitted areas.

[ ] 2.  The defendant must avoid all contact with the following persons or entities: NO CONTACT w/VICTIMS

[ ] 3.  The defendant must avoid and not go to any of the following locations:

[X] 4.  The defendant must surrender all passports to Pretrial Services by _____ and not obtain other passports or international travel documents.

[X] 5.  The defendant is placed under the supervision of the Pretrial Services Agency subject to the Special Conditions on the reverse and:

  [X] a.  is subject to random visits by a Pretrial Services officer at defendant's residence and/or place of work;

  [X] b.  must report [ ] as directed by Pretrial Services or [ ] in person ___ times per _____ and/or [ ] by telephone ___ times per _____.

  [ ] c.  must undergo [ ] testing, [ ] evaluation and/or [ ] treatment for substance abuse, including alcoholism, as directed by Pretrial Services.

  [ ] d.  must undergo evaluation and treatment for mental health problems, as directed by Pretrial Services.

  [ ] e.  is subject to the following location restriction program with location monitoring, as directed by Pretrial Services:

    [ ] home incarceration: restricted to home at all times, except for attorney visits, court appearances and necessary medical treatment;

    [X] home detention: restricted to home at all times, except for attorney visits, court appearances, medical treatment, [ ] religious services, [X] employment, [X] school or training, [X] other activities approved by Pretrial Services, [ ] _____

    [ ] curfew: restricted to home every day from _____ to _____, or [ ] as directed by Pretrial Services.

  [X]  Defendant must pay all or part of the cost of any required testing, evaluation, treatment and/or location monitoring with personal funds, based upon ability to pay as determined by the Court and the Pretrial Services Agency, and/ or from available insurance.

[X] 6.  Other Conditions: suretor to sign by 1/10/23

### APPEARANCE BOND

I, the undersigned defendant, and each surety who signs this bond, acknowledge that I have read this Appearance Bond and, and have either read all the other conditions of release or have had those conditions explained. I further acknowledge that I and my personal representatives, jointly and severally, are bound to pay the United States of America the sum of $_____ and that this obligation is secured with the below interest in the following property ("Collateral") which I represent is/are free and clear of liens except as otherwise indicated:

  [ ] cash deposited in the Registry of the Court in the sum of $_____ ;

  [ ] premises located at:_____ owned by_____.

  [ ] I also agree to execute a confession of judgment, mortgage or lien in form approved by the U.S. Attorney which shall be duly filed with the proper local and state authorities on or before _____.

Each owner of the above Collateral agrees not to sell the property, allow further claims or encumbrances to be made against it, or do anything to reduce its value while this Appearance Bond is in effect.

_Forfeiture of the Bond._ This Appearance Bond may be forfeited if the defendant fails to comply with any of the conditions set forth above and on the reverse. The defendant and any surety who has signed this bond also agree that the court may immediately order the amount of the bond surrendered to the United States, including any security for the bond, if the defendant fails to comply with the above agreement. The court may also order a judgment of forfeiture against the defendant and against each surety for the entire amount of the bond, including any interest and costs. _Date_

_____Address:_____  _____
, Surety

_____Address:_____  _____
, Surety

_____Address:_____  _____
, Surety

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release and of the penalties and sanctions set forth on the front and reverse sides of this form.

_Signature of Defendant_

Release of the Defendant is hereby ordered on _1 - 20_  20 22 .

Distribution:  Canary - Court    Pink - Pretrial Services    Goldenrod -Defendant

**JA48**

## STANDARD CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:
(1) The defendant must not violate any federal, state or local law while on release.
(2) The defendant must cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.
(3) The defendant must advise the Court, the Pretrial Services office, defense Counsel and the U.S. Attorney in writing before making any change in address or telephone number.
(4) The defendant must appear in court as required and must surrender for service of any sentence imposed as directed.
(5) The defendant must refrain from use or unlawful possession of a narcotic drug or other controlled substances as defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
(6) If the defendant fails to report as required to the Pretrial Services Agency, defendant may be subject to such random visits at his/her residence or work by a Pretrial Services Officer as may be necessary to verify his/her residence or place of employment in order to secure compliance with the order of release.
(7) The defendant must not possess a firearm, destructive device, or other weapon.

### SPECIAL CONDITIONS OF RELEASE FOR TESTING, TREATMENT OR EVALUATION AND FOR LOCATION MONITORING

1. If the defendant fails to appear for any specified treatment or evaluation, defendant may be subject to such random visits at his/her residence or work by a Pretrial Services Officer as may be necessary to verify his/her residence or place of employment in order to secure compliance with the order of release.
2. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing, as determined by Pretrial Services.
3. If defendant is subject to a location restriction program or location monitoring, defendant must:
   (a) stay at his/her residence at all times except for approved activities and may not leave for approved activities without providing prior notice to Pretrial Services, except in cases of medical emergencies.
   (b) abide by all program requirements and instructions provided by Pretrial Services relating to the operation of monitoring technology. Unless specifically ordered by the court, Pretrial Services may require use of one of the following or comparable monitoring technology: Radio Frequency (RF) monitoring; Passive Global Positioning Satellite (GPS) monitoring; Active Global Positioning Satellite (GPS) monitoring (including "hybrid" (Active/Passive) GPS); Voice Recognition monitoring.

### FORFEITURE OF THE BOND

This appearance bond may be forfeited if the defendant does not comply with the conditions of release set forth in this Order Setting Conditions of Release and Bond. The court may immediately order the amount of the bond and any Collateral surrendered to the United States if the defendant does not comply with the agreement. At the request of the United States, the court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

### RELEASE OF THE BOND

This appearance bond may be terminated at any time by the Court. This bond will be satisfied and the security will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

### ADVICE OF PENALTIES AND SANCTIONS TO THE DEFENDANT

Defendant is advised that violating any of the foregoing conditions of release may result in the immediate issuance of a warrant of arrest, a revocation of the order of release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.
While on release, if defendant commits a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (i.e., in addition to) to any other sentence defendant may receive.
It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.
If, after release, defendant knowingly fails to appear as the conditions of release require, or to surrender to serve a sentence, defendant may be prosecuted for failing to appear or surrender and additional punishment may be imposed, whether or not the defendant is convicted of the pending charges. If defendant is convicted of:
(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – defendant will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – defendant will be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony  defendant will be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor – defendant will be fined not more than $100,000 or imprisoned not more than one year, or both.
A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence imposed. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

Distribution: White- Court File / Yellow - Clerk / Pink - Pretrial Svcs / Goldenrod -Defendant

**JA49**

AO 442 (Rev. 12/85) Warrant for Arrest

## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION

UNITED STATES OF AMERICA

**v.**

TIMOTHY MANN

RECEIVED BY
USMS E/NC
01/19/2023

**WARRANT FOR ARREST**

**CRIMINAL CASE: 5:23-CR-14-1M-KS**

To: The United States Marshal  and any Authorized United States Officer.  YOU ARE HEREBY COMMANDED to arrest

**TIMOTHY MANN**  he/she shall be brought before the nearest Magistrate/Judge to answer an

__X__   Indictment ____  Superseding Indictment _____Criminal Information_____Complaint

_____ Order of Court: _____Violation Notice_____Probation Violation Petition charging him/her with:

Counts 1 and 2 - 18 U.S.C. § 2261A(2): Cyberstalking

Peter A. Moore, Jr.
Name of Issuing Officer

Signature of Issuing Officer by Deputy Clerk

Clerk of Court
Title of Issuing Officer

JANUARY 18, 2023 - RALEIGH, NORTH CAROLINA
Date and Location

Recommended Bond: DETENTION

| RETURN |
|---|
| This warrant was received and executed with the arrest of the above named defendant at |

| DATE RECEIVED 01/19/2023 | NAME AND TITLE OF ARRESTING OFFICER | NAME AND TITLE OF ARRESTING |
|---|---|---|
| DATE OF ARREST 01/19/2023 | M. NEYLON, FBI | S. Bowyer, USMS |

## FILED

JAN 1 9 2023

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY_____DEP CLK

JA50

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No.  5:23-CR-00014-M-KS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TIMOTHY MANN | MOTION TO EXTEND PRETRIAL MOTIONS DEADLINE AND CONTINUE ARRAIGNMENT |

The Defendant, Timothy Mann, by and through undersigned counsel, respectfully moves the Court to extend the time to file pretrial motions for thirty (30) days, through and including March 15, 2023 and to continue the arraignment accordingly, currently set for the March 21, 2023 term of court in Wilmington.  The following is offered in support of this motion:

1. On January 18, 2023, Mr. Mann was named in a two-count Criminal Indictment, charging him with: Cyberstalking, in violation of Title 18 U.S.C. § 2261A(2). [D.E. 14]

2. The Office of the Federal Public Defender was appointed to represent Mr. Mann on January 10, 2023 and defense counsel entered his notice of appearance on January 11, 2023.

3. Mr. Mann is currently released on conditions.

4. Undersigned counsel is awaiting supplementary discovery from the government and will need additional time to review, investigate, discuss with client, and the government.

5. Defense counsel respectfully requests that the pretrial motions deadline be extended through and including March 15, 2023 and that the arraignment hearing be continued to the April 2023 term of court.

1

6. Assistant United States Attorney Jake Pugh was contacted and has no objection to the extension and continuance requested herein.

7. This motion is made in good faith and not for purposes of delay. Neither the government nor the Defendant would be prejudiced by the requests sought herein.

8. The ends of justice served by this Motion outweigh the interests of the public and the defendant in a speedy trial. The period of delay resulting from granting this continuance should therefore be excluded from the calculation of speedy trial time pursuant to 18. U.S.C. § 3161(h)(8)(A).

WHEREFORE, the defendant respectfully requests that the pretrial motions deadline be extended for thirty (30) days, through and including March 15, 2023, and the arraignment in this matter be continued to the April 2023 term of court or a date that the Court deems appropriate.

Respectfully submitted this 13th day of February, 2023.

G. ALAN DuBOIS
Federal Public Defender

/s/ David W. Venable
DAVID W. VENABLE
Assistant Federal Public Defender
Attorney for Defendant
Office of the Federal Public Defender
150 Fayetteville Street, Suite 450
Raleigh, North Carolina 27601
Telephone: 919-856-4236
Fax: 919-856-4477
E-mail: David_Venable@fd.org
N.C. State Bar No. 23307
LR 57.1 Counsel Appointed

2

<u>CERTIFICATE OF SERVICE</u>

     I HEREBY CERTIFY that a copy of the foregoing was served upon:

Jake Pugh
United States Attorney's Office - EDNC
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601

by electronically filing the foregoing with the Clerk of Court on February 13, 2023, using the CM/ECF system which will send notification of such filing to the above.

     This the 13th day of February, 2023.

<div style="margin-left:40%">

/s/ David W. Venable
DAVID W. VENABLE
Assistant Federal Public Defender
Attorney for Defendant
Office of the Federal Public Defender
150 Fayetteville Street, Suite 450
Raleigh, North Carolina 27601
Telephone: 919-856-4236
Fax: 919-856-4477
E-mail: David_Venable@fd.org
N.C. State Bar No. 23307
LR 57.1 Counsel Appointed

</div>

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No.  5 :23-CR-00014-M-KS

| | |
|---|---|
| UNITED STATES OF AMERICA | ORDER |
| v. | |
| TIMOTHY MANN | |

This matter is before the Court on the defendant's Unopposed Motion to Extend the Pretrial Motions Deadline and to Continue the Arraignment and Trial. Upon good cause shown, it is hereby ORDERED that an extension of time to file any and all pretrial motions is GRANTED.  The defendant shall be allowed through and  including_____to file said motions.

Responses to motions shall be due_____.

For good cause shown, it is hereby ORDERED that the arraignment in this matter be continued until the_____.

This Court has determined that the ends of justice outweigh the best interests of the public and the defendant in a speedy trial. The delay occasioned by the continuance shall be excluded in computing the defendant's speedy trial time. See 18 U.S.C. § 3161(h)(7).

SO ORDERED.  This_____day of February, 2023.


_____
RICHARD E. MYERS II
Chief United States District Judge

JA54

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:23-CR-00014-M-KS

| | |
|---|---|
| UNITED STATES OF AMERICA | UNOPPOSED MOTION TO EXTEND PRE-TRIAL MOTIONS DEADLINE |
| v. | |
| TIMOTHY MANN | |

The Defendant, Timothy Mann, by and through undersigned counsel, respectfully moves the Court to extend the deadline to file pretrial motions for fourteen (14) days, through and including March 29, 2023. Mr. Mann additionally requests that the arraignment remain scheduled for the April 25, 2023 term of court in Wilmington. The following is offered in support of this motion:

1. On January 18, 2023, Mr. Mann was named in a two-count Criminal Indictment, charging him with: Cyberstalking, in violation of Title 18 U.S.C. § 2261A(2). [D.E. 14]

2. The Office of the Federal Public Defender was appointed to represent Mr. Mann on January 10, 2023 and defense counsel entered his notice of appearance on January 11, 2023.

3. Mr. Mann is currently released on conditions.

4. Undersigned counsel recently received supplementary discovery from the government and will need additional time to review, investigate, discuss with client, and the government.

5. Defense counsel respectfully requests that the pretrial motions deadline be extended through and including March 29, 2023 and that the arraignment hearing currently set

1

JA55

for April 25, 2023 term of court remain the same.

6.  Assistant United States Attorney Jake Pugh was contacted and has no objection to the extension requested herein.

7.  This motion is made in good faith and not for purposes of delay.  Neither the government nor the Defendant would be prejudiced by the request sought herein.

8.  The ends of justice served by this Motion outweigh the interests of the public and the defendant in a speedy trial.  The period of delay resulting from granting this continuance should therefore be excluded from the calculation of speedy trial time pursuant to 18. U.S.C. § 3161(h)(8)(A).

WHEREFORE, the defendant respectfully requests that the pretrial motions deadline be extended for fourteen (14) days, through and including March 29, 2023, and the arraignment in this matter remain the same.

Respectfully submitted this 15th day of March, 2023.

G. ALAN DuBOIS
Federal Public Defender

/s/ David W. Venable
DAVID W. VENABLE
Assistant Federal Public Defender
Attorney for Defendant
Office of the Federal Public Defender
150 Fayetteville Street, Suite 450
Raleigh, North Carolina 27601
Telephone: 919-856-4236
Fax: 919-856-4477
E-mail: David_Venable@fd.org
N.C. State Bar No. 23307
LR 57.1 Counsel Appointed

2

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served upon:

Jake Pugh
United States Attorney's Office - EDNC
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601

by electronically filing the foregoing with the Clerk of Court on March 15, 2023, using the CM/ECF system which will send notification of such filing to the above.

This the 15th day of March, 2023.

<div style="margin-left: 40%;">

/s/ David W. Venable
DAVID W. VENABLE
Assistant Federal Public Defender
Attorney for Defendant
Office of the Federal Public Defender
150 Fayetteville Street, Suite 450
Raleigh, North Carolina 27601
Telephone: 919-856-4236
Fax: 919-856-4477
E-mail: David_Venable@fd.org
N.C. State Bar No. 23307
LR 57.1 Counsel Appointed

</div>

3

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5 :23-CR-00014-M-KS

UNITED STATES OF AMERICA

v.                                                        ORDER

TIMOTHY MANN

This matter is before the Court on the defendant's Unopposed Motion to Extend the Pretrial

Motions Deadline. Upon good cause shown, it is hereby ORDERED that an extension of time to file

any and all pretrial motions is GRANTED.

Pre-trial motions period is extended until _____.

Responses to pre-trial motions are to be filed by _____.

Because the ends of justice served by this motion outweigh the best interests of the public

and the Defendant in a speedy trial, such period of delay resulting from this continuance shall be

excluded pursuant to 18 U.S.C. Section 3161(h)(8)(A).

SO ORDERED.  This_____day of March, 2023.


_____
RICHARD E. MYERS II
Chief United States District Judge

**JA58**

PROB 18
(REV. 8/2/2010)

# UNITED STATES DISTRICT COURT
## FOR
## EASTERN DISTRICT OF NORTH CAROLINA
Western     Division

U.S.A.  vs. MANN

| **RECEIVED** |
| By USMS-E/NC at 1:10 pm, Mar 29, 2023 |

5:23-CR-14-1M

TO: [1] U.S. Marshal or Other Qualified Officer.

---

### WARRANT FOR ARREST

You are hereby commanded to arrest the within-named individual and bring them, forthwith, before United States District Court to answer charges that they have violated the conditions of their supervision imposed by the court

NAME:

TIMOTHY MANN

| SUPERVISION IMPOSED BY: | DATE IMPOSED |
| USMJ JAMES E. GATES | 1/19/2023 |

TO BE BROUGHT BEFORE:

| CLERK | (BY) DEPUTY CLERK | DATE |
| Peter A. Moore, Jr. | Shari Powers | 3/28/2023 |

---

### RETURN

| WARRANT RECEIVED AND EXECUTED | DATE RECEIVED | DATE EXECUTED |
| | 03/29/2023 | 03/30/2023 |

EXECUTING AGENCY (NAME AND ADDRESS)

USMS - BROOKLY, NY

| NAME | BY | DATE |
| A. Burton, DUSM | S. Bowyer, USMS | 03/30/2023 |

[1]Insert designation of officer to whom the warrant is issued, e.g. " any United States Marshal or any other authorized officer;" or "any United States marshal;" or "any Special Agent of the Federal Bureau of Investigation" or "any United States Marshal or any Special Agent of the Federal Bureau of Investigation;" or "any agent of the Alcohol Tax Unit".

| **FILED** |
| DATE____3/30/2023 LMA |
| PETER A. MOORE JR CLERK |
| USDISTRICT COURT, EDNC |

## JA59

**Query    Reports    Utilities    Help    What's New    Log Out**

CLOSED

# U.S. District Court
## Eastern District of New York (Brooklyn)
## CRIMINAL DOCKET FOR CASE #: 1:23-mj-00304-RML All Defendants

Case title: USA v. MANN

Date Filed: 03/30/2023

Date Terminated: 03/31/2023

---

Assigned to: Magistrate Judge Robert M. Levy

**Defendant (1)**

**TIMOTHY MANN**
*TERMINATED: 03/31/2023*

represented by **Michael P. Padden**
Federal Defenders of New York, Inc.
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201
(718) 330-1240
Fax: 718-855-0760
Email: michael_padden@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or*
*Community Defender Appointment*

**Pending Counts**                          **Disposition**

None

**Highest Offense Level (Opening)**

None

**Terminated Counts**                       **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                              **Disposition**

18:2261.F

---

**Plaintiff**

JA60

Eastern District of New York - LIVE Database 1.7 (Revision 1.7.1.1)

**USA**                    represented by    **Matthew Charles Skurnik**
DOJ-USAO
US Attorney's Office for the Eastern District
of New Yo
271 Cadman Plaza E
Ste 4090
Brooklyn, NY 11201
718-254-6231
Email: matthew.skurnik2@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Government Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/30/2023 | 1 | RULE 40 AFFIDAVIT/ removal complaint to the Eastern District of NC by USA as to TIMOTHY MANN. Signed by Judge Robert Levy dtd 3/30/2023. (SY) (SY). (Additional attachment(s) added on 3/31/2023: # 1 Appendix) (SY). (Entered: 03/30/2023) |
| 03/30/2023 | | Minute Entry for proceedings held before Magistrate Judge Robert M. Levy: Initial Appearance in Rule 5(c)(3) Proceedings as to TIMOTHY MANN held on 3/30/2023, Attorney Appointment of federal defender Michael Padden for the defendant. AUSA Matthew Skurnik. (FTR Log #2;33-3;15) Defendant arraigned on a removal complaint to the ND of North Carolina. Government seek detention. Court agrees and will enter detention order to removed deft in custody. Defendant waived identity hearing. 2nd call ( 4;18-4;35.) - defense presented more evidence and request deft be release. Upon reviewing, the Court set a bond in the amount of $20,000. Defendant given bail warnings and signed bond. Gov't request stay of bond for 24 hours granted. Temporary order of detention entered till 3/31/2023 2pm. (SY) (Entered: 03/31/2023) |
| 03/30/2023 | 2 | TEMPORARY COMMITMENT Issued as to TIMOTHY MANN to 3/31/2023 2pm. Signed by Judge Robert Levy dtd 3/30/2023. (SY) (Entered: 03/31/2023) |
| 03/30/2023 | 3 | WAIVER of Rule 5(c)(3) Hearing by TIMOTHY MANN (SY) (Entered: 03/31/2023) |
| 03/30/2023 | | Arrest (Rule 40) of TIMOTHY MANN (MS) (Entered: 03/31/2023) |
| 03/31/2023 | | Minute Entry for proceedings held before Magistrate Judge Robert M. Levy: For a Status Conference as to TIMOTHY MANN held on 3/31/2023. AUSA Matthew Skurnik; Defense Michael Padden, Pretrial Officer Valeria Lopez. The Government did not seek an appeal from North Carolina. The defendant was advised of bond conditions. The defendant was released. (FTR Log #2:17-2:22.) (MS) (Entered: 03/31/2023) |
| 03/31/2023 | 4 | ORDER Setting Conditions of Release as to TIMOTHY MANN (1) 20,000.. Ordered by Magistrate Judge Robert M. Levy on 3/31/2023. (MS) (Entered: 03/31/2023) |
| 04/03/2023 | 6 | TRANSCRIPT of Proceedings as to TIMOTHY MANN held on March 30, 2023, before Judge Levy. Court Reporter/Transcriber Abba Reporting. Email address: abbareporting@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.File redaction request using event "Redaction Request - Transcript" located under "Other Filings - Other Documents". Redaction Request due 4/24/2023. Redacted Transcript Deadline set for 5/4/2023. Release of Transcript Restriction set for 7/3/2023. (LH) (Entered: 04/03/2023) |

**JA61**

AB:MS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

        - against -

TIMOTHY MANN,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

**R E M O V A L   T O   T H E**
**E A S T E R N   D I S T R I C T   O F**
**N O R T H   C A R O L I N A**

(Fed. R. Crim. P. 5)

Case No. 23-MJ-304

EASTERN DISTRICT OF NEW YORK, SS:

        Thomas Jack, being duly sworn, deposes and states that he is a Deputy Marshal with the United States Marshals Service, duly appointed according to law and acting as such.

        On March 28, 2023, the United States District Court for the Eastern District of North Carolina issued a warrant for the arrest of the defendant TIMOTHY MANN for a violation of his conditions of his pretrial release.

        The source of your deponent's information and the grounds for his belief are as follows:[1]

        1.      On or about December 13, 2022, the United States District Court for the Eastern District of North Carolina issued a warrant for the arrest of the defendant TIMOTHY MANN for a violation of Title 18, United States Code, Section 2261A(2) (cyberstalking).   On December 20, 2022, MANN was arrested in the Eastern District of New York on that warrant and had an initial appearance before Judge Bulsara.   See United States v. Timothy Mann, No.

---

      [1]      Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

2

22-MJ-1355 (E.D.N.Y.). Judge Bulsara entered an order providing for the defendant's release on $20,000 bond, as well conditions, including that he remain within New York City, Long Island, and the Eastern District of North Carolina; that he not contact the victims in his case; and that he be subject to home detention with location monitoring.   Id., ECF No. 2.

2.      On January 18, 2023, the defendant was indicted in the Eastern District of North Carolina on two counts of cyberstalking, in violation of 18 U.S.C. § 2261A(2).   A true and correct copy of that indictment is attached hereto as Exhibit A.   The next day, January 19, 2023, the defendant had an initial appearance in the Eastern District of North Carolina on that indictment.   United States Magistrate Judge James E. Gates of the Eastern District of North Carolina adopted the conditions of release imposed by the Judge Bulsara, and also imposed additional conditions, including monitoring of the defendant's computer usage, and that the defendant avoid contact with family members and close associates of any victims.   A true and correct copy of Judge Gates' order is attached as Exhibit B.

3.      On March 28, 2023, the United States District Court for the Eastern District of North Carolina issued a warrant for the defendant's arrest for violation of his conditions of pretrial release.   The violations alleged are that at the dates specified, MANN violated the court-imposed location monitoring conditions and refused to submit documentation about his leave requests.   He also is alleged to have used an unauthorized and unmonitored device to reset a password associated with an Instagram account and then, using that account, to have contacted a friend of one of his victims through an unauthorized and unmonitored device. A true and correct copy of the March 28, 2023 warrant and an associated petition are attached hereto as Exhibit C.

4.      On March 29, 2023, members of the United States Marshals Service

JA63

arrested MANN on the March 28, 2023 warrant following a meeting between MANN and

Pretrial Services.

        5.      I have reviewed the March 28, 2023 warrant and a photograph of MANN

on file with the U.S. Marshals Service.   I observed that MANN's appearance is consistent with

the photograph of the TIMOTHY MANN wanted in the Eastern District of North Carolina.

MANN also identified himself as TIMOTHY MANN.   Finally, I asked MANN his date of birth

and social security number, and his responses matched the date of birth and social security

number on file with U.S. Marshal Service.

        WHEREFORE, your deponent respectfully requests that the defendant

TIMOTHY MANN be removed to the Eastern District of North Carolina so that he may be dealt

with according to law.

        *thomas JACK*
_____
        Thomas Jack
        Deputy Marshal, United States Marshals Service

Sworn to before me this
30th day of March, 2023

 S/ Robert Levy
_____
THE HONORABLE ROBERT M. LEVY
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

# EXHIBIT A

FILED IN OPEN COURT
ON ___1/18/23 BEH___
Peter A. Moore, Jr., Clerk
US District Court
Eastern District of NC

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:23- CR-14-1M-KS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **INDICTMENT** |
| ) | |
| TIMOTHY MANN ) | |

The Grand Jury charges that:

## Count One

From in or around February 2022 through in or around November 2022, in the Eastern District of North Carolina, and elsewhere, defendant TIMOTHY MANN with the intent to injure, harass, and intimidate victim D.E., used facilities of interstate and foreign commerce, including electronic mail and internet social media applications, to engage in a course of conduct that caused substantial emotional distress to D.E. and placed him in reasonable fear of death and serious bodily injury, in violation of Title 18, United States Code, Sections 2261A(2).

## Count Two

From in or around March 2022 through in or around November 2022, in the Eastern District of North Carolina, and elsewhere, defendant TIMOTHY MANN with the intent to injure, harass, and intimidate victim Q.H., used facilities of interstate and foreign commerce, including electronic mail and internet social media applications, to engage in a course of conduct that caused substantial emotional

JA66

distress to Q.H. and placed her in reasonable fear of death and serious bodily injury,

in violation of Title 18, United States Code, Sections 2261A(2).

A TRUE BILL

**REDACTED VERSION**
Pursuant to the E-Government Act and the
federal rules, the unredacted version of
this document has been filed under seal.

FOREPERSON

DATE: _1-18-2023_

MICHAEL F. EASLEY, JR.
United States Attorney

By: _____ For:
    JAKE D. PUGH
    Assistant United States Attorney
    Criminal Division

**JA67**

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:23-CR-14-M-KS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| TIMOTHY MANN, | ) | |
| | ) | |
| Defendant. | ) | |

On 13 December 2022, a criminal complaint (D.E. 1) and associated arrest warrant (D.E. 2) were issued in this court against the defendant. On 20 December 2022, he was arrested in the Eastern District of New York on that warrant and had an initial appearance in the court for that district ("EDNY"). *See generally U.S. v. Mann*, 1:22-mj-01355-SJB-1 (EDNY)). That court entered an order at the initial appearance providing for the defendant's release on conditions ("Release Order" (D.E. 3-2) (copy attached)). On 13 January 2023, the EDNY entered an order (EDNY D.E. 7) removing the condition in the Release Order that the appearance bond for the defendant be co-signed. The defendant was indicted in this case on 18 January 2023. *See* Indict. (D.E. 14). Today, the defendant self-reported for his initial appearance in this court, although an arrest warrant (D.E. 17) had been issued on the indictment.

As announced during the initial appearance, this court hereby ADOPTS as its own all the conditions set forth in the Release Order, except the condition that the defendant's appearance bond be co-signed, which the EDNY removed.

This court also imposes the following additional conditions:

1.      At the direction of the probation officer, the defendant must consent to the installation of systems or software that will allow the probation officer or designee to monitor

**JA69**

computer use. The defendant shall have access to only one device that can access the internet or an internet service provider, which shall be monitored by pretrial services.

     2.     The defendant shall report as soon as possible to the pretrial services or supervising officer every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

     3.     In addition to avoiding all contact with any victim of the crimes alleged against him (*see* Release Order 1 ¶ 2), the defendant shall avoid all contact with the family members and close associates of any victim.

At today's initial appearance, the defendant acknowledged his understanding of, and agreement to comply with, the conditions in the Release Order, as modified by removal of the condition for a co-signer for the appearance bond, and the additional conditions set forth in this order.

The defendant having self-reported for the initial appearance, the warrant for his arrest on the indictment (D.E. 17) is QUASHED and of no force and effect.

SO ORDERED, this 19th day of January 2023.

                                        James E. Gates
                                        United States Magistrate Judge

**United States District Court, Eastern District of New York**

| UNITED STATES OF AMERICA | **ORDER SETTING CONDITIONS OF RELEASE** |
|---|---|
| v. | **AND APPEARANCE BOND** |

Defendant _Timothy Mann_, Defendant.

Case Number: _22 - 1355m_

### RELEASE ORDER

It is hereby ORDERED that the above-named defendant be released subject to the Standard Conditions of Release on the reverse and as follows:

[ ]  Upon **Personal Recognizance Bond** on his/her promise to appear at all scheduled proceedings as required, or

[X]  Upon **Bond** executed by the defendant in the amount of $ _20,000_ , and

secured by [ ] financially responsible sureties listed below and/or [ ] collateral set forth below.

### Additional Conditions of Release

The Court finding that release under the Standard Conditions of Release on the reverse will not by themselves reasonably assure the appearance of the defendant and/or the safety of other persons and the community, IT IS FURTHER ORDERED as follows:

[X] 1.  The defendant must remain in and may not leave the following areas without Court permission: [X] New York City; [X] Long Island, NY; [ ] New York State; [ ] New Jersey; [X] _E.D. N.C._ and travel to and from this Court and the permitted areas.

[ ] 2.  The defendant must avoid all contact with the following persons or entities: _NO CONTACT W/ VICTIMS_

[ ] 3.  The defendant must avoid and not go to any of the following locations: _NO WEAPONS_

[X] 4.  The defendant must surrender all passports to Pretrial Services by _____ and not obtain other passports or international travel documents.

[X] 5.  The defendant is placed under the supervision of the Pretrial Services Agency subject to the Special Conditions on the reverse and:

    [X] a.  is subject to random visits by a Pretrial Services officer at defendant's residence and/or place of work;

    [X] b.  must report [ ] as directed by Pretrial Services or [ ] in person ___ times per _____ and/or [ ] by telephone ___ times per _____.

    [ ] c.  must undergo [ ] testing, [ ] evaluation and/or [ ] treatment for substance abuse, including alcoholism, as directed by Pretrial Services.

    [ ] d.  must undergo evaluation and treatment for mental health problems, as directed by Pretrial Services.

    [ ] e.  is subject to the following location restriction program with location monitoring, as directed by Pretrial Services:

        [ ] home incarceration: restricted to home at all times, except for attorney visits, court appearances and necessary medical treatment;

        [X] home detention: restricted to home at all times, except for attorney visits, court appearances, medical treatment, [ ] religious services, [X] employment, [X] school or training, [ ] other activities approved by Pretrial Services, [ ] _____

    [ ] curfew: restricted to home every day from _____ to _____, or [ ] as directed by Pretrial Services.

    [X] Defendant must pay all or part of the cost of any required testing, evaluation, treatment and/or location monitoring with personal funds, based upon ability to pay as determined by the Court and the Pretrial Services Agency, and/ or from available insurance.

[X] 6.  Other Conditions: _1 Surr for to sign by 1/10/23_

### APPEARANCE BOND

I, the undersigned defendant, and each surety who signs this bond, acknowledge that I have read this Appearance Bond and, and have either read all the other conditions of release or have had those conditions explained. I further acknowledge that I and my personal representatives, jointly and severally, are bound to pay the United States of America the sum of $ _____ and that this obligation is secured with the below interest in the following property ("Collateral") which I represent is/are free and clear of liens except as otherwise indicated:

    [ ] cash deposited in the Registry of the Court in the sum of $ _____ ;

    [ ] premises located at: _____ owned by _____ .

    [ ] I also agree to execute a confession of judgment, mortgage or lien in form approved by the U.S. Attorney which shall be duly filed with the proper local and state authorities on or before _____ .

Each owner of the above Collateral agrees not to sell the property, allow further claims or encumbrances to be made against it, or do anything to reduce its value while this Appearance Bond is in effect.

*Forfeiture of the Bond.* This Appearance Bond may be forfeited if the defendant fails to comply with any of the conditions set forth above and on the reverse. The defendant and any surety who has signed this bond also agree that the court may immediately order the amount of the bond surrendered to the United States, including any security for the bond, if the defendant fails to comply with the above agreement. The court may also order a judgment of forfeiture against the defendant and against each surety for the entire amount of the bond, including any interest and costs. _Date_

_____ Address: _____ _____
, Surety

_____ Address: _____ _____
, Surety

_____ Address: _____ _____
, Surety

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release and of the penalties and sanctions set forth on the front and reverse sides of this form.

Signature of Defendant

Release of the Defendant is hereby ordered on _1 - 20 , 20 22_

Distribution:   Canary - Court   Pink - Pretrial Services   Goldenrod -Defendant

**JA71**

### STANDARD CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:
(1) The defendant must not violate any federal, state or local law while on release.
(2) The defendant must cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.
(3) The defendant must advise the Court, the Pretrial Services office, defense Counsel and the U.S. Attorney in writing before making any change in address or telephone number.
(4) The defendant must appear in court as required and must surrender for service of any sentence imposed as directed.
(5) The defendant must refrain from use or unlawful possession of a narcotic drug or other controlled substances as defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
(6) If the defendant fails to report as required to the Pretrial Services Agency, defendant may be subject to such random visits at his/her residence or work by a Pretrial Services Officer as may be necessary to verify his/her residence or place of employment in order to secure compliance with the order of release.
(7) The defendant must not possess a firearm, destructive device, or other weapon.

### SPECIAL CONDITIONS OF RELEASE FOR TESTING, TREATMENT OR EVALUATION AND FOR LOCATION MONITORING

1. If the defendant fails to appear for any specified treatment or evaluation, defendant may be subject to such random visits at his/her residence or work by a Pretrial Services Officer as may be necessary to verify his/her residence or place of employment in order to secure compliance with the order of release.
2. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing, as determined by Pretrial Services.
3. If defendant is subject to a location restriction program or location monitoring, defendant must:
   (a) stay at his/her residence at all times except for approved activities and may not leave for approved activities without providing prior notice to Pretrial Services, except in cases of medical emergencies.
   (b) abide by all program requirements and instructions provided by Pretrial Services relating to the operation of monitoring technology. Unless specifically ordered by the court, Pretrial Services may require use of one of the following or comparable monitoring technology: Radio Frequency (RF) monitoring; Passive Global Positioning Satellite (GPS) monitoring; Active Global Positioning Satellite (GPS) monitoring (including "hybrid" (Active/Passive) GPS); Voice Recognition monitoring.

### FORFEITURE OF THE BOND

This appearance bond may be forfeited if the defendant does not comply with the conditions of release set forth in this Order Setting Conditions of Release and Bond. The court may immediately order the amount of the bond and any Collateral surrendered to the United States if the defendant does not comply with the agreement. At the request of the United States, the court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

### RELEASE OF THE BOND

This appearance bond may be terminated at any time by the Court. This bond will be satisfied and the security will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

### ADVICE OF PENALTIES AND SANCTIONS TO THE DEFENDANT

Defendant is advised that violating any of the foregoing conditions of release may result in the immediate issuance of a warrant of arrest, a revocation of the order of release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.
While on release, if defendant commits a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (i.e., in addition to) to any other sentence defendant may receive.
It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.
If, after release, defendant knowingly fails to appear as the conditions of release require, or to surrender to serve a sentence, defendant may be prosecuted for failing to appear or surrender and additional punishment may be imposed, whether or not the defendant is convicted of the pending charges. If defendant is convicted of:
(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – defendant will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – defendant will be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony    defendant will be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor – defendant will be fined not more than $100,000 or imprisoned not more than one year, or both.
A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence imposed. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

**JA72**

# EXHIBIT C

PS-8
8/88

# UNITED STATES DISTRICT COURT
## for the
### EASTERN DISTRICT OF NORTH CAROLINA

**U.S.A. vs. Timothy Mann**                                    **Docket No. 5:23-CR-14-1M**

### Sealed Petition for Action on Conditions of Pretrial Release
Warrant Requested

COMES NOW John Seth Coleman, U.S. Probation Officer of the Court, presenting an official report upon the conduct of defendant, Timothy Mann, who was placed under pretrial release supervision by the Honorable James E. Gates, U.S. Magistrate Judge, sitting in the Court at Raleigh, on the 19th day of January, 2023. Arraignment is scheduled for April 25, 2023, before the Honorable Richard E. Myers II, Chief District Judge.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

The supervising pretrial services officer in the Eastern District of New York has reported the following violations: The defendant violated the court-imposed Location Monitoring conditions on January 21, January 29, February 9, March 2, March 4, March 5, March 6, March 7, March 8, and March 9, 2023, and refuses to submit proper documentation regarding his leave requests. Furthermore, on February 13 and 14, 2023, the defendant used an unauthorized/unmonitored electronic device to access the social media applications WhatsApp and Telegram, neither of which are downloaded on his approved/monitored device. On February 20, 2023, the defendant used an unauthorized/unmonitored device to reset the password associated with the Instagram account "tim2sharp". He received emails confirming the password reset, but does not have Instagram downloaded on his authorized/monitored device. On February 26, 2023, the defendant, using the username "tim2sharp", used an unauthorized/unmonitored device to contact a friend of one of the victims.

**PRAYING THAT THE COURT WILL ORDER** that a warrant be issued for the defendant's arrest and a bond hearing be scheduled to determine if the defendant's bond should be revoked. It is recommended that this petition and order be placed under seal until the execution of the warrant. The purpose of sealing this document is to facilitate officer safety and to disallow defendant's knowledge of issuance of the warrant. The clerk shall provide a copy of the petition and warrant to the U.S. Probation Office and the U.S. Attorney's Office.

Reviewed and approved,                      I declare under penalty of perjury that the foregoing is
                                            true and correct.


/s/ Keith W. Lawrence                       /s/ John Seth Coleman
Keith W. Lawrence                           John Seth Coleman
Supervising U.S. Probation Officer          U.S. Probation Officer
                                            150 Rowan Street Suite 110
                                            Fayetteville, NC 28301
                                            Phone: 910-354-2545
                                            Executed On: March 22, 2023

### ORDER OF THE COURT

Considered and ordered the __28th__ day of __March_____ , 2023, and ordered filed and made part of the records in the above case.


_____
James E. Gates
United States Magistrate Judge

JA74

PROB 18
(REV. 8/2/2010)

# UNITED STATES DISTRICT COURT
## FOR
## EASTERN DISTRICT OF NORTH CAROLINA
### Western    Division

U.S.A.  vs. MANN                                                    5:23-CR-14-1M

TO: [1]U.S. Marshal or Other Qualified Officer.

---

**WARRANT FOR ARREST**

---

You are hereby commanded to arrest the within-named individual and bring them, forthwith, before United States District Court to answer charges that they have violated the conditions of their supervision imposed by the court

NAME:

TIMOTHY MANN

---

| SUPERVISION IMPOSED BY: | DATE IMPOSED |
|---|---|
| USMJ JAMES E. GATES | 1/19/2023 |

---

TO BE BROUGHT BEFORE:

---

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| Peter A. Moore, Jr. | | 3/28/2023 |

---

**RETURN**

---

| WARRANT RECEIVED AND EXECUTED | DATE RECEIVED | DATE EXECUTED |
|---|---|---|

---

EXECUTING AGENCY (NAME AND ADDRESS)

---

| NAME | BY | DATE |
|---|---|---|

---

[1]Insert designation of officer to whom the warrant is issued, e.g. " any United States Marshal or any other authorized officer;" or "any United States marshal;" or "any Special Agent of the Federal Bureau of Investigation" or "any United States Marshal or any Special Agent of the Federal Bureau of Investigation;" or "any agent of the Alcohol Tax Unit".

AO 466A (Rev. 12/17)  Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
for the
E · D · of N.Y.

|  |  |  |
|---|---|---|
| United States of America | ) |  |
| v. | ) | Case No.  23-304 M |
| Timothy Mann | ) |  |
|  | ) | Charging District's Case No.  5:23-CR-14-1M |
| _____ | ) |  |
| *Defendant* | ) |  |

## WAIVER OF RULE 5 & 5.1 HEARINGS
### (Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)*
EASTERN DISTRICT OF NORTH CAROLINA

I have been informed of the charges and of my rights to:

(1)     retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)     an identity hearing to determine whether I am the person named in the charges;

(3)     production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)     a preliminary hearing to determine whether there is probable cause to believe that an offense has been committed, to be held within 14 days of my first appearance if I am in custody and 21 days otherwise, unless I have been indicted beforehand.

(5)     a hearing on any motion by the government for detention;

(6)     request a transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☑     an identity hearing and production of the warrant.

☐     a preliminary hearing.

☐     a detention hearing.

☐     an identity hearing, production of the judgment, warrant, and warrant application, and any preliminary or detention hearing to which I may be entitled in this district. I request that my ☐ preliminary hearing and/or ☐ detention hearing be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date:   3/3/2023

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

Michael Padden
_____
*Printed name of defendant's attorney*

**JA76**

EDNY OSCR and Bond (03-01-2023)                               Page    1    of   2

## UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF NEW YORK

**United States of America**             Case No.   23 - 304 M

v.   _Timothy Mann_____ , *Defendant*

### ORDER SETTING CONDITIONS OF RELEASE AND APPEARANCE BOND

#### RELEASE ORDER

It is hereby ORDERED that the above-named defendant be released subject to the Conditions of Release below and:
( ) On **Personal Recognizance** on the defendant's promise to appear at all scheduled proceedings as required, or
(✓) Upon **Bond** executed by the defendant in the amount of $ _20,000_____ , which shall be
    ☐ unsecured; ☐ cosigned by the financially responsible sureties identified on this bond;
    ☐ secured by Collateral set forth on the Appearance Bond Supplement.

#### CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to the following conditions, which the Court finds are the least restrictive conditions necessary to reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1)   The defendant must appear in court as required and surrender as directed for service of any sentence imposed.
(2)   The defendant must not commit a federal, state or local crime while on release.
(3)   The defendant must cooperate in the collection of DNA sample if it is authorized by 34 U.S.C. § 40702.
(4)   The defendant must advise the Court in writing before making any change in residence or telephone number.
(5)   The defendant must not possess a firearm, destructive device or other dangerous weapon.
(6)   The defendant must not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner. Marijuana is still prohibited under federal law.
(7)   As marked below, the defendant must also:
     (✓) (a) submit to pretrial supervision and report to Pretrial Services as directed. The defendant is subject to random home contacts and verification of employment as deemed appropriate to monitor compliance with the conditions of release. The defendant shall notify Pretrial Services as soon as possible of any arrests.
     ( ) (b) ☐ continue or actively seek employment. ☐ continue or start an education and/or vocational program.
     (✓) (c) surrender any passport to Pretrial Services by _____ and not obtain a passport or any international travel document.
     (✓) (d) not leave the following areas except for travel to and from court: ☑ New York City; ☑ Long Island;
         ☐ New York State; ☐ New Jersey; ☐ Continental United States; ☐ as approved by Pretrial Services;
         ☐ other: _North Carolina + points between_
     (✓) (e) not have any contact with the following individual(s), location or entity: _Victims, Victims Families, Association_ or at a location approved by Pretrial Services. _A_
     (✓) (f) maintain residence at: _____ _Witness_
     ( ) (g) undergo testing, evaluation and/or treatment for substance abuse as directed by Pretrial Services.
     (✓) (h) undergo evaluation and treatment for mental health problems, as directed by Pretrial Services.
     (✓) (i) be subject to the following component of location monitoring, with technology as determined by Pretrial Services:
         ( ) (i) **Curfew** – restricted to residence ☐ daily from _____ to _____ ; or ☐ as directed by Pretrial Services.
         ( ) (ii) **Home Detention** – restricted to residence at all times, except for court appearances, court-ordered obligations, attorney visits, religious services, medical appointments, employment, education, substance abuse/mental health services and other activities approved in advance by Pretrial Services. Additionally, the Court permits: _____
         ( ) (iii) **Home Incarceration** – 24-hour lock-down at residence, except for medical necessities, court appearances, and any other activities ordered by the Court.
         ( ) (iv) **Stand Alone Monitoring** – no residential restrictions; this condition will be used in conjunction with global positioning system (GPS) technology.
     (✓) (j) pay all or part of cost of location monitoring, based on ability to pay as determined by Pretrial Services.
     (✓) (k) _Cyber Monitoring with 1 authorized device._

Page    2    of    2

## APPEARANCE BOND

I, the undersigned defendant, and each surety who signs the bond, acknowledge that I have read this Order Setting Conditions of Release and Appearance Bond and have either read all the other conditions of release or have had those conditions explained to me. (If the bond is secured by collateral, complete Appearance Bond Supplement.)

| | | |
|---|---|---|
| , Surety | Address | Date |
| , Surety | Address | Date |
| , Surety | Address | Date |

## RELEASE OF THE BOND

This appearance bond may be terminated at any time by the Court. This bond will be satisfied, and the collateral will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

## FORFEITURE OF THE BOND

If the defendant does not comply with the conditions set forth in this Order Setting Conditions of Release and Appearance Bond, this appearance bond may be forfeited and the Court may immediately order the amount of the bond and any collateral to be surrendered to the United States. At the request of the United States, the Court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT – YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

- Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.
- While on release, if you commit a federal felony offense, the punishment is an additional prison term of not more than ten years, and for a federal misdemeanor offense, the punishment is an additional prison term of not more than one year. This sentence will be consecutive to (*i.e.*, must follow) any other sentence you receive.
- It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the Court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.
- If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:
    (1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
    (2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or more than $250,000 or imprisoned for not more than five years, or both;
    (3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;
    (4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.
- A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## ACKNOWLEDGMENT OF THE DEFENDANT

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

*Defendant's Signature*

Release of the Defendant is hereby ordered on 3/30/23 .

*Date*                          *Judicial Officer's Signature*   , US MJ

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:23-CR-00014-M-KS

| | |
|---|---|
| UNITED STATES OF AMERICA | MOTION TO CONTINUE |
| | INITIAL APPEARANCE |
| v. | ON REVOCATION |
| | |
| TIMOTHY MANN | |

The Defendant, Timothy Mann, by and through undersigned counsel, respectfully moves the Court to continue the initial appearance on Revocation of Pretrial Release currently set for April 7, 2023, to date close to the Arraignment currently set for the April 25, 2023 term of Court. The following is offered in support of this motion:

1. Mr. Mann was charged by Criminal Indictment filed in the Eastern District of North Carolina on January 18, 2023, charging him Two Counts of Cyberstalking, in violation of 18 U.S.C. §2261A(2).

2. Mr. Mann was arrested in the Eastern District of New York on or about December 20, 2022, where he appeared in Court for an initial appearance and was released on conditions set by the Court, to include travel restrictions and home detention.

3. On January 19, 2023 Mr. Mann had his Initial Appearance in the Eastern District of North Carolina before Magistrate Judge James E. Gates. Mr. Mann was released on same conditions adopted by the Eastern District of New York.

4. Mr. Mann was arrested last week on alleged pretrial release violations and had an initial appearance in the Eastern District of New York on March 30, 3023. At that hearing, the Court released Mr. Mann under existing conditions.

1

5. Due to his financial circumstances, it would be a financial hardship for Mr. Mann to pay for transport to and lodging in North Carolina for both the Initial Appearance on Revocation currently scheduled for April 7, 2023 and his Arraignment currently scheduled for April 25, 2023..

6. Undersigned counsel respectfully moves the Court to continue the initial appearance on Revocation of Pretrial Release currently set for April 7, 2023, to date of Arraignment currently set for April 25, 2023

7. Undersigned counsel has contacted AUSA Jake Pugh and has not received a position as to this motion.

Wherefore, Defendant Mann respectfully moves this Court to continue the Initial Appearance in this matter to the date of Arraignment, currently set for April 25, 2023.

Respectfully submitted this 5th day of April, 2023.

G. ALAN DuBOIS
Federal Public Defender

/s/ David W. Venable
DAVID W. VENABLE
Assistant Federal Public Defender
Attorney for Defendant
Office of the Federal Public Defender
150 Fayetteville Street, Suite 450
Raleigh, North Carolina 27601
Telephone: 919-856-4236
Fax: 919-856-4477
E-mail: David_Venable@fd.org
N.C. State Bar No. 23307
LR 57.1 Counsel Appointed

2

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing was served upon:

JAKE PUGH
United States Attorney's Office - EDNC
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601

by electronically filing the foregoing with the Clerk of Court on April 5, 2023, using the CM/ECF system which will send notification of such filing to the above.

This the 5th day of April, 2023.

/s/ David W. Venable
DAVID W. VENABLE
Assistant Federal Public Defender
Attorney for Defendant
Office of the Federal Public Defender
150 Fayetteville Street, Suite 450
Raleigh, North Carolina 27601
Telephone: 919-856-4236
Fax: 919-856-4477
E-mail: David_Venable@fd.org
N.C. State Bar No. 23307
LR 57.1 Counsel Appointed

3

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5 :23-CR-00014-M-KS

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | ORDER |
| TIMOTHY MANN | |

This matter is before the Court on the defendant's Unopposed Motion to move the initial appearance on the pretrial release revocation in this matter to April 25, 2023.

For good cause shown, it is hereby ORDERED that the initial appearance on revocation in this matter be continued until _____.

This Court has determined that the ends of justice outweigh the best interests of the public and the defendant in a speedy trial. The delay occasioned by the continuance shall be excluded in computing the defendant's speedy trial time. See 18 U.S.C. § 3161(h)(7).

SO ORDERED.

This____day of April, 2023.

_____
Robert T. Numbers, II
United States Magistrate Judge

**JA82**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:22-mj-02161-RN

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TIMOTHY MANN | ORDER |

This matter is before the Court on the Defendant's Motion to continue the initial appearance on the pretrial release revocation in this matter to April 25, 2023.

For good cause shown, it is hereby ORDERED that the initial appearance on revocation in this matter be continued until _____.

This Court has determined that the ends of justice outweigh the best interests of the public and the defendant in a speedy trial. The delay occasioned by the continuance shall be excluded in computing the defendant's speedy trial time. See 18 U.S.C. § 3161(h)(7).

SO ORDERED.

This____day of April, 2023.

_____
Robert T. Numbers, II
United States Magistrate Judge

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:22-mj-02161-RN

|  |  |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | ORDER |
| TIMOTHY MANN | |

This matter is before the Court on the Defendant's Motion to continue the initial appearance on the pretrial release revocation in this matter to April 25, 2023.

For good cause shown, it is hereby ORDERED that the initial appearance on revocation in this matter be continued until  April 21, 2023 at 10:00am  .

This Court has determined that the ends of justice outweigh the best interests of the public and the defendant in a speedy trial. The delay occasioned by the continuance shall be excluded in computing the defendant's speedy trial time. See 18 U.S.C. § 3161(h)(7).

SO ORDERED.

This 5th day of April, 2023.

_Robert T Numbers II_
Robert T. Numbers, II
United States Magistrate Judge

JA84

PS-8
8/88

## UNITED STATES DISTRICT COURT
### for the
### EASTERN DISTRICT OF NORTH CAROLINA

**U.S.A. vs. Timothy Mann**                                    **Docket No. 5:23-CR-14-1M**

### Amended Petition for Action on Conditions of Pretrial Release

COMES NOW John Seth Coleman, U.S. Probation Officer of the Court, presenting an official report upon the conduct of defendant, Timothy Mann, who was placed under pretrial release supervision by the Honorable James E. Gates, U.S. Magistrate Judge, sitting in the Court at Raleigh, on the 19th day of January, 2023. Arraignment is scheduled for April 25, 2023, before the Honorable Richard E. Myers II, Chief District Judge. On March 22, 2023, a Petition for Action on Conditions of Pretrial Release was filed, and a Warrant for Arrest was issued by the Honorable James E. Gates, Magistrate Judge. On March 30, 2023, the defendant was arrested in the Eastern District of New York and a Rule 5 hearing was held before the Honorable Robert M. Levy, Magistrate Judge. At that time the Court set a bond in the amount of $20,000. The defendant was released from custody on March 31, 2023. A bond revocation hearing is scheduled for April 21, 2023, before the Honorable Brian S. Meyers, Magistrate Judge.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

The supervising pretrial services officer in the Eastern District of New York has reported the following violations: The defendant violated the court-imposed Location Monitoring conditions on January 21, January 29, February 9, March 2, March 4, March 5, March 6, March 7, March 8, and March 9, 2023, and refuses to submit proper documentation regarding his leave requests. Furthermore, on February 13 and 14, 2023, the defendant used an unauthorized/unmonitored electronic device to access the social media applications WhatsApp and Telegram, neither of which are downloaded on his approved/monitored device. On February 20, 2023, the defendant used an unauthorized/unmonitored device to reset the password associated with the Instagram account "tim2sharp". He received emails confirming the password reset, but does not have Instagram downloaded on his authorized/monitored device. On February 26, 2023, the defendant used an unauthorized/unmonitored device to contact Instagram followers of one of the victims, using the username "tim2sharp". Additionally, on April 17, 2023, our office was notified by Special Agent Michael Neylon of the Federal Bureau of Investigation, that on April 16, 2023, the defendant contacted one of the victims via Instagram message using the username "thereal2sharptim".

**PRAYING THAT THE COURT WILL ORDER** that a pretrial revocation hearing be conducted to determine if the defendant's release on pretrial conditions should be revoked.

Reviewed and approved,                      I declare under penalty of perjury that the foregoing is
                                            true and correct.


/s/ Keith W. Lawrence                        /s/ John Seth Coleman
Keith W. Lawrence                            John Seth Coleman
Supervising U.S. Probation Officer           U.S. Probation Officer
                                             150 Rowan Street Suite 110
                                             Fayetteville, NC 28301
                                             Phone: 910-354-2545
                                             Executed On: April 19, 2023

### ORDER OF THE COURT

Considered and ordered the __19th__ day of __April_____, 2023, and ordered filed and made part of the records in the above case.


James E. Gates
United States Magistrate Judge

JA85

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-CR-00014-M-KS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TIMOTHY MANN | **MOTION TO WITHDRAW AS COUNSEL OF RECORD** |

The Office of the Federal Public Defender hereby respectfully moves the Court for an order allowing it to withdraw as counsel of record for Timothy Mann. The grounds for this motion are based on an irretrievable breakdown in the professional relationship between Mr. Mann and the undersigned. Timothy Mann requests replacement counsel be appointed. Accordingly, undersigned counsel respectfully requests that this Court grant his Motion to Withdraw.

WHEREFORE, the Office of the Federal Public Defender respectfully moves the Court for an order allowing it to withdraw as counsel for Mr. Mann, and for authorization to assign new counsel.

Respectfully requested this 25th day of April, 2023.

G. ALAN DUBOIS
Federal Public Defender

/s/ David W. Venable
DAVID W. VENABLE
Assistant Federal Public Defender
Attorney for Defendant
Office of the Federal Public Defender
150 Fayetteville Street, Suite 450
Raleigh, North Carolina 27601
Telephone: 919-856-4236
Fax: 919-856-4477
E-mail: David_Venable@fd.org
N.C. State Bar No. 23307
LR 57.1 Counsel Appointed

JA86

*CERTIFICATE OF SERVICE*

I HEREBY CERTIFY that a copy of the foregoing was served upon:

Jake D. Pugh
United States Attorney's Office - EDNC
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601


by electronically filing the foregoing with the Clerk of Court on April 25, 2023, using the CM/ECF system which will send notification of such filing to the above.

This the 25th day of April, 2023.

/s/ David W. Venable
DAVID W. VENABLE
Assistant Federal Public Defender
Attorney for Defendant
Office of the Federal Public Defender
150 Fayetteville Street, Suite 450
Raleigh, North Carolina 27601
Telephone: 919-856-4236
Fax: 919-856-4477
E-mail: David_Venable@fd.org
N.C. State Bar No. 23307
LR 57.1 Counsel Appointed

2

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO.  5:23-CR-00014-M-KS

| | |
|---|---|
| UNITED STATES OF AMERICA | ORDER |
| v. | |
| TIMOTHY MANN | |

This matter came before the undersigned District Court Judge, upon motion filed by the Office of the Federal Public Defender seeking leave to withdraw as counsel for Timothy Mann, the Defendant herein.

Based upon a finding the irretrievable breakdown in the professional relationship between Defendant, Timothy Mann and Undersigned counsel, the Court concludes that the Office of the Federal Public Defender should be granted an order allowing it leave to withdraw as counsel for Mr. Mann.

NOW, THEREFORE, it is hereby Ordered that the motion filed by the Office of the Federal Public Defender is allowed and that the Office of the Federal Public Defender is granted leave to withdraw as counsel for Mr. Mann.

IT IS FURTHER ordered that the Federal Public Defender's Office is directed to appoint new counsel for the defendant.

This _____ day of April, 2023.

_____
RICHARD E. MYERS
Chief United States District Judge

JA88

AO 442 (REV. 12/85 Warrant for Arrest)

**RECEIVED**
*By USMS-E/NC at 3:05 pm, Apr 21, 2023*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NORTH CAROLINA

**UNITED STATES OF AMERICA**

vs.

**(BENCH)**
**WARRANT FOR ARREST**

**TIMOTHY MANN**

**CASE NUMBER: 5:23-CR-14-M-KS**

To: The United States Marshal and any Authorized United States Office:

**YOU ARE HEREBY COMMANDED to arrest** _

_ Indictment ___Information ____Complaint **XX** **Order Of Court**___Violation Notice _ Probation ___ Violation Petition

CHARGING HIM OR HER WITH (Brief description of offense)

**FAILURE TO APPEAR FOR AN INITIAL APPEARANCE ON APRIL 21, 2023.**

In violation of Title: See Above ___ United States Codes, Section(s) See Above ___

**BRIAN S. MEYERS** ___
**Name of Issuing Officer**

**UNITED STATES MAGISTRATE JUDGE** ___
**Title of Issuing Officer**

_____ ___
**Signature of Issuing Officer**

April 21, 2023 at Raleigh, N.C.
**Date and Location**

**Bond Recommended at: THE DEFENDANT SHALL BE BROUGHT BEFORE THE NEAREST UNITED STATES MAGISTRATE JUDGE UPON APPREHENSION FOR AN INITIAL APPEARANCE.**

RETURN This warrant was received and executed with the arrest of the above named defendant in_____

_____

04/21/2023
Date Received

T. McPolin, USMS E/NY
_____
(Name and Title of Arresting Officer)

*S. Bowyer, USMS*
_____
(Signature)

04/26/2023
Date of Arrest

**FILED**
04/26/2023 mlb
PETER A. MOORE JR CLERK
US DISTRICT COURT, EDNC

**JA89**

PROB 18
(REV. 8/2/2010)

# UNITED STATES DISTRICT COURT
## FOR
### EASTERN DISTRICT OF NORTH CAROLINA
Western     Division

U.S.A.  vs. MANN

**RECEIVED**
*By USMS-E/NC at 9:48 am, Apr 21, 2023*

5:23-CR-14-1M

TO: [1] U.S. Marshal or Other Qualified Officer.

## WARRANT FOR ARREST

You are hereby commanded to arrest the within-named individual and bring them, forthwith, before United States District Court to answer charges that they have violated the conditions of their supervision imposed by the court

NAME:

TIMOTHY MANN

SUPERVISION IMPOSED BY:                          DATE IMPOSED

US MAGISTRIATE JAMES E. GATES                    1/19/2023

TO BE BROUGHT BEFORE:

ANY US MAGISTRATE JUDGE

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| Peter A. Moore, Jr. | *Sheri Devers* | 4/21/2023 |

## RETURN

| WARRANT RECEIVED AND EXECUTED | DATE RECEIVED | DATE EXECUTED |
|---|---|---|
| | 04/21/2023 | 04/26/2023 |

EXECUTING AGENCY (NAME AND ADDRESS)

USMS - Brooklyn, NY

| NAME | BY | DATE |
|---|---|---|
| T. McPolin, USMS E/NY | *S. Bowyer, USMS* | 04/26/2023 |

[1]Insert designation of officer to whom the warrant is issued, e.g. " any United States Marshal or any other authorized officer;" or "any United States marshal;" or "any Special Agent of the Federal Bureau of Investigation" or "any United States Marshal or any Special Agent of the Federal Bureau of Investigation;" or "any agent of the Alcohol Tax Unit".

**FILED**

04/26/2023  mlb

DATE_____

PETER A. MOORE JR CLERK
USDISTRICT COURT, EDNC

**JA90**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:23-cr-00014-M-KS

UNITED STATES OF AMERICA,

      Plaintiff,

v.

    TIMOTHY MANN,

      Defendant.

ORDER

This matter comes before the court on the Office of the Federal Public Defender's motion to withdraw as counsel of record for Timothy Mann [DE 39].  For good cause shown, the motion is GRANTED.  The Office of the Federal Public Defender is granted leave to withdraw as counsel for Defendant.  The Office of the Federal Public Defender is directed to appoint new counsel to represent Defendant in the above-captioned case.

SO ORDERED this _26th_ day of April, 2023.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

**JA91**

Eastern District of New York - LIVE Database 1.7 (Revision 1....    https://nyed-ecf.sso.dcn/cgi-bin/DktRpt.pl?1052018785116...

Query    Reports    Utilities    Help    What's New    Log Out

CLOSED

# U.S. District Court
## Eastern District of New York (Brooklyn)
## CRIMINAL DOCKET FOR CASE #: 1:23-mj-00398-PK All Defendants

Case title: USA v. MANN                    Date Filed: 04/26/2023

                                          Date Terminated: 04/26/2023

Assigned to: Magistrate Judge Peggy
Kuo

### Defendant (1)

**TIMOTHY MANN**                represented by   **Nora K. Hirozawa**
*TERMINATED: 04/26/2023*                        Federal Defenders of New York
                                                One Pierrepont Plaza
                                                Ste 16th Floor
                                                Brooklyn, NY 11201
                                                718-330-1200
                                                Email: nora_hirozawa@fd.org
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*
                                                *Designation: Public Defender or*
                                                *Community Defender Appointment*

### Pending Counts                              Disposition

None

### Highest Offense Level (Opening)

None

### Terminated Counts                           Disposition

None

### Highest Offense Level

JA92

Eastern District of New York - LIVE Database 1.7 (Revision 1....          https://nyed-ecf.sso.dcn/cgi-bin/DktRpt.pl?1052018785116...

## (Terminated)

None

| Complaints | Disposition |
|---|---|
| Failure to appear | |

**Plaintiff**

**USA**                                      represented by **Matthew Charles Skurnik**
                                                             DOJ-USAO
                                                             US Attorney's Office for the
                                                             Eastern District of New Yo
                                                             271 Cadman Plaza E
                                                             Ste 4090
                                                             Brooklyn, NY 11201
                                                             718-254-6231
                                                             Email: matthew.skurnik2@usdoj.gov
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*
                                                             *Designation: Government Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/26/2023 | 1 | RULE 5 AFFIDAVIT/REMOVAL TO THE EASTERN DISTRICT OF NORTH CAROLINA by USA as to TIMOTHY MANN (FC) (Entered: 04/27/2023) |
| 04/26/2023 | | Arrest (Rule 5) of TIMOTHY MANN (FC) (Entered: 04/27/2023) |
| 04/26/2023 | | Minute Entry for proceedings held before Magistrate Judge Peggy Kuo:Arraignment as to TIMOTHY MANN (1) Count Complaint held on 4/26/2023, Attorney Appointment Hearing as to TIMOTHY MANN held on 4/26/2023, Initial Appearance in Rule 5(c)(3) Proceedings as to TIMOTHY MANN held on 4/26/2023. AUSA Matthew Skurnik present. Dft present w/federal defender Nora Hirozawa. Removal proceeding to the Eastern District of North Carolina hearing held. Dft previously waived identity hearing. Commitment to another district order entered. (FTR Log #4/26/23 3:40-3:49.) (FC) (Entered: 04/27/2023) |
| 04/26/2023 | 2 | COMMITMENT TO ANOTHER DISTRICT as to TIMOTHY MANN. Defendant committed to the Eastern District of North Carolina. Ordered by Magistrate Judge Peggy Kuo on 4/26/2023. (FC) (Entered: 04/27/2023) |

Case 5:23-cr-00014-M-KS   Document 46   Filed 04/27/23   Page 2 of 3

| 04/26/2023 | 3 | Notice to the Eastern District of North Carolina of a Rule 5 or Rule 32 Initial Appearance as to TIMOTHY MANN. Your case number is: 23CR14. Docket sheet and documents attached. (If you require certified copies of any documents, please send a request to [InterDistrictTransfer_NYED@nyed.uscourts.gov]. If you wish to designate a different email address for future transfers, send your request to InterDistrictTransfer_TXND@txnd.uscourts.gov.) (FC) (Entered: 04/27/2023) |
|---|---|---|

JA94

AB:RB

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

     - against -

TIMOTHY MANN,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - X

REMOVAL TO THE
EASTERN DISTRICT OF
NORTH CAROLINA

(Fed. R. Crim. P. 5)

Case No. 23-MJ-398

EASTERN DISTRICT OF NEW YORK, SS:

        Joseph Corrente, being duly sworn, deposes and states that he is a Deputy

Marshal with the United States Marshals Service, duly appointed according to law and acting as

such.

        On April 21, 2023, the United States District Court for the Eastern District of

North Carolina issued a warrant for the arrest of the defendant TIMOTHY MANN for failure to

appear for an initial appearance on April 21, 2023.

        The source of your deponent's information and the grounds for his belief are as

follows:[1]

        1.     On or about December 13, 2022, the United States District Court for the

Eastern District of North Carolina issued a warrant for the arrest of the defendant TIMOTHY

MANN for a violation of Title 18, United States Code, Section 2261A(2) (cyberstalking).  On

December 20, 2022, MANN was arrested in the Eastern District of New York on that warrant

---

[1]    Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

2

and had an initial appearance before Judge Bulsara.   See United States v. Timothy Mann, No. 22-MJ-1355 (E.D.N.Y.). Judge Bulsara entered an order providing for the defendant's release on $20,000 bond, as well conditions, including that he remain within New York City, Long Island, and the Eastern District of North Carolina; that he not contact the victims in his case; and that he be subject to home detention with location monitoring.   Id., ECF No. 2.

2.    On January 18, 2023, the defendant was indicted in the Eastern District of North Carolina on two counts of cyberstalking, in violation of 18 U.S.C. § 2261A(2).   A true and correct copy of that indictment is attached hereto as Exhibit A.   The next day, January 19, 2023, the defendant had an initial appearance in the Eastern District of North Carolina on that indictment.   United States Magistrate Judge James E. Gates of the Eastern District of North Carolina adopted the conditions of release imposed by the Judge Bulsara, and also imposed additional conditions, including monitoring of the defendant's computer usage, and that the defendant avoid contact with family members and close associates of any victims.   A true and correct copy of Judge Gates' order is attached as Exhibit B.

3.    On March 28, 2023, the United States District Court for the Eastern District of North Carolina issued a warrant for the defendant's arrest for violation of his conditions of pretrial release.   The violations alleged are that at the dates specified, MANN violated the court-imposed location monitoring conditions and refused to submit documentation about his leave requests.   He also is alleged to have used an unauthorized and unmonitored device to reset a password associated with an Instagram account and then, using that account, to have contacted a friend of one of his victims through an unauthorized and unmonitored device. A true and correct copy of the March 28, 2023 warrant and an associated petition are attached hereto as Exhibit C.

3

4.    On March 29, 2023, members of the United States Marshals Service arrested MANN on the March 28, 2023 warrant following a meeting between MANN and Pretrial Services. MANN was detained overnight.

5.    On March 30, 2023, MANN then appeared in the Eastern District of New York on that warrant before Judge Levy.   See United States v. Timothy Mann, No. 23-MJ-304 (E.D.N.Y.). Judge Levy entered an order providing for the defendant's release on $20,000 bond, as well conditions, including that he remain within New York City, Long Island, North Carolina and points between; that he not contact the victims in his case; and that he be subject to home detention with location monitoring.   Id., ECF Nos. 1, 4.

6.    On April 20, 2023, the day before MANN was scheduled to appear in the Eastern District of North Carolina, MANN cut off his location monitoring device in Washington D.C.   On April 21, 2023, MANN failed to appear in the Eastern District of North Carolina and a warrant was issued by United States Magistrate Judge Brian S. Meyers for his arrest attached hereto as Exhibit D.

7.    I have reviewed the April 21, 2023, warrant and a photograph of MANN on file with the U.S. Marshals Service.   I observed that MANN's appearance is consistent with the photograph of the TIMOTHY MANN wanted in the Eastern District of North Carolina. MANN also identified himself as TIMOTHY MANN and admitted to having an active case in the Eastern District of North Carolina.   I asked MANN his date of birth and his response matched the date of birth on file with U.S. Marshal Service. Finally, MANN'S fingerprints were verified via NCIC and USMS systems.

JA97

4

WHEREFORE, your deponent respectfully requests that the defendant

TIMOTHY MANN be removed to the Eastern District of North Carolina so that he may be dealt

with according to law.

Joseph Corrente
Deputy Marshal, United States Marshals Service

Sworn to before me this
26th day of April, 2023

TH_____O
UN_____E JUDGE
EA_____YORK

JA98

# EXHIBIT A

FILED IN OPEN COURT
ON ___1/18/23 BCH___
Peter A. Moore, Jr., Clerk
US District Court
Eastern District of NC

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:23-CR-14-1M-KS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **INDICTMENT** |
| | ) | |
| TIMOTHY MANN | ) | |

The Grand Jury charges that:

### Count One

From in or around February 2022 through in or around November 2022, in the Eastern District of North Carolina, and elsewhere, defendant TIMOTHY MANN with the intent to injure, harass, and intimidate victim D.E., used facilities of interstate and foreign commerce, including electronic mail and internet social media applications, to engage in a course of conduct that caused substantial emotional distress to D.E. and placed him in reasonable fear of death and serious bodily injury, in violation of Title 18, United States Code, Sections 2261A(2).

### Count Two

From in or around March 2022 through in or around November 2022, in the Eastern District of North Carolina, and elsewhere, defendant TIMOTHY MANN with the intent to injure, harass, and intimidate victim Q.H., used facilities of interstate and foreign commerce, including electronic mail and internet social media applications, to engage in a course of conduct that caused substantial emotional

Case 5:23-cr-00014-M-KS   Document 14   Filed 01/18/23   Page 1 of 2
Case 5:23-cr-00014-M-KS   Document 46-1   Filed 04/27/23   Page 6 of 18

**JA100**

distress to Q.H. and placed her in reasonable fear of death and serious bodily injury,

in violation of Title 18, United States Code, Sections 2261A(2).

A TRUE BILL

**REDACTED VERSION**
Pursuant to the E-Government Act and the
federal rules, the unredacted version of
this document has been filed under seal.

FOREPERSON

DATE: _1-18-2023_

MICHAEL F. EASLEY, JR.
United States Attorney

By: _____ FoR:
     JAKE D. PUGH
     Assistant United States Attorney
     Criminal Division

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:23-CR-14-M-KS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| TIMOTHY MANN, | ) | |
| | ) | |
| Defendant. | ) | |

On 13 December 2022, a criminal complaint (D.E. 1) and associated arrest warrant (D.E. 2) were issued in this court against the defendant. On 20 December 2022, he was arrested in the Eastern District of New York on that warrant and had an initial appearance in the court for that district ("EDNY"). *See generally U.S. v. Mann*, 1:22-mj-01355-SJB-1 (EDNY)). That court entered an order at the initial appearance providing for the defendant's release on conditions ("Release Order" (D.E. 3-2) (copy attached)). On 13 January 2023, the EDNY entered an order (EDNY D.E. 7) removing the condition in the Release Order that the appearance bond for the defendant be co-signed. The defendant was indicted in this case on 18 January 2023. *See* Indict. (D.E. 14). Today, the defendant self-reported for his initial appearance in this court, although an arrest warrant (D.E. 17) had been issued on the indictment.

As announced during the initial appearance, this court hereby ADOPTS as its own all the conditions set forth in the Release Order, except the condition that the defendant's appearance bond be co-signed, which the EDNY removed.

This court also imposes the following additional conditions:

1.    At the direction of the probation officer, the defendant must consent to the installation of systems or software that will allow the probation officer or designee to monitor

Case 5:23-cr-00014-M-KS   Document 21   Filed 01/19/23   Page 1 of 4
Case 5:23-cr-00014-M-KS   Document 46-1   Filed 04/27/23   Page 9 of 18

**JA103**

computer use. The defendant shall have access to only one device that can access the internet or an internet service provider, which shall be monitored by pretrial services.

2.      The defendant shall report as soon as possible to the pretrial services or supervising officer every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

3.      In addition to avoiding all contact with any victim of the crimes alleged against him (*see* Release Order 1 ¶ 2), the defendant shall avoid all contact with the family members and close associates of any victim.

At today's initial appearance, the defendant acknowledged his understanding of, and agreement to comply with, the conditions in the Release Order, as modified by removal of the condition for a co-signer for the appearance bond, and the additional conditions set forth in this order.

The defendant having self-reported for the initial appearance, the warrant for his arrest on the indictment (D.E. 17) is QUASHED and of no force and effect.

SO ORDERED, this 19th day of January 2023.

James E. Gates
United States Magistrate Judge

2

Case 5:23-cr-00014-M-KS   Document 21   Filed 01/19/23   Page 2 of 4
Case 5:23-cr-00014-M-KS   Document 46-1   Filed 04/27/23   Page 10 of 18

**JA104**

**United States District Court, Eastern District of New York**

| | |
|---|---|
| UNITED STATES OF AMERICA | **ORDER SETTING CONDITIONS OF RELEASE** |
| v. | **AND APPEARANCE BOND** |

___Timothy Mann___, Defendant.    Case Number: 22  1355m

### RELEASE ORDER

It is hereby ORDERED that the above-named defendant be released subject to the Standard Conditions of Release on the reverse and as follows:
[ ] Upon Personal Recognizance Bond on his/her promise to appear at all scheduled proceedings as required, or
[X] Upon Bond executed by the defendant in the amount of $ _20,000_ , and
secured by [ ] financially responsible sureties listed below and/or [ ] collateral set forth below.

#### Additional Conditions of Release

The Court finding that release under the Standard Conditions of Release on the reverse will not by themselves reasonably assure the appearance of the defendant and/or the safety of other persons and the community, IT IS FURTHER ORDERED as follows:

[X] 1.  The defendant must remain in and may not leave the following areas without Court permission: [X] New York City; [X] Long Island, NY;
       [ ] New York State; [ ] New Jersey; [X] _E.D. N.C._ _____ and travel to and from this Court and the permitted areas.
[ ] 2.  The defendant must avoid all contact with the following persons or entities: _Victim(s) W/V 1-7, co-defend_
[ ] 3.  The defendant must avoid and not go to any of the following locations: _____
[X] 4.  The defendant must surrender all passports to Pretrial Services by _____ and not obtain any other passports or international travel documents.
[X] 5.  The defendant is placed under the supervision of the Pretrial Services Agency subject to the Special Conditions on the reverse and:
       [X] a.  is subject to random visits by a Pretrial Services officer at defendant's residence and/or place of work;
       [X] b.  must report [ ] as directed by Pretrial Services or [ ] in person ___ times per _____ and/or [ ] by telephone ___ times per _____ .
       [ ] c.  must undergo [ ] testing, [ ] evaluation and/or [ ] treatment for substance abuse, including alcoholism, as directed by Pretrial Services.
       [ ] d.  must undergo evaluation and treatment for mental health problems, as directed by Pretrial Services.
       [ ] e.  is subject to the following location restriction program with location monitoring, as directed by Pretrial Services:
               [ ] home incarceration: restricted to home at all times, except for attorney visits, court appearances and necessary medical treatment;
               [X] home detention: restricted to home at all times, except for attorney visits, court appearances, medical treatment, [ ] religious services,
                   [X] employment, [X] school or training, [X] other activities approved by Pretrial Services, [ ] _____
               [ ] curfew: restricted to home every day from _____ to _____ , or [ ] as directed by Pretrial Services.
               [X] Defendant must pay all or part of the cost of any required testing, evaluation, treatment and/or location monitoring with personal funds,
                   based upon ability to pay as determined by the Court and the Pretrial Services Agency, and/or from available insurance.
[X] 6.  Other Conditions: _1 Surrender to sign in by 1/10/23_

#### APPEARANCE BOND

I, the undersigned defendant, and each surety who signs this bond, acknowledge that I have read this Appearance Bond and, and have either read all the other conditions of release or have had those conditions explained. I further acknowledge that I and my personal representatives, jointly and severally, are bound to pay the United States of America the sum of $ _____ and that this obligation is secured with the below interest in the following property ("Collateral") which I represent is/are free and clear of liens except as otherwise indicated:

[ ] cash deposited in the Registry of the Court in the sum of $ _____ :
[ ] premises located at: _____ owned by _____ .
[ ] I also agree to execute a confession of judgment, mortgage or lien in form approved by the U.S. Attorney which shall be duly filed with the proper local and state authorities on or before _____ .

Each owner of the above Collateral agrees not to sell the property, allow further claims or encumbrances to be made against it, or do anything to reduce its value while this Appearance Bond is in effect.

*Forfeiture of the Bond.* This Appearance Bond may be forfeited if the defendant fails to comply with any of the conditions set forth above and on the reverse. The defendant and any surety who has signed this form also agree that the court may immediately order the amount of the bond surrendered to the United States, including any security for the bond, if the defendant fails to comply with the above agreement. The court may also order a judgment of forfeiture against the defendant and against each surety for the entire amount of the bond, including any interest and costs.    *Date*

| | | |
|---|---|---|
| _____ Address: _____ | | _____ |
| , Surety | | |
| _____ Address: _____ | | _____ |
| , Surety | | |
| _____ Address: _____ | | _____ |
| , Surety | | |

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release and of the penalties and sanctions set forth on the front and reverse sides of this form.

X _____

Release of the Defendant is hereby ordered on _____ , 20_2_2_.    Signature of Defendant

Case 5:23-cr-00014-M-KS   Document 21   Filed 01/19/23   Page 3 of 4
Case 5:23-cr-00014-M-KS   Document 40-1   Filed 04/27/23   Page 11 of 18

**JA105**

## STANDARD CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1) The defendant must not violate any federal, state or local law while on release.

(2) The defendant must cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.

(3) The defendant must advise the Court, the Pretrial Services office, defense Counsel and the U.S. Attorney in writing before making any change in address or telephone number.

(4) The defendant must appear in court as required and must surrender for service of any sentence imposed as directed.

(5) The defendant must refrain from use or unlawful possession of a narcotic drug or other controlled substances as defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

(6) If the defendant fails to report as required to the Pretrial Services Agency, defendant may be subject to such random visits at his/her residence or work by a Pretrial Services Officer as may be necessary to verify his/her residence or place of employment in order to secure compliance with the order of release.

(7) The defendant must not possess a firearm, destructive device, or other weapon.

## SPECIAL CONDITIONS OF RELEASE FOR TESTING, TREATMENT OR EVALUATION AND FOR LOCATION MONITORING

1. If the defendant fails to appear for any specified treatment or evaluation, defendant may be subject to such random visits at his/her residence or work by a Pretrial Services Officer as may be necessary to verify his/her residence or place of employment in order to secure compliance with the order of release.

2. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing, as determined by Pretrial Services.

3. If defendant is subject to a location restriction program or location monitoring, defendant must:
   (a) stay at his/her residence at all times except for approved activities and may not leave for approved activities without providing prior notice to Pretrial Services, except in cases of medical emergencies.
   (b) abide by all program requirements and instructions provided by Pretrial Services relating to the operation of monitoring technology. Unless specifically ordered by the court, Pretrial Services may require use of one of the following or comparable monitoring technology: Radio Frequency (RF) monitoring; Passive Global Positioning Satellite (GPS) monitoring; Active Global Positioning Satellite (GPS) monitoring (including "hybrid" (Active/Passive) GPS); Voice Recognition monitoring.

## FORFEITURE OF THE BOND

This appearance bond may be forfeited if the defendant does not comply with the conditions of release set forth in this Order Setting Conditions of Release and Bond. The court may immediately order the amount of the bond and any Collateral surrendered to the United States if the defendant does not comply with the agreement. At the request of the United States, the court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

## RELEASE OF THE BOND

This appearance bond may be terminated at any time by the Court. This bond will be satisfied and the security will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

## ADVICE OF PENALTIES AND SANCTIONS TO THE DEFENDANT

Defendant is advised that violating any of the foregoing conditions of release may result in the immediate issuance of a warrant of arrest, a revocation of the order of release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if defendant commits a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (i.e., in addition to) to any other sentence defendant may receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, defendant knowingly fails to appear as the conditions of release require, or to surrender to serve a sentence, defendant may be prosecuted for failing to appear or surrender and additional punishment may be imposed, whether or not the defendant is convicted of the pending charges. If defendant is convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – defendant will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – defendant will be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony  defendant will be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor – defendant will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence imposed. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

**EXHIBIT C**

**JA107**

PS-8
8/88

## UNITED STATES DISTRICT COURT
### for the
### EASTERN DISTRICT OF NORTH CAROLINA

**U.S.A. vs. Timothy Mann**                                    **Docket No. 5:23-CR-14-1M**

### Sealed Petition for Action on Conditions of Pretrial Release
Warrant Requested

COMES NOW John Seth Coleman, U.S. Probation Officer of the Court, presenting an official report upon the conduct of defendant, Timothy Mann, who was placed under pretrial release supervision by the Honorable James E. Gates, U.S. Magistrate Judge, sitting in the Court at Raleigh, on the 19th day of January, 2023. Arraignment is scheduled for April 25, 2023, before the Honorable Richard E. Myers II, Chief District Judge.

### RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

The supervising pretrial services officer in the Eastern District of New York has reported the following violations: The defendant violated the court-imposed Location Monitoring conditions on January 21, January 29, February 9, March 2, March 4, March 6, March 7, March 8, and March 9, 2023, and refuses to submit proper documentation regarding his leave requests. Furthermore, on February 13 and 14, 2023, the defendant used an unauthorized/unmonitored electronic device to access the social media applications WhatsApp and Telegram, neither of which are downloaded on his approved/monitored device. On February 20, 2023, the defendant used an unauthorized/unmonitored device to reset the password associated with the Instagram account "tim2sharp". He received emails confirming the password reset, but does not have Instagram downloaded on his authorized/monitored device. On February 26, 2023, the defendant, using the username "tim2sharp", used an unauthorized/unmonitored device to contact a friend of one of the victims.

**PRAYING THAT THE COURT WILL ORDER** that a warrant be issued for the defendant's arrest and a bond hearing be scheduled to determine if the defendant's bond should be revoked. It is recommended that this petition and order be placed under seal until the execution of the warrant. The purpose of sealing this document is to facilitate officer safety and to disallow defendant's knowledge of issuance of the warrant. The clerk shall provide a copy of the petition and warrant to the U.S. Probation Office and the U.S. Attorney's Office.

Reviewed and approved,                          I declare under penalty of perjury that the foregoing is
                                                true and correct.

/s/ Keith W. Lawrence                           /s/ John Seth Coleman
Keith W. Lawrence                               John Seth Coleman
Supervising U.S. Probation Officer              U.S. Probation Officer
                                                150 Rowan Street Suite 110
                                                Fayetteville, NC 28301
                                                Phone: 910-354-2545
                                                Executed On: March 22, 2023

### ORDER OF THE COURT

Considered and ordered the __28th__ day of __March_____, 2023, and ordered filed and made part of the records in the above case.

James E. Gates
United States Magistrate Judge

**JA108**

PROB 18
(REV. 8/2/2010)

## UNITED STATES DISTRICT COURT
### FOR
### EASTERN DISTRICT OF NORTH CAROLINA
Western    Division

U.S.A.  vs. MANN                                                                    5:23-CR-14-1M

TO: ¹U.S. Marshal or Other Qualified Officer.

---

### WARRANT FOR ARREST

You are hereby commanded to arrest the within-named individual and bring them, forthwith, before United States District Court to answer charges that they have violated the conditions of their supervision imposed by the court

NAME:

TIMOTHY MANN

---

| SUPERVISION IMPOSED BY: | DATE IMPOSED |
|---|---|
| USMJ JAMES E. GATES | 1/19/2023 |

TO BE BROUGHT BEFORE:

---

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| Peter A. Moore, Jr. | *Shri Powers* | 3/28/2023 |

---

### RETURN

| WARRANT RECEIVED AND EXECUTED | DATE RECEIVED | DATE EXECUTED |
|---|---|---|
| | | |

EXECUTING AGENCY (NAME AND ADDRESS)

| NAME | BY | DATE |
|---|---|---|
| | | |

¹Insert designation of officer to whom the warrant is issued, e.g. " any United States Marshal or any other authorized officer;" or "any United States marshal;" or "any Special Agent of the Federal Bureau of Investigation" or "any United States Marshal or any Special Agent of the Federal Bureau of Investigation;" or "any agent of the Alcohol Tax Unit".

**JA109**

# EXHIBIT D

**JA110**

PROB 18
(REV. 8/2/2010)

UNITED STATES DISTRICT COURT
FOR
EASTERN DISTRICT OF NORTH CAROLINA
Western    Division

U.S.A.  vs. MANN

**RECEIVED**
By USMS-E/NC at 9:48 am, Apr 21, 2023

5:23-CR-14-1M

TO: ¹U.S. Marshal or Other Qualified Officer.

---

**WARRANT FOR ARREST**

You are hereby commanded to arrest the within-named individual and bring them, forthwith, before United States District Court to answer charges that they have violated the conditions of their supervision imposed by the court

NAME:

TIMOTHY MANN

---

SUPERVISION IMPOSED BY:                          DATE IMPOSED

US MAGISTRIATE JAMES E. GATES               1/19/2023

---

TO BE BROUGHT BEFORE:

ANY US MAGISTRATE JUDGE

---

CLERK                    (BY) DEPUTY CLERK          DATE

Peter A. Moore, Jr.                                      4/21/2023

---

**RETURN**

---

WARRANT RECEIVED AND EXECUTED         DATE RECEIVED      DATE EXECUTED

---

EXECUTING AGENCY (NAME AND ADDRESS)

---

NAME                    BY         DATE

---

¹Insert designation of officer to whom the warrant is issued, e.g. " any United States Marshal or any other authorized officer;" or "any United States marshal;" or "any Special Agent of the Federal Bureau of Investigation" or "any United States Marshal or any Special Agent of the Federal Bureau of Investigation;" or "any agent of the Alcohol Tax Unit".

**JA111**

AO 442 (REV. 12/85 Warrant for Arrest)

**RECEIVED**
By USMS-E/NC at 3:05 pm, Apr 21, 2023

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NORTH CAROLINA

**UNITED STATES OF AMERICA**

**vs.**

**TIMOTHY MANN**

### (BENCH)
### WARRANT FOR ARREST

**CASE NUMBER: 5:23-CR-14-M-KS**

To: The United States Marshal and any Authorized United States Office:

**YOU ARE HEREBY COMMANDED to arrest** _

_ Indictment ___Information ____Complaint **XX** Order Of Court___Violation Notice _ Probation __ Violation Petition

CHARGING HIM OR HER WITH (Brief description of offense)

### FAILURE TO APPEAR FOR AN INITIAL APPEARANCE ON APRIL 21, 2023.

In violation of Title _See Above_  United States Codes, Section(s) _See Above_

**BRIAN S. MEYERS**
**Name of Issuing Officer**

**Signature of Issuing Officer**

**UNITED STATES MAGISTRATE JUDGE**
**Title of Issuing Officer**

**April 21, 2023 at Raleigh, N.C.**
**Date and Location**

Bond Recommended at: **THE DEFENDANT SHALL BE BROUGHT BEFORE THE NEAREST UNITED STATES MAGISTRATE JUDGE UPON APPREHENSION FOR AN INITIAL APPEARANCE.**

RETURN This warrant was received and executed with the arrest of the above named defendant at_____

_____
Date Received

_____
(Name and Title of Arresting Officer)

_____
(Signature)

_____
Date of Arrest

## JA112

AO 94 (Rev. 8/97) Commitment to Another District

# UNITED STATES DISTRICT COURT

EASTERN _____ District of _____ NEW YORK

UNITED STATES OF AMERICA
V.

Timothy Mann

**COMMITMENT TO ANOTHER DISTRICT**

| DOCKET NUMBER | | MAGISTRATE JUDGE CASE NUMBER | |
|---|---|---|---|
| District of Arrest | District of Offense | District of Arrest | District of Offense |
| | 23CR 14 | 23-398M | |

**CHARGES AGAINST THE DEFENDANT ARE BASED UPON AN**

☐ Indictment    ☐ Information    ☐ Complaint    ☑ Other (specify)

charging a violation of _____ U.S.C. §

**DISTRICT OF OFFENSE** Eastern District of North Carolina

**DESCRIPTION OF CHARGES:**

Failure to appear

**CURRENT BOND STATUS:**

☐ Bail fixed at _____ and conditions were not met
☐ Government moved for detention and defendant detained after hearing in District of Arrest
☑ Government moved for detention and defendant detained pending detention hearing in District of Offense
☐ Other (specify)

**Representation:**    ☐ Retained Own Counsel    ☑ Federal Defender Organization    ☐ CJA Attorney    ☐ None

**Interpreter Required?**    ☑ No    ☐ Yes    Language:

Eastern **DISTRICT OF** NEW YORK

TO: THE UNITED STATES MARSHAL

You are hereby commanded to take custody of the above named defendant and to transport that defendant with a certified copy of this commitment forthwith to the district of offense as specified above and there deliver the defendant to the United States Marshal for that District or to some other officer authorized to receive the defendant.

4/26/23
Date _____    _____ r Magistrate Judge

This commitment was received and executed as follows:

| DATE COMMITMENT ORDER RECEIVED | PLACE OF COMMITMENT | DATE DEFENDANT COMMITTED |
|---|---|---|
| | | |

| DATE | UNITED STATES MARSHAL | (BY) DEPUTY MARSHAL |
|---|---|---|
| | | |

**JA113**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:23-CR-14-1-M

UNITED STATES OF AMERICA

v.                                          **NOTICE OF APPEARANCE**

TIMOTHY MANN


NOW COMES undersigned counsel and informs the Court and the Government that he is making an appearance to represent the Defendant in this case, by court appointment.

This the 28th day of April, 2023.

**GAMMON, HOWARD & ZESZOTARSKI, PLLC**

/s/ Joseph E. Zeszotarski, Jr.
Joseph E. Zeszotarski, Jr.
State Bar No. 21310
115 ½ West Morgan Street
Raleigh, NC 27601
(919) 521-5878
jzeszotarski@ghz-law.com
Counsel for Defendant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:23-CR-14-1-M

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TIMOTHY MANN | **MOTION TO CONTINUE ARRAIGNMENT** |

NOW COMES DEFENDANT Timothy Mann, through undersigned counsel, and respectfully moves this Court for an order continuing the arraignment in this case, currently set for 9 May 2023, to the June term of court.  In support of this motion, Defendant shows the following:

1.      Defendant's prior counsel, AFPD David Venable, moved to withdraw from representation of Defendant on 25 April 2023.  The motion to withdraw was granted by this Court on 26 April 2023.

2.      Undersigned counsel was appointed to represent Defendant and entered a notice of appearance on 28 April 2023.

3.      Defendant was arrested on a warrant for violation of his conditions of release on 26 April 2023 in New York.

4.      Defendant moves to continue the arraignment in this case to the June term of court, for the following reasons:

a.     Undersigned counsel is new to the case and has not yet been able to meet with Defendant about his case.  Additional time is necessary for undersigned counsel to review the discovery and other case documents and meet with Defendant about his case.

b.     Undersigned counsel is informed by the office of the United States Marshal that Defendant is in custody in New York and is in transit to this district, but not likely to arrive here prior to 9 May 2023.

5.     Defendant consents to the exclusion of any period of time occasioned by this continuance from Speedy Trial Act calculations.

6.     Undersigned counsel has contacted AUSA Jake Pugh, the prosecutor handling this case, regarding this motion, and Mr. Pugh states that the Government does not oppose this motion.

WHEREFORE, Defendant respectfully requests that this motion be granted, and the arraignment in this case be continued to the June 2023 term of court.

This the 2nd day of May, 2023.

**GAMMON, HOWARD &
ZESZOTARSKI, PLLC**

<u>/s/   Joseph E. Zeszotarski, Jr.</u>
Joseph E. Zeszotarski, Jr.
State Bar No. 21310
115 ½ West Morgan Street
Raleigh, NC  27601
(919) 521-5878
jzeszotarski@ghz-law.com
Counsel for Defendant

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:23-CR-14-1-M

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | **ORDER** |
| TIMOTHY MANN | |

This matter comes before the Court on Defendant's motion to continue arraignment. The Government does not oppose this motion. For good cause shown, the Motion is GRANTED, and it is ORDERED that the arraignment in this case is continued to the _____ term of court.

The court finds that the period of delay occasioned by this continuance is excluded from the Speedy Trial Act calculations, because the ends of justice served by the continuance outweigh the interest of the public and the defendant in a speedy trial under 18 USC § 3161(h)(7)(A) by permitting Defendant and his counsel sufficient opportunity to prepare his defense.

SO ORDERED.

This the _____ day of May, 2023.

_____
RICHARD E. MYERS II
Chief United States District Judge

AO 470  (Rev. 01/09)  Order Scheduling a Detention Hearing

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of North Carolina

| | |
|---|---|
| United States of America | ) |
| v. | )     Case No.        5:23-CR-14-M-KS |
| | ) |
| TIMOTHY MANN | ) |
| *Defendant* | ) |

## ORDER SCHEDULING PRELIMINARY AND  DETENTION HEARINGS

A detention hearing in this case is scheduled as follows:

| Place: | Terry Sanford Federal Building<br>310 New Bern Avenue<br>Raleigh, NC | Courtroom No.: | 6th Floor |
|---|---|---|---|
| | | Date and Time: | 5/17/23 at 10:00 am |

**IT IS ORDERED:**  Pending the hearing, the defendant is to be detained in the custody of the United States marshal or any other authorized officer.  The custodian must bring the defendant to the hearing at the time, date, and place set forth above.

Date: _____11 May 2023_____

_____
*Judge's signature*

James E Gates, United States Magistrate Judge
_____
*Printed name and title*

AO 468 (Rev. 01/09) Waiver of a Preliminary Hearing

# UNITED STATES DISTRICT COURT
for the

Eastern District of North Carolina

FILED IN OPEN COURT
ON __5/22/23__ BRH
Peter A. Moore, Jr., Clerk
US District Court
Eastern District of NC

| United States of America | ) | | |
|---|---|---|---|
| v. | ) | Case No. | 5:23-CR-17-M-KS |
| TIMOTHY MANN | ) | | |

## WAIVER OF A PRELIMINARY HEARING

I understand that I have been charged with an offense in a criminal complaint filed in this court, or charged with violating the terms of probation or supervised release in a petition filed in this court. A magistrate judge has informed me of my right to a preliminary hearing under Fed. R. Crim. P. 5, or to a preliminary hearing under Fed. R. Crim. P. 32.1.

I agree to waive my right to a preliminary hearing under Fed. R. Crim. P. 5 or Fed. R. Crim. P. 32.1.

Date  5/22/2023

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

Zeszotarski    21310
*Printed name and bar number of defendant's attorney*

JA119

FILED IN OPEN COURT
ON ___5/22/23 BRH___
Peter A. Moore, Jr., Clerk
US District Court
Eastern District of NC

## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION
### NO. 5:23-CR-14-M-KS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| VS. | )  **WAIVER OF DETENTION HEARING** |
| | ) |
| | ) |
| TIMOTHY MANN | ) |

I, **TIMOTHY MANN,** charged with an offense against the laws of the United States, acknowledge that I have been informed by the Court of the Complaint, Information, Indictment, or Motion for Revocation against me, of any Affidavit filed therewith, and the right to be represented by counsel, all of which I fully understand, and I do hereby waive my rights to a Detention Hearing in this case.

_____
Defendant's Signature

_____
Defense Counsel's Name **PLEASE PRINT**

_____
Defense Counsel's Signature

_5/22/2027_
Date

_____
BRIAN S. MEYERS
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:23-CR-14-M-KS

FILED IN OPEN COURT
ON _____5/22/23 BRH
Peter A. Moore, Jr., Clerk
US District Court
Eastern District of NC

UNITED STATES OF AMERICA       )
                               )
          v.                   )
                               )
TIMOTHY MANN,                  )
                               )
          Defendant.           )

## WAIVER OF A REVOCATION HEARING

I understand that I have been charged with violating one or more conditions of pretrial release in a petition filed in this court. A magistrate judge has informed me of my right to a revocation hearing. I agree to waive my right to a revocation hearing. I understand that, based on this waiver, no revocation hearing will be held, and the court will find that I have violated one or more conditions of pretrial release as alleged in the petition, will revoke my pretrial release, and will order my detention until the trial in this case or entry of a guilty plea in place of a trial.

Date: 5/22/2023

_____
Defendant's signature

_____
Signature of defendant's attorney

Zeszotarski          21310
Printed name and bar number of defendant's attorney

jzeszotarski@ghz-law.com
E-mail address of defendant's attorney

919 521 5878
Telephone number of defendant's attorney

**JA121**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:23-CR-14-M-KS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF REVOCATION OF** |
| | ) | **PRETRIAL RELEASE AND FOR** |
| TIMOTHY MANN, | ) | **DETENTION PENDING TRIAL** |
| | ) | |
| Defendant. | ) | |

This case came before the court for a preliminary hearing, revocation hearing, and detention hearing on May 22, 2023 on the government's petition [DE-36], pursuant to 18 U.S.C. § 3148(b), for revocation of defendant's pretrial release (*see* Release Ord. [DE-21]) and thereby for his detention pending trial. Defendant submitted three forms to the court providing for the waiver, respectively, of the preliminary hearing, revocation hearing, and detention hearing. *See* [DE-54; 55; 56]. After questioning defendant regarding the forms, and as announced in open court, the court determined that the waivers were knowingly and voluntarily provided, and it accepted them.

As also announced in open court, based upon (i) the waiver of the preliminary hearing and (ii) the statements made in the revocation petition, the court found that the violations of pretrial release alleged in the petition are supported by probable cause. Next, based upon the waivers of the revocation hearing and detention hearing, the court found that defendant must be detained pending trial.

IT IS THEREFORE ORDERED that the petition is ALLOWED; defendant's pretrial release is REVOKED; and pending trial, defendant is REMANDED to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending

appeal.  Defendant shall be afforded a reasonable opportunity for private consultation with defense

counsel.  On order of a court of the United States or on request of an attorney for the government,

the person in charge of the corrections facility shall deliver defendant to the United States Marshal

for the purpose of an appearance in connection with a court proceeding.

The 25th day of May, 2023.

_____
Brian S. Meyers
United States Magistrate Judge

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:23-CR-14-1-M

UNITED STATES OF AMERICA

v.

TIMOTHY MANN

**MOTION TO CONTINUE
ARRAIGNMENT**

NOW COMES DEFENDANT Timothy Mann, through undersigned counsel, and respectfully moves this Court for an order continuing the arraignment in this case, currently set for 21 June 2023, to the July term of court. In support of this motion, Defendant shows the following:

1.     Defendant's prior counsel, AFPD David Venable, moved to withdraw from representation of Defendant on 25 April 2023. The motion to withdraw was granted by this Court on 26 April 2023.

2.     Undersigned counsel was appointed to represent Defendant and entered a notice of appearance on 28 April 2023.

3.     Defendant's conditions of release were revoked by the Court at a hearing on 22 May 2023, and Defendant was detained pending at that time. Defendant is being held currently at the Wake County Jail.

4.     Shortly after the 22 May 2023 court appearance, undersigned counsel learned that Defendant had been placed in quarantine at the Wake County Jail,

**JA124**

and therefore the jail would not permit any meetings between counsel and Defendant. For that reason, undersigned counsel has been unable to meet with Defendant to prepare his case and determine the course of action in this case.

5.    Defendant therefore respectfully requests that the arraignment in this matter be continued to the July 2023 term of court.

6.    Defendant consents to the exclusion of any period of time occasioned by this continuance from Speedy Trial Act calculations.

7.    Undersigned counsel has contacted AUSA Jake Pugh, the prosecutor handling this case, regarding this motion, and Mr. Pugh states that the Government does not oppose this motion.

WHEREFORE, Defendant respectfully requests that this motion be granted, and the arraignment in this case be continued to the July 2023 term of court.

This the 9th day of June, 2023.

**GAMMON, HOWARD & ZESZOTARSKI, PLLC**

/s/   Joseph E. Zeszotarski, Jr.
Joseph E. Zeszotarski, Jr.
State Bar No. 21310
115 ½ West Morgan Street
Raleigh, NC  27601
(919) 521-5878
jzeszotarski@ghz-law.com
Counsel for Defendant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:23-CR-14-1-M

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | |
| v. | **ORDER** |
| | |
| TIMOTHY MANN | |

This matter comes before the Court on Defendant's motion to continue arraignment. The Government does not oppose this motion. For good cause shown, the Motion is GRANTED, and it is ORDERED that the arraignment in this case is continued to the _____ term of court.

The court finds that the period of delay occasioned by this continuance is excluded from the Speedy Trial Act calculations, because the ends of justice served by the continuance outweigh the interest of the public and the defendant in a speedy trial under 18 USC § 3161(h)(7)(A) by permitting Defendant and his counsel sufficient opportunity to prepare his defense.

SO ORDERED.

This the _____ day of June, 2023.

_____
RICHARD E. MYERS II
Chief United States District Judge

JA126

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-CR-0014-M

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | **CONSENT MOTION FOR PROTECTIVE ORDER** |
| TIMOTHY MANN | |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, requests that this Court issue a protective order restricting the duplication and dissemination of discovery material in this case pursuant to Federal Rule of Criminal Procedure 16(d).

1.     The discovery material to be produced to the defendant in this case is voluminous, including hundreds of pages of documents and substantial electronic evidence, much of which contain personal identifying information.

2.     The discovery material to be produced to the defendant in this case also contains other confidential and/or sensitive information. Specifically, the discovery contains substantial material arising from forensic examination of victims' mobile devices.

3.     It is within the Court's authority under Federal Rule of Criminal Procedure 16(d) to order that the use, further duplication and/or dissemination of the unredacted discovery material be restricted as set forth in the attached proposed protective order.

4.     The United States has contacted counsel for the defendant, Joseph E. Zeszotarski, Jr., who consents to this motion and the proposed protective order.

WHEREFORE, for the reasons stated above, the United States requests that this Court issue a Protective Order in this case.

Respectfully submitted this 14th day of July, 2023.


                              MICHAEL F. EASLEY, JR.
                              United States Attorney

                   By:    /s/ Jake D. Pugh
                              JAKE D. PUGH
                              Assistant U.S. Attorney
                              Criminal Division
                              150 Fayetteville St., Suite 2100
                              Raleigh, NC 27601
                              Phone: (919) 856-4530
                              Email: jacob.pugh@usdoj.gov
                              S.C. Bar No. 100859


2

**JA128**

**CERTIFICATE OF SERVICE**

This certifies that a copy of this motion has, this 14th day of July, 2023, been

served upon the defendant by CM/ECF as follows:

Joseph E. Zeszotarski, Jr.
Counsel for the Defendant


By:    /s/ Jake D. Pugh
       JAKE D. PUGH
       Assistant U.S. Attorney
       Criminal Division
       150 Fayetteville St., Suite 2100
       Raleigh, NC 27601
       Phone: (919) 856-4530
       Email: jacob.pugh@usdoj.gov
       S.C. Bar No. 100859

3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-CR-0014-M

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | **PROTECTIVE ORDER** |
| TIMOTHY MANN | |

To expedite the flow of discovery material between the parties, facilitate the prompt resolution of disputes over confidentiality, and adequately protect information entitled to be kept confidential, it is, pursuant to the Court's authority under Federal Rule of Criminal 16(d), and with the agreement of the parties, ORDERED:

1.     Counsel for the defendant and anyone else directly or indirectly receiving discovery from the Government shall not copy, disclose, or otherwise make available any documents in this case or information from those documents to any person who is not an attorney or staff member of counsel's office who is then working on this case, to someone defense counsel's office is then employing or contracting with to work on this case.

2.     Counsel shall not provide the defendant with any copies of discovery in this case or any information contained in that discovery without the permission of an attorney for the Government who is working on this case or further order of this Court.

3.      Counsel shall not provide any of the above-listed individuals the discovery in this case without their agreement to the terms of this order.

4.      Discovery material provided by the United States may be used by counsel for the defendant solely in connection with the preparation, trial, sentencing, direct appeal, and collateral attack of this case and for no other purpose and in connection with no other proceeding. No additional copies of the discovery material shall be made except as necessary for those purposes. Any copies shall be treated in the same manner as the original material.

5.      The parties shall comply with all statutes, regulations, and rules pertaining to the disclosure of personal identity information, including Federal Rule of Criminal Procedure 49.1 and the Privacy Act of 1974, 5 U.S.C. § 552a. The parties shall not file personal identity information with, or submit such information to, the Court or reproduce such information's contents in any court filing unless the filing is placed under seal, with the Court's consent, or otherwise complies with Federal Rule of Criminal Procedure 49.1.

6.      This Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

DONE AND ORDERED this _____ day of _____, 2023.


_____
RICHARD E. MYERS II
Chief United States District Judge

2

JA131

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:23-CR-14-1-M

UNITED STATES OF AMERICA

v.

TIMOTHY MANN

**MOTION TO CONTINUE
ARRAIGNMENT**

NOW COMES DEFENDANT Timothy Mann, through undersigned counsel, and respectfully moves this Court for an order continuing the arraignment in this case, currently set for 26 July 2023, to the August term of court. In support of this motion, Defendant shows the following:

1. Defendant's prior counsel, AFPD David Venable, moved to withdraw from representation of Defendant on 25 April 2023. The motion to withdraw was granted by this Court on 26 April 2023.

2. Undersigned counsel was appointed to represent Defendant and entered a notice of appearance on 28 April 2023.

3. Defendant's conditions of release were revoked by the Court at a hearing on 22 May 2023, and Defendant was detained pending at that time. Defendant is being held currently at the Wake County Jail.

4. Undersigned counsel has worked with Defendant in reviewing the discovery and his options in the case. On 17 July 2023, the Government provided

**JA132**

additional relevant discovery to the defense. Additional time is needed to review this discovery. In addition, a protective order applies to this new discovery that will require undersigned counsel to review this discovery in person with Defendant, rather than providing a copy to Defendant for review. For these reasons, Defendant respectfully requests that the arraignment be continued to the August 2023 term of court.

5.    Defendant consents to the exclusion of any period of time occasioned by this continuance from Speedy Trial Act calculations.

6.    Undersigned counsel has contacted AUSA Jake Pugh, the prosecutor handling this case, regarding this motion, and Mr. Pugh states that the Government does not oppose this motion.

WHEREFORE, Defendant respectfully requests that this motion be granted, and the arraignment in this case be continued to the August 2023 term of court.

This the 17th day of July, 2023.

GAMMON, HOWARD &
ZESZOTARSKI, PLLC

/s/   Joseph E. Zeszotarski, Jr.
Joseph E. Zeszotarski, Jr.
State Bar No. 21310
115 ½ West Morgan Street
Raleigh, NC  27601
(919) 521-5878
jzeszotarski@ghz-law.com
Counsel for Defendant

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:23-CR-14-1-M

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | **ORDER** |
| TIMOTHY MANN | |

This matter comes before the Court on Defendant's motion to continue arraignment. The Government does not oppose this motion. For good cause shown, the Motion is GRANTED, and it is ORDERED that the arraignment in this case is continued to the _____ term of court.

The court finds that the period of delay occasioned by this continuance is excluded from the Speedy Trial Act calculations, because the ends of justice served by the continuance outweigh the interest of the public and the defendant in a speedy trial under 18 USC § 3161(h)(7)(A) by permitting Defendant and his counsel sufficient opportunity to prepare his defense.

SO ORDERED.

This the _____ day of July, 2023.

_____
RICHARD E. MYERS II
Chief United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-CR-00014-M

UNITED STATES OF AMERICA

v.

TIMOTHY MANN

**PROTECTIVE ORDER**

To expedite the flow of discovery material between the parties, facilitate the prompt resolution of disputes over confidentiality, and adequately protect information entitled to be kept confidential, it is, pursuant to the Court's authority under Federal Rule of Criminal 16(d), and with the agreement of the parties, ORDERED:

1.      Counsel for the defendant and anyone else directly or indirectly receiving discovery from the Government shall not copy, disclose, or otherwise make available any documents in this case or information from those documents to any person who is not an attorney or staff member of counsel's office who is then working on this case, to someone defense counsel's office is then employing or contracting with to work on this case.

2.      Counsel shall not provide the defendant with any copies of discovery in this case or any information contained in that discovery without the permission of an attorney for the Government who is working on this case or further order of this Court.

3.      Counsel shall not provide any of the above-listed individuals the discovery in this case without their agreement to the terms of this order.

4.      Discovery material provided by the United States may be used by counsel for the defendant solely in connection with the preparation, trial, sentencing, direct appeal, and collateral attack of this case and for no other purpose and in connection with no other

**JA135**

proceeding. No additional copies of the discovery material shall be made except as necessary for those purposes. Any copies shall be treated in the same manner as the original material.

5.    The parties shall comply with all statutes, regulations, and rules pertaining to the disclosure of personal identity information, including Federal Rule of Criminal Procedure 49.1 and the Privacy Act of 1974, 5 U.S.C. § 552a. The parties shall not file personal identity information with, or submit such information to, the Court or reproduce such information's contents in any court filing unless the filing is placed under seal, with the Court's consent, or otherwise complies with Federal Rule of Criminal Procedure 49.1.

6.    This Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

SO ORDERED this  24ᵀʰ  day of July, 2023.

_Richard E Myers II_
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

2

**JA136**

```
                UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF NORTH CAROLINA
                     WESTERN DIVISION

-----------------------------------------------------------

UNITED STATES OF AMERICA,

                  Plaintiff,

     -vs-                      Case No. 5:23-CR-14-M-KS-1


TIMOTHY MANN,

                  Defendant.

-----------------------------------------------------------

                        ARRAIGNMENT
                     AUGUST 23, 2023
          THE HONORABLE CHIEF JUDGE RICHARD E. MYERS II
                 UNITED STATES DISTRICT JUDGE



A P P E A R A N C E S


On Behalf of the Government

CHARITY L. WILSON
United States Attorney's Office - EDNC
150 Fayetteville Street, Suite 2100
Raleigh, North Carolina 27601

On Behalf of the Defendant

JOSEPH E. ZESZOTARSKI, JR.
Gammon, Howard & Zeszotarski, PLLC
115 1/2 West Morgan Street
Raleigh, North Carolina 27601




                 Risa Kramer, RMR, CRR
                  Official Court Reporter
                United States District Court
                 Wilmington, North Carolina
```

**JA137**

2

```
1                    TRANSCRIPT OF PROCEEDINGS
2               (Proceedings commenced at 10:01 a.m.)
3               THE COURT:  All right.  If the clerk would
4    please call the cases.
5               THE CLERK:  United States of America versus
6    Timothy Mann.
7               MR. ZESZOTARSKI:  Good morning, Your Honor.
8    Joe Zeszotarski for Mr. Mann.  He's told me he intends
9    to plead not guilty this morning.
10              (Other cases were addressed by the Court.)
11              THE COURT:  All right.  Good morning,
12   everyone.
13              You're here today for the purpose of
14   entering a plea to the charges brought against you by
15   the United States.  Before accepting your plea of either
16   guilty or not guilty, there are a number of things that
17   I must tell you.  This will include an explanation of
18   your rights, the process that occurs between now and
19   your sentencing hearing, and some information concerning
20   sentencing itself.  This process takes us a little time.
21              It's important that you fully understand my
22   statements.  If you don't understand me at any time,
23   please say so.  I can repeat myself.  You may confer
24   with your lawyer if you need anything explained to you.
25   There will be a break after this group advisement during
```

which you may speak with your lawyer.  After the Court

completes this group portion of the advice of rights,

each defendant's case will be called for purposes of

entering the defendant's plea of either guilty or not

guilty.  Each defendant will be sworn and questioned

individually under oath before the Court's acceptance of

a plea.

Each defendant should pay close attention to

what the Court is about to say.  It will be an important

part of each defendant's case, and later I'll ask each

of you if you heard and understood the Court's comments.

I now advise each defendant as follows.

You have the right to plead not guilty, or

having already so pleaded, to persist in that plea.

You have the right to a jury trial in your

individual case.  At a trial, you have the right to be

represented by counsel and, if necessary, have the Court

appoint counsel to represent you at trial and at every

other stage of the proceedings.  Whether you plead

guilty or not guilty does not affect your right to

counsel.

You have the right to confront and

cross-examine witnesses, to be protected from compelled

self-incrimination, to testify if you choose to do so,

to present evidence, and to compel the attendance of

 1  witnesses on your behalf.  The Court advises you that

 2  you waive or give up all of those trial-related rights

 3  if you plead guilty and the Court accepts your plea of

 4  guilty.

 5          Please listen carefully to the following

 6  additional consequences that arise if you plead guilty

 7  and the Court accepts your guilty plea.

 8          If you are convicted in federal court of a

 9  crime, whether by guilty plea or at a trial, a defendant

10  who is not a U.S. citizen may be removed from the United

11  States, denied citizenship, and denied admission to the

12  United States in the future.  Furthermore, a guilty plea

13  may deprive you of certain valuable civil rights, such

14  as the right to vote, the right to serve on a jury, the

15  right to hold public office, and the right to possess

16  any kind of firearm.

17          If you plead guilty, you'll have to waive

18  your right not to incriminate yourself because the Court

19  will ask you questions about what you did in order to

20  ensure that you are guilty as charged, and you'll have

21  to acknowledge your guilt.

22          If you plead guilty, the Court may impose

23  the same punishment as if you had pleaded not guilty and

24  been convicted by a jury.

25          If you're on probation, parole, or

5

1  supervised release in another case, in this or another

2  court, by pleading guilty here, your probation or parole

3  may be revoked, and you may be required to serve time in

4  that case in addition to any sentence imposed upon you

5  as a result of your guilty plea here.

6          Unless otherwise advised at sentencing, any

7  fine imposed will bear interest.

8          You most likely will be given a term of

9  supervised release in addition to any term of

10  imprisonment.  The term of supervised release will

11  follow imprisonment and will be conditioned on your

12  noncommission of another federal, state, or local crime,

13  and such other conditions as may be appropriate.  If you

14  violate the conditions of supervised release, you may be

15  subject to further imprisonment.

16          Additionally, regardless of the advisory

17  sentencing guidelines ultimately found to be

18  appropriate, you may not withdraw a guilty plea tendered

19  and conditionally accepted today.

20          For those of you pleading guilty, I'm now

21  gonna tell you about the process that occurs between now

22  and sentencing.

23          These matters are set for sentencing at the

24  November 28th, 2023, term of court here in Wilmington.

25  The probation office will prepare a written presentence

6

report to assist the Court in sentencing.  You will be
asked to give information for the presentence report,
and your lawyer may be present with you.  At the end of
this hearing, your lawyer will speak to the probation
officer present in this courtroom about arranging for
your interview sometime today, or certainly within three
business days.  After your interview, the probation
office will prepare a presentence report.  You and your
lawyer will receive a copy of the presentence report.
Please read it carefully because the information in it
may have a significant impact on your case.

You have the right to file objections to the
presentence report.  In fact, within 15 days of
receiving the presentence report, you and your lawyer
must communicate in writing to the probation office
stating any objections you may have to any information
contained in or omitted from the report.  The Court will
not consider any dispute which has not been the subject
of such written communication.

Further, the Court will consider and resolve
only issues relevant to disputed sentencing factors
previously stated in writing and additionally brought to
its attention by you or your lawyer at the time of
sentencing.

At sentencing, you should advise the Court

**JA142**

7

orally if you have any objection to any matter contained in or omitted from the presentence report.  Objections not stated by you or your lawyer will be deemed abandoned.  Your failure to challenge any prior convictions before the imposition of your sentence will bar your contesting those convictions at a later date.

In sum, if you do not contest the facts set forth in the presentence report, then the Court may accept those facts as accurate and may rely on them in determining your sentence.

At the sentencing hearing, the Court will rule on any objections to the presentence report raised by you or the government.  Between now and the sentencing hearing, you will, of course, have access to consult with your lawyer to prepare for sentencing.

If you or your lawyer would like the Court to consider any sentencing memorandum concerning your case, it must be filed not later than seven days before your sentencing hearing.  The same deadline applies to other written materials submitted on your behalf, such as character letters.  I will tell you that this Court takes very seriously any character letters submitted on your behalf.

I'll now inform you about certain information concerning sentencing.

8

```
 1              In determining your sentence, the Court must
 2   calculate the applicable advisory sentencing guideline
 3   range and consider that range.  Although the United
 4   States Sentencing Guidelines are no longer mandatory due
 5   to a case called United States versus Booker, the Court
 6   must still consider those guidelines as well as all
 7   relevant statutory factors in determining your sentence.
 8   In addition, the Court must consider possible departures
 9   under the sentencing guidelines and consider other
10   sentencing factors under Title 18, United States Code,
11   Section 3553(a).  Of course, the Court also will
12   consider any motion or memorandum filed by you or the
13   United States, your lawyer's argument, any statement you
14   wish to make at the appropriate time, any victim
15   allocution if one appears in your case, and the
16   arguments of the Assistant United States Attorney.
17              Please understand that your lawyer's
18   calculation of an advisory guideline range is only an
19   estimate and that the Court will determine the guideline
20   range at the sentencing hearing.
21              In addition, the Court has the legal
22   authority in some circumstances to impose a sentence
23   that is more severe or less severe than the sentence
24   called for by the advisory guidelines range.  The Court
25   can do so via departure under the guidelines or a
```

**JA144**

9

1  variance under the statute.

2          It's important that you understand that it's

3  the Court that will determine your actual sentence.

4  Your actual sentence may be different from any estimate

5  your lawyer or anyone else may have given you.  If you

6  enter a plea of guilty and the Court accepts that plea,

7  then the Court has the legal authority to sentence you

8  to the maximum sentence on each count permitted by law.

9  I'll discuss these possible sentences with each of you

10  individually.  If the Court imposed such a maximum

11  sentence, you would not be allowed to withdraw your

12  guilty plea.

13          At the sentencing hearing, after the Court

14  has considered all arguments, information, the advisory

15  guidelines range, and all relevant sentencing factors

16  under federal law, I'll announce your sentence in open

17  court.

18          This concludes my explanation to all

19  defendants.  The Court will now consider each case

20  individually.

21          All right.  We'll be taking up the Mann case

22  first.  We'll take a five-minute recess.

23          (Recess in proceedings.)

24          MR. ZESZOTARSKI:  Your Honor, Mr. Mann just

25  informed me that he has changed his mind and wishes to

**JA145**

1  plead guilty to the indictment as charged.

2          I can tell the Court that I discussed this

3  with him a bit this morning, and at the conclusion of

4  our talk, he told me that he wished to plead not guilty.

5  But he now has just told me that he's changed his mind

6  and wishes to plead guilty, straight up to the

7  indictment.

8          THE COURT:  Okay.  We will proceed with a

9  guilty plea.

10         All right.  If the clerk would please call

11 the case.

12         THE CLERK:  United States of America versus

13 Timothy Mann.

14         THE COURT:  Counsel, please state your

15 appearance for the record.

16         MS. WILSON:  Good morning, Your Honor.

17 Charity Wilson on behalf of the government.

18         MR. ZESZOTARSKI:  Joe Zeszotarski for

19 Mr. Mann, Your Honor.

20         THE COURT:  Good morning, Mr. Mann.

21         If the clerk would please administer the

22 oath.

23         THE CLERK:  Please place your left hand on

24 the Bible, raise your right hand, and state your full

25 name for the record.

```
 1                    THE DEFENDANT:  Timothy Mann.

 2                    (The defendant was placed under oath.)

 3                    THE COURT:  Let me get the right form in

 4        front of me.

 5                    Mr. Mann, do you understand you're now under

 6        oath, and if you do not answer my questions truthfully,

 7        the United States may use your answers against you in

 8        another prosecution for perjury or for making false

 9        statements?

10                    THE DEFENDANT:  Yes, sir.

11                    THE COURT:  How old are you, sir?

12                    THE DEFENDANT:  Just turned 25 years old.

13                    THE COURT:  How far did you go in school?

14                    THE DEFENDANT:  I graduated twelfth grade,

15        and I also graduated college.  I have my associate's

16        degree.

17                    THE COURT:  Okay.  Do you speak and

18        understand English?

19                    THE DEFENDANT:  Yes, sir.

20                    THE COURT:  Do you read and write in

21        English?

22                    THE DEFENDANT:  Yes.

23                    THE COURT:  Do you have any illness or

24        condition that affects your ability to hear and

25        understand these proceedings today?
```

**JA147**

```
 1                    THE DEFENDANT:  No, sir.
 2                    THE COURT:  Have you taken any drugs,
 3   medicine, pills, or drunk any alcohol within the last 24
 4   hours?
 5                    THE DEFENDANT:  No, sir.
 6                    THE COURT:  Mr. Zeszotarski, do you have any
 7   doubt as to your client's competence to plead at this
 8   time?
 9                    MR. ZESZOTARSKI:  As to competence, no, Your
10   Honor.
11                    I will tell the Court that there is some
12   history of mental health issues in the past and that we
13   will likely be presenting some evidence of that to the
14   Court later in this case.  But on the issue of
15   competence, I am confident that Mr. Mann's competent.
16                    THE COURT:  All right.  So that may come
17   back at mitigation at sentencing?
18                    MR. ZESZOTARSKI:  Correct.
19                    THE COURT:  All right.  Ms. Wilson, does the
20   United States have any such doubt?
21                    MS. WILSON:  No, sir.
22                    THE COURT:  Based on this Court's questions
23   and the defendant's and counsel's answers, this Court
24   finds that the defendant is competent to enter a plea
25   today.
```

**JA148**

13

```
 1                    Mr. Mann, do you have any questions about
 2      the rights I described to you earlier today?
 3                    THE DEFENDANT:  No, sir.
 4                    THE COURT:  The Court incorporates by
 5      reference the prior advice of rights given during the
 6      group portion of this proceeding.
 7                    Have you received a copy of the indictment?
 8      That is the written charges against you in this case.
 9                    THE DEFENDANT:  Yes, sir.
10                    THE COURT:  Have you had an adequate
11      opportunity to discuss the indictment and your case with
12      your lawyer?
13                    THE DEFENDANT:  Yes, sir.
14                    THE COURT:  Have you had all the
15      conversations with him that you need?
16                    THE DEFENDANT:  Yes, sir.
17                    THE COURT:  Are you fully satisfied with
18      your lawyer's legal services in your case?
19                    THE DEFENDANT:  Yes, sir.
20                    THE COURT:  As for the charges, the Court
21      advises you as follows.
22                    In count 1 of the indictment, the grand jury
23      charges from in or around February 2022 through in or
24      around November 2022, in the Eastern District of North
25      Carolina and elsewhere, the defendant, Timothy Mann,
```

**JA149**

1   with the intent to injure, harass, and intimidate victim

2   D.E., used facilities of interstate and foreign

3   commerce, including electronic mail and Internet social

4   media applications, to engage in a course of conduct

5   that caused substantial emotional distress to D.E. and

6   placed him in reasonable fear of death and serious

7   bodily injury, in violation of Title 18, United States

8   Code, Sections 2261A(2).

9          In count 2 of the indictment, the grand jury

10  charges that from in or around March 2022 through in or

11  around November 2022, in the Eastern District of North

12  Carolina and elsewhere, defendant Timothy Mann, with the

13  intent to injure, harass, and intimidate victim Q.H.,

14  used facilities of interstate and foreign commerce,

15  including electronic mail and Internet social media

16  applications, to engage in a course of conduct that

17  caused substantial emotional distress to Q.H. and placed

18  her in reasonable fear of death and serious bodily

19  injury, in violation of Title 18, United States Code,

20  Sections 2261A(2).

21          Mr. Mann, do you understand the charges?

22          THE DEFENDANT:  Yes, sir.

23          THE COURT:  The Court advises you as follows

24  as to maximum possible penalty as to each charge.

25          The penalties for each of counts 1 and 2 are

1  the same.  So as to each count, the penalty is not more

2  than five years imprisonment, a fine not to exceed

3  $250,000, or both such fine and imprisonment; not more

4  than three years on supervised release; not more than

5  two years of imprisonment upon revocation of supervised

6  release; a 100-dollar special assessment; and

7  restitution, if applicable.

8            Mr. Mann, has anyone made any promise to you

9  or anyone else that caused you to decide to plead

10 guilty?

11           THE DEFENDANT:  No, sir.

12           THE COURT:  Has anyone attempted in any way

13 to force you to plead guilty?

14           THE DEFENDANT:  No, sir.

15           THE COURT:  Has anyone threatened you or

16 anyone else and thereby caused you to plead guilty?

17           THE DEFENDANT:  No, sir.

18           THE COURT:  Do you understand that the

19 charges to which you intend to plead guilty are

20 felonies, and that if your guilty plea is accepted, you

21 will be found guilty of those charges?

22           THE DEFENDANT:  That's correct.  Yes, sir.

23           THE COURT:  Do you understand that right

24 now, at this very moment, you still have the legal right

25 to plead not guilty to every charge brought against you?

```
 1                    THE DEFENDANT:  Yes, sir.

 2                    THE COURT:  Do you understand if you plead

 3      not guilty, you would enjoy all of the trial rights that

 4      I have described to you?

 5                    THE DEFENDANT:  Yes, sir.

 6                    THE COURT:  Do you also understand that if

 7      you enter a plea of guilty and I accept it, there will

 8      not be a trial?  Instead, you will have waived or given

 9      up your right to a trial as well as all of the trial

10      rights that I've previously described to you.  Do you

11      understand?

12                    THE DEFENDANT:  Yes, sir.  That's correct.

13                    THE COURT:  Has anyone made any promise to

14      you as to what your sentence will be?

15                    THE DEFENDANT:  No, sir.

16                    THE COURT:  Have you answered all of my

17      questions truthfully today?

18                    THE DEFENDANT:  Yes, sir.

19                    THE COURT:  I'm now going to read the

20      charges and ask you how you plead.

21                    In count 1 of the indictment, the grand jury

22      charges that from in or around February 2022 through in

23      or around November 2022, in the Eastern District of

24      North Carolina and elsewhere, defendant Timothy Mann,

25      with the intent to injure, harass, and intimidate victim
```

**JA152**

```
 1  D.E., used facilities of interstate and foreign
 2  commerce, including electronic mail and Internet social
 3  media applications, to engage in a course of conduct
 4  that caused substantial emotional distress to D.E. and
 5  placed him in reasonable fear of death and serious
 6  bodily injury, in violation of Title 18, United States
 7  Code, Sections 2261A(2).
 8              How do you now plead to count 1?
 9              THE DEFENDANT:  Guilty, Your Honor.
10              THE COURT:  Did you do it?
11              THE DEFENDANT:  Yes, sir.
12              THE COURT:  So you now admit that you are,
13  in fact, guilty as charged in count 1?
14              THE DEFENDANT:  Yes, sir.
15              THE COURT:  In count 2 of the indictment,
16  the grand jury charges that from in or around March 2022
17  through in or around November 2022, in the Eastern
18  District of North Carolina and elsewhere, defendant
19  Timothy Mann, with the intent to injure, harass, and
20  intimidate victim Q.H., used facilities of interstate
21  and foreign commerce, including electronic mail and
22  Internet social media applications, to engage in a
23  course of conduct that caused substantial emotional
24  distress to Q.H. and placed her in reasonable fear of
25  death and serious bodily injury, in violation of
```

```
1    Title 18, United States Code, Sections 2261A(2).
2                How do you now plead to count 2?
3                THE DEFENDANT:  Guilty, Your Honor.
4                THE COURT:  Did you do it?
5                THE DEFENDANT:  Yes, sir.
6                THE COURT:  Then you now admit that you are,
7    in fact, guilty as charged in count 2?
8                THE DEFENDANT:  Yes, sir.
9                THE COURT:  Ms. Wilson, please make a
10   proffer or put on evidence concerning the facts the
11   United States would be prepared to prove at trial so the
12   Court may determine whether there's an independent
13   factual basis for the plea.
14               MS. WILSON:  Thank you, Your Honor.
15               Had this matter been a trial, some of the
16   evidence that the government would have been prepared to
17   show beyond a reasonable doubt is that around May of
18   2021, a resident of North Carolina whose initials are
19   D.E. met this defendant, Timothy Mann, through social
20   media.  Mr. Mann at that point lived in New York but
21   later moved to North Carolina.
22               D.E. had noticed that Mr. Mann's behavior
23   began getting a bit erratic, and so he distanced himself
24   from Mr. Mann, and this resulted in some hostility.
25               Mr. Mann began contacting D.E. and his
```

1   mother, who has the initials of Q.H., repeatedly.  And

2   despite their attempts to block him, he persisted in

3   contacting them using various ways; for example,

4   anonymous phone numbers, social media accounts, and

5   e-mail accounts.  He also would message other family

6   members of D.E. and Q.H.  The messages were consistent

7   in style and also content.  They came from accounts with

8   very similar usernames, and many were violent and

9   threatening.

10          For example, in late February or early

11  March, D.E. received a comment on an Instagram post of

12  his daughter that said:  I hope your white daughter is

13  with you when I take you out so her last memory is her

14  father getting his brains out.

15          Then again, February 11th, 2022, an

16  Instagram message to D.E.'s girlfriend said:  Tatti and

17  I know where you live and I'm gonna handle you.  I'm

18  gonna shoot you, believe that white spic, and in the

19  meantime I hope your baby dies and you bleed out, and

20  yes I will piss on your child, whore.

21          That same day, D.E.'s stepfather received a

22  text message photo of a Glock pistol that included the

23  statement:  I will not be held accountable, I don't give

24  a fuck about the police because after I kill him I'm

25  gonna kill myself.  He will pay for all he did to me.

20

1           On March the 10th, 2022, D.E.'s mother,

2    Q.H., received a message saying:  Bullets go through

3    windows, houses, and cars.  I'm just getting started.

4    And that was accompanied by a photo of her home.

5           In October, specifically October 24th, 2022,

6    a message to D.E. and Q.H., Mann said that Q.H. would

7    have bullet holes all through her body and that she

8    can't stay in her home for 24 hours.  He continued

9    saying that they better hope and pray Raleigh Police

10   Department gets there fast enough.

11          And finally, November 28th, 2022, there were

12   messages sent to D.E.'s aunt saying repeatedly that

13   Mr. Mann planned to kill Q.H. on Christmas Day and that

14   he had been planning this for a while and was ready to

15   die if necessary.

16          The evidence would be that this did cause

17   substantial emotional distress to both D.E. and Q.H.,

18   and both were in reasonable fear of their life, or at

19   the very least, serious bodily injury from this

20   defendant.

21          Thank you, Your Honor.

22          THE COURT:  Thank you, counsel.

23          All right.  Mr. Mann, do you disagree with

24   any of the facts just presented by the Assistant United

25   States Attorney?

```
 1              THE DEFENDANT:  No.

 2              THE COURT:  In light of the plea of guilty

 3   and the United States' proffer, the Court finds that the

 4   plea is supported by an independent basis in fact as to

 5   each of the essential elements of the offenses.  The

 6   Court also finds that the defendant is fully competent

 7   and capable of entering an informed plea, that the

 8   defendant is aware of the nature of the charges, the

 9   maximum penalties, the mandatory minimum sentence if

10   any, his rights, and the consequences of pleading

11   guilty.

12              The Court also finds that the defendant's

13   plea of guilty is knowing and voluntary.  The plea is

14   therefore accepted, and the defendant is now adjudged

15   guilty of the charges in counts 1 and 2 of the

16   indictment.

17              Mr. Zeszotarski, do you wish to be heard

18   today on detention?

19              MR. ZESZOTARSKI:  No, Your Honor.  Thank

20   you.

21              THE COURT:  Defendant having been

22   adjudicated guilty, he's remanded to the custody of the

23   United States Marshal.  Good luck to you, Mr. Mann.

24              (Proceedings concluded at 10:28 a.m.)

25
```

1                   **C E R T I F I C A T E**

2

3       I certify that the foregoing is a correct

4   transcript from the record of proceedings in the

5   above-entitled matter.

6

7   /s/Risa A. Kramer                    1/26/2024

8   Risa A. Kramer, RMR, CRR             Date

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
                  UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF NORTH CAROLINA
                       WESTERN DIVISION

   --------------------------------------------------------

   UNITED STATES OF AMERICA,

                      Plaintiff,

        -vs-                         Case No. 5:23-CR-14-M-KS-1


   TIMOTHY MANN,

                      Defendant.

   --------------------------------------------------------

                      SENTENCING HEARING
                     NOVEMBER 30, 2023
           THE HONORABLE CHIEF JUDGE RICHARD E. MYERS II
                  UNITED STATES DISTRICT JUDGE



   A P P E A R A N C E S


   On Behalf of the Government

   JAKE D. PUGH
   United States Attorney's Office - EDNC
   150 Fayetteville Street, Suite 2100
   Raleigh, North Carolina 27601


   On Behalf of the Defendant

   JOSEPH E. ZESZOTARSKI, JR.
   Gammon, Howard & Zeszotarski, PLLC
   115 1/2 West Morgan Street
   Raleigh, North Carolina 27601



                   Risa Kramer, RMR, CRR
                   Official Court Reporter
                 United States District Court
                  Wilmington, North Carolina
```

**JA159**

```
 1                    TRANSCRIPT OF PROCEEDINGS

 2                (Proceedings commenced at 10:01 a.m.)

 3              THE COURT:  All right.  Good morning,

 4    everyone.  If the clerk would please call the case.

 5              THE CLERK:  United States of America versus

 6    Timothy Mann.

 7              THE COURT:  Counsel, please -- I'm not sure

 8    I'm -- let me double-check here and see if we're being

 9    amplified.

10              All right.  Is -- am I amplified?  Can you

11    hear me through the speakers, or no?

12              MR. ZESZOTARSKI:  No, but I can hear you

13    fine, Your Honor.

14              THE COURT:  All right.  I'll project, and

15    we'll try that until we can get some help down here.

16              All right.  Counsel, please state your

17    appearance for the record.

18              MR. PUGH:  Yes, Your Honor.  Jake Pugh for

19    the government.

20              MR. ZESZOTARSKI:  Joe Zeszotarski for

21    Mr. Mann, Your Honor.

22              THE COURT:  Good morning, Mr. Mann.  If

23    you'd please stand so the clerk can administer the oath.

24              THE CLERK:  Please place your left hand on

25    the Bible, raise your right hand, and state your full
```

**JA160**

1 | name for the record.

2 | THE DEFENDANT:  Timothy Mann.

3 | (The defendant was placed under oath.)

4 | THE COURT:  Mr. Mann, have you taken any

5 | substance in the last 48 hours that would affect your

6 | ability to hear and understand these proceedings today?

7 | THE DEFENDANT:  No, sir.

8 | THE COURT:  Do you understand what's

9 | happening here today?

10 | THE DEFENDANT:  Yes, sir.

11 | THE COURT:  Mr. Zeszotarski, do you have any

12 | doubt about your client's competence to proceed today?

13 | MR. ZESZOTARSKI:  No, Your Honor.

14 | THE COURT:  Mr. Pugh, does the United States

15 | have any such doubt?

16 | MR. PUGH:  No, Judge.

17 | THE COURT:  Based on this Court's questions

18 | and the defendant's and counsel's answers, this Court

19 | finds that the defendant is competent to be sentenced

20 | today.

21 | Mr. Mann, in light of some cases from the

22 | Supreme Court of the United States, including the

23 | Booker, Rita, Gall, Spears, and Nelson cases, the

24 | sentencing guidelines are no longer mandatory.  They're

25 | advisory.  Nevertheless, in accordance with those

4

```
1   Supreme Court cases, as well as a number of decisions
2   from the Fourth Circuit Court of Appeals that interpret
3   those cases, this Court still must take into account the
4   now advisory guidelines.  The Court does this by
5   initially ruling on any objections and make findings of
6   fact.  Next, the Court will calculate an advisory
7   guidelines range.  The Court then will consider any
8   motion that might move the range either up or down.
9           Next, the Court will consider all arguments
10  that your lawyer makes concerning your sentence both in
11  court and in any motion or memorandum, any statement you
12  would like to make concerning your sentence, any victim
13  allocution, and the arguments of the Assistant United
14  States Attorney both in court and in any motion or
15  memorandum.  I'll then give your attorney an opportunity
16  to respond.
17          Finally, after my own discussion of the
18  arguments presented and consideration of the sentencing
19  factors, I will announce your sentence in open court.
20  That's the process we follow.
21          Mr. Zeszotarski, did you receive a copy of
22  the defendant's presentence report?
23          MR. ZESZOTARSKI:  Yes, Your Honor.
24          THE COURT:  Mr. Mann, have you discussed
25  your presentence report with your attorney?
```

```
 1                    THE DEFENDANT:  Yes, sir.
 2                    THE COURT:  Do you have any objections to
 3    the report that were not raised by your attorney?
 4                    THE DEFENDANT:  No, sir.
 5                    THE COURT:  You may have a seat.
 6                    Mr. Zeszotarski, does your client object to
 7    the proposed conditions of supervised release set forth
 8    in the PSR?
 9                    MR. ZESZOTARSKI:  No, Your Honor.
10                    THE COURT:  Mr. Pugh, does the United States
11    object?
12                    MR. PUGH:  No, Judge.
13                    THE COURT:  The presentence report shall be
14    placed in the record under seal.
15                    THE CLERK:  Judge, IT is here.
16                    THE COURT:  We'll see if we can get this to
17    work.
18                    (Brief pause in proceedings.)
19                    THE COURT:  Thank you.  And thank you for
20    your indulgence.
21                    In accordance with Rule 32 of the Federal
22    Rules of Criminal Procedure, the Court accepts as
23    accurate the presentence report except as to matters in
24    dispute as set forth in the addendum.  The Court notes
25    the addendum contains no objections from the United
```

**JA163**

1  States and no objections from the defendant.

2          Based on the record and governing law, the

3  Court calculates the advisory guideline range applicable

4  to the defendant's case as follows.

5          Total offense level is 23.  Criminal history

6  category is I.  The advisory guideline range is 46 to 57

7  months.

8          Guideline computation was arrived at --

9  actually, Mr. Zeszotarski, do you have any objections to

10  the offense level, criminal history category, or

11  advisory guideline range as stated by the Court?

12          MR. ZESZOTARSKI:  No, Your Honor.

13          THE COURT:  Mr. Pugh?

14          MR. PUGH:  No, Judge.

15          THE COURT:  Guideline computation was

16  arrived at as follows.

17          Base offense level is 18.  Four-level

18  enhancement on the basis of aggravating factors pursuant

19  to United States Sentencing Guideline Section

20  2A6.2(b)(1).

21          No victim-related adjustment; no adjustment

22  for role in the offense; a two-level enhancement for

23  obstruction of justice based on multiple failures to

24  appear.  Adjusted offense level subtotal is 24.

25          Count 2 has a base offense level of 18, a

7

1    four-level enhancement for specific offense

2    characteristics.  No victim-related adjustment; no

3    adjustment for role in the offense; two-level

4    enhancement for failure to appear; and adjusted offense

5    level subtotal 24.

6            We start with the 24.  We have a two-level

7    increase pursuant to the number of units, which leads to

8    the combined adjusted offense level of 26.  There's no

9    Chapter 4 enhancement.  The defendant's received three

10   points of credit for timely acceptance of responsibility

11   which has led to the total offense level of 23.

12           Sentencing options available to the Court

13   are as follows.

14           The statute provides for zero to five years

15   in custody on count 1 and zero to five years in custody

16   on count 2.  The guidelines recommend 46 to 57 months.

17   The statute provides for zero to three years on

18   supervised release as to each of counts 1 and 2.  The

19   guidelines recommend one to three years as to each of

20   counts 1 and 2.

21           Statute provides for possibility of one to

22   five years on probation as to each of counts 1 and 2.

23   The guidelines would render this defendant ineligible

24   for probation.

25           Each of counts 1 and 2 has a maximum

1    statutory fine of $250,000.  The guidelines fine range

2    in this matter is 20,000 to $200,000.  Restitution in

3    the amount of $4,108 applies under both the statute and

4    the guidelines.  And there is a 100-dollar special

5    assessment as to each of counts 1 and 2 under both the

6    statute and the guidelines.

7              Mr. Zeszotarski, I've read your sentencing

8    memorandum.  I'll hear from you now for remarks on

9    behalf of your client concerning the 3553 factors.

10             MR. ZESZOTARSKI:  Thank you, Your Honor, and

11   thank you for viewing the memorandum.

12             Mr. Mann, Your Honor, is 25 years old.  He

13   has no prior criminal record.  He's pled guilty and

14   accepted responsibility in this case.  He now has been

15   in custody for seven months.

16             Your Honor, there's a number of issues that

17   we raised in the sentencing memorandum, and I'm

18   certainly not going to rehash all of that.  But I do

19   want to argue to the Court about kind of how those

20   factors play into how we're here today.

21             Mr. Mann obviously had a horrific childhood;

22   somebody who's born in extremely adverse circumstances,

23   winds up in an orphanage; sadly, winds up adopted by a

24   family that appears to have not treated him very well at

25   all.  Your Honor saw in the memorandum some of the

9

1    specific instances of some things that Tim remembers

2    from his childhood, which are just terrible.  Just

3    terrible.

4              What I took away, Your Honor, from looking

5    at that history and looking at the mitigation report

6    that the FPD's Office has put together prior to me

7    getting in the case was when Tim was put in

8    circumstances where he could have a chance, he did

9    really well.  When he was removed from the home and put

10   in the first group home, he did well in high school.  He

11   engaged in activities.  He had decent grades, good

12   grades, really, for what he was dealing with.  Graduated

13   high school.

14             Unfortunately, he goes back to the home, he

15   gets expelled from the home, and he winds up homeless.

16   But again, he manages to get hooked up with an agency

17   that provides help to people in his circumstances, and

18   again does well, gets himself on his feet, gets a job,

19   and gets a college degree.  And at the time that this

20   offense started, he had come from where he had come from

21   and he had gotten to the point where he was living on

22   his own, supporting himself, and had a good job.

23             And that's kind of -- Your Honor has the

24   detail in the memo, but that's kind of where we get to

25   2022 when this all starts.  And Your Honor's seen both

1  in the presentence report and in our memo Mr. Evans and

2  Mr. Mann meet over the Internet.  They befriend each

3  other.  Ultimately, Tim comes to North Carolina.

4  Ultimately, the relationship kind of falls apart, and

5  this starts.  And Mr. Mann accepts responsibility for

6  the messages that he sent and the things he said through

7  social media and the Internet and all those sorts of

8  things, and that's why he's here.

9          But what I'd ask the Court to consider is --

10  and I've talked with Tim about this -- Tim is very

11  sensitive, understandably.  I'm not faulting him one bit

12  for this.  He's very sensitive about being viewed as

13  having a mental health issue, a condition; for lack of a

14  more elegant way to put it, being viewed as crazy.  And

15  I've tried to talk with Tim about the fact, and I think

16  the facts here bear that Tim does not deal well with

17  stressful situations.  He doesn't deal well with

18  handling adverse circumstances.  And he reacts, I think

19  these facts would show, with anger, right?  With typing

20  these kinds of messages out, right?

21          And I would argue to the Court that's

22  completely understandable given where he came from.  And

23  it's understandable when he's a young man and still a

24  young man, a little bit of a younger man when he engaged

25  in this conduct and hasn't gotten any help for that

1    ever, ever.  Hasn't been in a position to get any help

2    for that ever.  But I would argue to the Court that that

3    background kind of informs the -- how we get here a

4    little bit.  And it certainly -- I'm not arguing to the

5    Court one bit, and I'm certainly not saying this is any

6    kind of excuse.  But what I'd like the Court to try to

7    consider is -- and I think in these cases we always look

8    at, kind of, why did this happen?  How did we get here?

9    And I think how we got here is that because of Tim's

10   background and because of the terrible circumstances he

11   came from, he just doesn't deal well with that stuff.

12   And he just -- the facts here bear it out.

13           Your Honor, I know that it's important to

14   Tim for me to let the Court know, and I did let the

15   Court know in the memorandum, and I let the Court know

16   again another factor that we would argue to the Court

17   that supports a downward variance here that makes this a

18   little different than the run-of-the-mill,

19   quote/unquote, cyberstalking case, is there was a bit of

20   a back-and-forth here between the government's victims

21   and Mr. Mann.  And certainly not an excuse for

22   Mr. Mann's conduct, again.  This was something that

23   certainly, in terms of the timeline, escalated greatly

24   after the physical confrontation between Mr. Evans and

25   Mr. Mann that resulted in the injuries to Mr. Mann that

1  Your Honor's seen in the photograph that's the exhibit

2  in our memorandum.

3          Things escalated greatly after that event.

4  And Mr. Mann, I know it's important to him that the

5  Court know about that.  Mr. Mann says that he was hit

6  with brass knuckles.  Mr. Evans denies using brass

7  knuckles in that incident.  Whether he did or he didn't,

8  those -- Your Honor can see those are pretty severe

9  injuries, and that's something that kind of escalated

10  all of this, certainly.

11          Your Honor, another factor we'd ask the

12  Court to consider is Mr. Mann's health condition that's

13  outlined in the memorandum.  Certainly, again, another

14  kind of tragic consequence of where he came from and

15  something he'll have to deal with for all of his days.

16          That all being said, Your Honor, you know,

17  that condition, there is -- from Mr. Mann's perspective,

18  there was back-and-forth about that condition with

19  Mr. Evans during the course of this as well which led to

20  further escalation.  Again, Your Honor, no excuse for

21  what Mr. Mann did, and he wouldn't offer it as an

22  excuse.  But he does want the Court to have the context

23  of what happened here.

24          So, Your Honor, I would argue to the Court,

25  in terms of looking at a downward variance in this case,

1   we have a circumstance where we would argue to the Court

2   that the offense itself is a little different than what

3   we would typically see in a cyberstalking offense.  And

4   we have a -- the background of a defendant that is very,

5   very different than what we typically see.  And I would

6   argue to the Court that also ties into, kind of, how we

7   got here.  All of that, Your Honor, deals with the

8   offense in the past.

9           Another thing that I would argue to the

10  Court that supports a downward variance is the future.

11  Mr. Mann's got no prior record.  None.  From the PSR, it

12  looks like he's never even had a speeding ticket.  And

13  he's now been in jail for seven months.  The past has

14  shown that he's able to get himself on his feet and

15  support himself and be a productive member of society,

16  even under very adverse circumstances.  And, Your Honor,

17  here he has a plan for the future.  As we said in the

18  memo, he's got a CDL.  He intends to use that to support

19  himself once he's met the Court's obligations in this

20  case.  And he's gonna have to do it as he's done it his

21  whole life, Your Honor, on his own.  Except,

22  fortunately, about, you know, the only good thing that

23  comes out of all of this for everybody, for both sides,

24  is that Mr. Mann is gonna have the assistance of the

25  probation office in moving his life forward.

1            And we know from experience, us lawyers and

2    Your Honor, that the probation office does a wonderful

3    job in that respect.  And Mr. Mann, I think, is somebody

4    who, when he gets that help, can really move himself

5    forward.  This, Your Honor, is an opportunity for him

6    for the first time in his life to really have some

7    mental health help that is focused on what this offense

8    would show the issue to be, dealing with anger, dealing

9    with stress, dealing with those sorts of things.  And I

10   would argue to Your Honor that that also supports a

11   downward variance from what the guidelines would also

12   call for.

13           Your Honor, Mr. Mann, when I say he's alone

14   in this world, he really is.  He doesn't have anybody to

15   put money on his account in jail.  You don't have any

16   letters.  There's nobody to write any.  So I would argue

17   to the Court what he did before he got himself involved

18   with this was pretty remarkable in a positive way.  This

19   is bad, certainly.  That's why we're here.  But those

20   facts are very different than the typical case that's

21   before Your Honor.

22           So, Your Honor, Mr. Mann wants me to ask you

23   to consider sentencing him to time served, which is

24   seven months of custody.  He's obviously willing to

25   comply with whatever conditions would be imposed by the

1  Court for supervised release.  He's told me that he very

2  much wants to move forward with his life from this.  And

3  he would ask the Court to consider all the facts that

4  we've put forward.

5         I know he wants to speak to the Court at the

6  appropriate time.  Thank you.

7         THE COURT:  Mr. Zeszotarski, I'm gonna ask

8  you to address the failure to appear.  You know, it's

9  one thing if he's come in from the outset and said, "I

10  changed my mind, I'm gonna cooperate, I'm gonna

11  participate."  But the evidence about how he's gonna be

12  receptive to this Court has not been positive.

13         MR. ZESZOTARSKI:  So, Your Honor, I spoke --

14  and so Your Honor knows, Mr. Mann was represented by the

15  Public Defender's Office at the time all that happened,

16  and I came in after the fact.  And understandably, I've

17  talked with Tim -- "What happened here?"  And, Your

18  Honor, as we said in the memo, Mr. Mann would tell the

19  Court that this is another example of him being unable

20  to kind of deal with -- he gets the messages that are

21  attached to our memo, and they, again, for lack of an

22  elegant way to put it, kind of set him off.  He takes

23  his ankle monitor off.  He makes those terrible

24  statements that he -- he films himself making these

25  terrible statements, which obviously the government is

1  gonna get, and then winds up in custody.  So there's

2  really no great explanation for it, Your Honor, other

3  than that.

4            Now, what I can tell you is Mr. Mann's

5  attitude about this case from the time -- from the first

6  time I met him versus to where we are now is 180 degrees

7  different.  Now, we all know, of course, the proof is in

8  the pudding in the end about the person's intentions.

9  But I can tell the Court that.  And I can tell the Court

10  that Mr. Mann -- and he'll tell you -- knows that he

11  made a terrible mistake in engaging in that conduct back

12  at the beginning of the year that led to him being in

13  custody.  That was certainly flouting an opportunity

14  that the Court gave him in, you know, in being released

15  and in being out on conditions and proving to the Court

16  that he can comply.

17            There's no great explanation for it beyond

18  that, Your Honor.  But I think that, again, what it ties

19  into is it's another example of what I'm arguing to the

20  Court about his inability to kind of deal with the --

21  what life brings sometimes in that respect.

22            THE COURT:  All right.  Thank you, counsel.

23            Mr. Mann, this is your opportunity to tell

24  me anything you'd like me to know as I consider your

25  sentence.

1              THE DEFENDANT:  Good morning, Judge Myers.

2              I met Derrick Evans in May of 2021 and, you

3    know, beginning talking, we became like brothers, very

4    close.  And as my lawyer mentioned, I told him

5    everything about me and about my family situation and me

6    being in foster care and adopted and things like that.

7    And I trusted him, like, as a brother.  And he was very

8    encouraging and seemed like he cared about me and

9    encouraged me to move to North Carolina.

10             When I came down here, you know, all was

11   well in the beginning.  But then, you know, as our

12   friendship evolved, you know, things between me and him

13   became very tumultuous, and that's when the incident

14   happened with the brass knuckles.

15             You know, it's no doubt, Your Honor, I've

16   been honest with the federal agents from day 1 about me

17   threatening them.  But I think it's very important, you

18   know, for you to understand that I just didn't threaten

19   the victims in my case for no reason, you know.  I was

20   threatened.  I was hit in the face with brass knuckles.

21   You know, these people made fun of my -- the victims in

22   my case made fun of my diagnosis, and I was very upset

23   about that, and also tons of other things that the

24   victims knew about my personal circumstances.  I was

25   very upset about that and I threatened them back, you

1   know, no doubt.

2          I've been honest about my involvement, as I

3   said, with federal agents in the beginning, through my

4   lawyer, with -- tell the prosecutor and, you know, I

5   accept responsibility for that.  And I'm very sorry, you

6   know, for my actions and putting, you know, the victims

7   and making them feel the way they felt.  It's just that,

8   you know, I was very hurt.  At that time in my mind

9   frame, I was feeling like, you know, how could they do

10  -- how could I be treated like this?  And I was just

11  upset with me not having nobody, and him the only person

12  that I had in my corner, and then for me to be treated

13  like that, I asked why -- that's the way that I was

14  feeling at the time, Your Honor.  I'm not gonna lie to

15  you.  And so in retaliation I threatened them back.

16         I mean, of course I know, you know, I left

17  North Carolina and moved back home to Brooklyn.  Of

18  course the back-and-forth continued between me and the

19  victims.  You know, I'm very sorry that this came to a

20  point like this, you know.  But I do want you to know

21  that I was working.  I had my own apartment.  I was

22  doing good in life, you know, prior to meeting these

23  people in my case, the victims, and even when I was

24  dealing with them, you know.

25         Your Honor, I just want you to know that I

1  plan to get my job back and I plan to start my own

2  trucking company and just be the best that I can be, you

3  know.  Whatever you impose as my sentence, I accept

4  responsibility.

5           I do want to speak on the pretrial stuff

6  that happened.  You know, I was upset because here I am

7  on a federal charge and -- I'm just explaining to you at

8  the time how my mindset was.  I'm like, you know, how is

9  the government saying these people -- I mean, there's no

10 doubt they're victims.  I threatened them.  I'm not

11 taking that back.  But in my mind frame, I'm saying to

12 myself, "How could these people threaten me, attempt to

13 extort me and I can't respond back?"  And I felt like

14 everybody was working against me.  I felt like my lawyer

15 I had at the time, David Venable, wasn't working for me,

16 because I'm showing him these messages, "Hey, can you

17 show this to Jake, the prosecutor, let him know what's

18 going on?"  "I hadn't got a chance to speak to him,"

19 this and that, hence that's why Mr. Zeszotarski's on my

20 case now.  And that's why I did the video.

21          You know, I was not gonna come down here and

22 do anything to them.  It's just all talk.  You know, I

23 just was upset.  And I understand my actions, and I

24 understand what I did is something that, you know, will

25 not be tolerated.  And I understand that, you know.

1              When I cut the bracelet, I felt like at the

2    time, like, why is my pretrial supervision gonna be

3    revoked if I didn't do anything.  And so, you know, I

4    got frustrated, cut the bracelet, and I left and I went

5    back home.  I didn't run.  I didn't put a fight up with

6    the U.S. Marshals.  I'm sure you can verify that.  And

7    they came and got me at my residence, you know.

8              But, Judge Myers, I just want you to know

9    that I've never been in trouble in my life.  And I want

10   you to know that whatever you impose, I'm gonna follow

11   it to a T.  And I just want to move on with my life and

12   just be the best that I can be.  Like I said, I'm gonna

13   start my own trucking business, and I just want to move

14   on with my life, Your Honor.  But I think it's very

15   important for you to understand that background, the

16   background of all of that, hearing it coming from me.

17   And I apologize for my actions, and I deeply appreciate

18   you allowing me to talk to you directly.

19             THE COURT:  All right.  Thank you, sir.

20             Mr. Pugh, do you wish to offer any victim

21   allocution?

22             MR. PUGH:  Yes, Your Honor.  Ms. Harris is

23   here with Derrick Evans, as well as his girlfriend,

24   Tatiana.  Ms. Harris is gonna speak on behalf of the

25   family.

```
 1                    THE COURT:  Okay.

 2                    MS. HARRIS:  Hello, Your Honor.

 3                    THE COURT:  Good morning.

 4                    MS. HARRIS:  Good morning.

 5                    For almost two years, our family lived a

 6    nightmare.  Our mental, emotional, and physical health

 7    has suffered a great deal due to Tim Mann's actions.

 8    The constant threats on our lives, the harassing phone

 9    calls and messages, the drive-bys and having to watch

10    every corner took a toll on our lives.

11                    We had to watch out the window before

12    opening the door to go outside.  We had to look over our

13    shoulders to make sure he wasn't coming at us from

14    behind or around the corner.  We had to walk my daughter

15    to and from her car when she had to work early mornings

16    and work late nights due to the threats he posed on her

17    life.  We couldn't enjoy social media because there

18    would be tags with threats from him or explicit pictures

19    of himself in our messenger, sexually harassing us, or

20    pictures of guns.

21                    The babies were not able to visit us as he

22    threatened to harm them.  He said he would blow up the

23    house while they were in there or set the house on fire.

24    He threatened to catch Derrick outside with his

25    daughter, take her out of his arms, kill him in front of
```

1  her, and then kill her and do the unimaginable to her

2  afterwards.  That was too big of a threat for us to risk

3  the babies coming over.

4          My youngest granddaughter was born three

5  weeks early.  Tatiana went into early labor due to the

6  threats Tim made to her daily.  He threatened to rip the

7  baby out of her stomach and kill them both.  He said

8  that he had found out where she lived, and the stress

9  was entirely too much for her to take and had sent her

10  into early labor.  She had a very difficult birth that

11  resulted in an emergency C-section.  The baby spent time

12  in the NICU as the blood flow from her mother had

13  stopped, and we didn't know what her fate was going to

14  be.  Thank God she is healthy and happy.

15          To be afraid every day that that day would

16  be your last is something we never want to relive again.

17  Most days we were not able to function to do day-to-day

18  activities, work, socialize, just stressing and

19  depressed.  We all have experienced high levels of

20  depression, stress, and anxiety, and sadly our

21  relationships with one another have suffered.

22          To be afraid that the Dodge Charger pulling

23  up beside you or one that you see in your neighborhood

24  is him and this is going to be it is terrifying.  My

25  marriage took a turn for the worse, and we are still

trying to come back from all of this.  I am petrified of guns and literally had to get a license and firearm in the event I had to protect myself and my family from this monster.

At one point I was so stressed and depressed that I felt like the only way out was death.  He was after me and Derrick the most.  If I unalived myself, maybe that would give him some satisfaction because he knew Derrick would suffer through that.  Maybe that would be good enough for him and he would stop.  I just wanted him to stop.  He kept going, and the nightmare kept going.  Nothing helped, not even changing phone numbers, social media accounts, nothing.  He would find a way to threaten our lives and harass us, and he wouldn't stop until he could.

It wasn't until Special Agent Mike Neylon took over the case that we were finally able to have some hope that this nightmare would finally come to an end.  His hard work and dedication to this case has ended this nightmare for us, and for the past seven months we have been able to let our guard down a little more each day.  Our family will forever be grateful for Special Agent Neylon and those who worked with him on this case in getting the justice we so desperately seeking.

1          Though we can walk outside without looking

2    out the window, but we still find ourselves still

3    looking over our shoulders.  We can enjoy social media

4    again, but any new requests or messages we get brings a

5    trigger.  We can answer our phones without worry, but an

6    unknown number scares me still and is still another

7    trigger.

8          This is the effect that Tim has left on our

9    lives.  I don't think that we'll ever be the same.  The

10   lasting hurt, pain, fear, and the demise of

11   relationships will always live with us.  We will

12   probably always have to be in therapy and be cautious.

13   No one should have to go through what we went through,

14   and Tim Mann should serve the max amount of time for

15   what he has done to our family and then some.  We know

16   he can't spend the rest of his life in prison, though

17   that would be ideal, but we are asking the Court to

18   continue to grant our family the relief to live our

19   lives without ever going through this nightmare again.

20   Thank you.

21              THE COURT:  Thank you, ma'am.

22              Mr. Pugh, who's Derrick Trevese?

23              MR. PUGH:  That's the same person as

24   Derrick Evans.

25              THE COURT:  Okay.  And the "Send some money,

1  all this can go away," is there any further context to

2  that beyond what's been presented in the defense's

3  memorandum?

4          MR. PUGH:  Your Honor, first I would point

5  out the notes on the margin are Agent Neylon's, correct?

6          AGENT NEYLON:  Yes.

7          MR. PUGH:  And the page with number on the

8  bottom 297, that is a collection of messages from

9  Derrick.  And the "yes" means that he admitted he did

10  those.  And I'll freely admit, agents, in reviewing

11  their phones, found some aggressive messages in response

12  to Mr. Mann's continued harassment.  These ones are true

13  ones.  But the following page from Ms. Harris, that was

14  no, nothing was ever recovered to corroborate those

15  messages, as was the final one talking about money to

16  make it go away.  That was also a "no" during the

17  interview.  We could not find evidence to corroborate

18  that.  And I'll tell you the U.S. Attorney's Office

19  opened a separate investigation in response to these

20  allegations of extortion and, I guess,

21  counter-harassment, to look into that.

22          I can't prove the negative, but we were not

23  able to validate those allegations.

24          THE COURT:  All right.  Thank you, Mr. Pugh.

25          MR. PUGH:  Your Honor, first -- and you get

1  to the heart of it -- I want to speak to this idea that
2  this was a back-and-forth.  Mr. Evans [sic] said that he
3  had a tumultuous relationship with Derrick, and then it
4  was escalated when Derrick punched him.  That -- that is
5  not the sequence of events at all.  Months before,
6  Derrick tried to remove himself from that relationship,
7  and the result was months and months of harassment,
8  persistent harassment and just failing to accept
9  blocking Mr. Evans or -- excuse me -- blocking Mr. Mann
10 and trying to avoid his contacts.  That was the
11 culmination of these months of harassment and the fake
12 gay dating profile and other attempts to just disturb
13 Mr. Evans' life.
14          And that was a point, an inflection point
15 where things become worse, absolutely.  It was that
16 event that led to the damage to the car, led to
17 Ms. Harris becoming involved and other family members.
18 But this was no tit for tat.
19          And the idea that the victims should just
20 accept this, you know, turn the other cheek like law
21 enforcement or other professionals are expected to be I
22 don't think is realistic.  These are civilians.  They've
23 been harassed for months, threatened with their lives.
24 I don't think that there should be any surprise that
25 they're angry, that they reach a breaking point and they

```
1   lash out at times.  And maybe some of the messages are
2   -- are insulting and hurtful and ill-advised.  But I
3   don't think that negates what Mr. Mann did.  I don't
4   think that puts him on equal footing or even remotely
5   close to it, even remotely close to it.  I don't think
6   this makes this a case that's any different from any
7   cyberstalking case.  It doesn't negate the case or
8   mitigate the activity whatsoever if victims happen to
9   get mad and reach their breaking point.  If anything, it
10  shows the damage that's been done to the victims in the
11  course of the case.
12          On that point, I'd also highlight this isn't
13  a one-time thing.  Mr. Mann also -- in the course of the
14  investigation, we found -- had received complaints for
15  harassing a employment contractor from Amazon after she
16  wasn't able to get him a job.  He harassed a podcast in
17  Florida resulting in complaints to the police.  I don't
18  think charges ultimately resulted from these.  But this
19  is activity that is not limited to this one family.
20  Even U.S. Probation, as I highlighted in the restitution
21  motion, wrote literally that he was harassing --
22  borderline harassing them with his repeat phone calls,
23  many, many in an hour, and e-mails and attempts to
24  contact them on his schedule.
25          THE COURT:  Mr. Pugh, I'm gonna ask you to
```

```
 1   give me a little context.  I think you all are far
 2   closer to the case than I am.  I have what's in the
 3   presentence report.  And it is a sketch.  I don't have a
 4   real sense of number of calls, number of texts, the pace
 5   at which these texts are arriving, the extent to which
 6   they're coming -- is it hourly, daily, multiple times a
 7   day?  I have -- the sketch I have is incomplete.  So if
 8   you could give me a little bit of a sense of --
 9            MR. PUGH:  Yes, absolutely.  Absolutely,
10   Judge.  And I appreciated that when I reviewed the PSR
11   myself, and I probably should have tried to get a little
12   bit more information about that in there.
13            As I did mention in the memo, FBI did a
14   thorough analysis of Ms. Harris's and Derrick's phones
15   as well as a phone that was seized from Mr. Mann.  The
16   victims' phones were as of December.  And looking at
17   those three phones, they were able to identify, I
18   believe, over 300 accounts and phone numbers through
19   which they believe that Mr. Mann had tried to contact
20   the victims.  Now, some of these were numbers that were
21   blocked kind of serially in the appropriate time frame,
22   as I mentioned, and hard to identify.  But other
23   addresses -- I'll give you just a cross-section from
24   this report.
25            List as blocked from Mr. Evans' phone is
```

1  Tim392279@gmail, Tim81531, TimJ2203, TimJ42247,

2  TimJ8260, TimJ8846, TimJ9933, and it goes on and on and

3  on with all these accounts; just this persistent

4  activity that would not be dropped no matter what,

5  states away, years since what was a positive

6  relationship, and just maintained and persisted in this

7  activity.

8         If unable to contact Derrick, then there's

9  the mom.  If not the mom, then it was the girlfriend or

10  the aunt or the stepfather or the place of employment.

11  There was no end to it.  It continued through the course

12  of, I mean, probably well over a year.  I mean, I don't

13  have figures for how often.  I think it was somewhat

14  inconsistent.  There'd be flurries of activity and then

15  it would pull back.

16         I highlighted one date that was actually

17  post-arrest, that February 9th of this year, where there

18  was over 150 missed calls.  When she did answer some,

19  that was when this YouTube video was playing that

20  eventually matched up to a video that was played at the

21  exact same time on the exact same day from Mr. Mann's

22  monitored phone.

23         So there were days like that.  I'm sure

24  there were days when nothing happened.  But ultimately

25  it didn't cease and the victims had to watch their

backs.  And he says he maybe never meant it, maybe never

was gonna act on what he said, but he gave very

detailed, graphic, and specific threats, including photo

of gun, photo of the front of house, including date,

even, about what he was going to do.  This wasn't just,

you know, talk back and forth, "You're a terrible

person, I'm gonna kick your ass."  That wasn't this.

This was detailed threats on life and graphic death.

Yes, absolutely Mr. Mann had an awful, awful

childhood, I would even go as far as to say uniquely bad

among many of the defendants I see.  He started off in a

rough spot, absolutely.  And his records show that he --

he's a pretty smart guy.  He's done some things

successfully.  He's successfully done some college

coursework in computer science.  But we also see that he

has used that for terrible, terrible purposes in the

last couple years.

All of these messages, all of these new

accounts through VPNs and being able to continue it

after arrest -- his continuing after arrest, his hiding

his phone or whatever device, we still to this day don't

know from probation as he continued this.

Moving forward to right up to the failures

to appear -- appear -- after arrest, he knows how much

trouble this has caused him, and yet still he's looking

1    up the penalties for arson, telling the victims the

2    ankle monitor won't stop him, tells them directly that

3    he's -- "Get ready, I'm heading to your crib," I think

4    were the direct words of the message.  And possibly most

5    telling was this last message:  No time will stop me,

6    you'll get what -- they'll get what they deserve -- or

7    you'll get what you deserve.

8              Even today, I believe, listening to his

9    allocution, you see that he -- he regrets that he's in

10   the position he's in today.  It is not clear at all that

11   he's remorseful for the activity.  He believes that he's

12   entitled to do what he's done for whatever slights he

13   feels he's gotten from the victims.  Some of it's his

14   own doing.  If they were rude about the relationship,

15   that does not justify what has happened here today.

16             And I noted some words in particular that he

17   said.  He said when he was "dealing with them" with

18   regard to the victim.  His view on the activity was

19   "dealing with them."  So even today it seems like he

20   thought he was doing what he needed to do.

21             And while he had a terrible childhood, while

22   I think he could turn things in the right direction -- I

23   will tell the Court when I'm confident that someone is

24   turning it around, and I am far from that here.  I would

25   hardly be surprised if the first chance Mr. Mann has to

1    touch a device, that the victims or me or the agent or

2    someone else involved with this case one way or another

3    will be hearing from him.  And I believe the victims

4    feel exactly the same way.  I hope -- I hope through

5    mental health treatment, through rehabilitation, if he

6    hasn't already, he'll realize the error in his ways and

7    get back on the right track.  But I'm not sure we're

8    there yet.  For that reason, I would ask for a guideline

9    sentence.

10            THE COURT:  Thank you, Mr. Pugh.

11            Mr. Zeszotarski, I'll give you the

12   opportunity to respond.  You have a sense of what the

13   Court's concerns are.

14            MR. ZESZOTARSKI:  I do, Your Honor, and -- I

15   certainly do.  And I just do want to point out one thing

16   briefly in response to where Mr. Pugh started with

17   respect to the messages that the Court was asking about.

18            I looked back, and I thought I remembered

19   this correctly and I did.  I looked back at Ms. Harris's

20   FBI interview, which is page 324 of the discovery, and

21   she does admit sending some threatening messages.  While

22   she denies the specific messages, she admits sending

23   other threatening messages.  She admits that this is her

24   profile.  Likewise, Mr. Evans admits that that's his

25   profile with the last exhibit at page 307 about sending

1  some money to make this all go away.

2          The context of all that, Your Honor, is that

3  that was provided to -- by Mr. Mann to the Public

4  Defender's Office at the time this case started, and the

5  Public Defender's Office provided that to Mr. Pugh.

6  That's how it kind of got there.

7          But I think that, you know, again, Mr. Mann

8  does not dispute the government's argument about the

9  fact that -- essentially, that he's guilty.  Yes, he's

10 guilty.  What we're asking the Court to consider is the

11 context of how all this happened.  And I think, again,

12 as I listen to Mr. Pugh's argument on behalf of the

13 government, it struck me that all of the points that the

14 government was trying to stress to the Court as

15 aggravating in this case all come back to the same thing

16 that I was arguing to the Court earlier, which is

17 Mr. Mann's inability to handle -- the issue with cutting

18 the bracelet off, the issue with the escalation that

19 occurs at the time of this physical conflict between

20 Mr. Mann and Mr. Evans as a result of the injuries you

21 see.  And I just ask the Court to consider all that.

22          It's also -- and the government, it sounds

23 like, just concedes this.  I mean, the background of the

24 defendant here is something that really is very, very

25 different.  And we just ask Your Honor to consider all

1  that.  When we look at the guidelines, we know that we

2  look at, well, is this kind of the case that fits within

3  the typical case and the typical guideline or are there

4  things that make it different?  We would argue that

5  there are many on behalf of Mr. Mann, Your Honor.

6          And I would argue to Your Honor that given

7  his young age and given that this really is his first

8  interaction with law enforcement, that all of the

9  conditions and all of the things that the probation

10  office can do to help him are really a positive force

11  that we would ask the Court to consider.  Thank you.

12          THE COURT:  Thank you, Mr. Zeszotarski.

13          All right.  Here's what happens next.  In

14  keeping with Fourth Circuit precedent, I'll discuss the

15  arguments I've heard in summary.  I've listened to them

16  all.  I've considered them all, and I have not forgotten

17  them in the course of an hour.  I'll discuss my own

18  application of the 3553 factors.  And then at the

19  appropriate time, Mr. Mann, I'll tell you to stand when

20  I'm ready to pronounce your sentence.

21          There are really, I think, three time frames

22  that the Court is being asked to consider by

23  Mr. Zeszotarski's arguments.  One is where did we come

24  from.  Two is how does this course of conduct fit

25  against the general cyberstalking cases.  And then,

1    three, looking forward, are we gonna be back.  I think

2    Mr. Pugh is asking me to consider the same things and

3    come to slightly different conclusions.

4              First, I don't think there's any dispute

5    regarding the difficulties this defendant faced as a

6    child.  Right?  We all come from somewhere.  And you've

7    succeeded in a lot of ways.  But what's missing seems to

8    be an ability to handle setbacks and conflict in a way

9    that's constructive and in fact has led to an

10   overreaction response that has escalated to the point

11   that you're here in federal court facing criminal

12   charges, right?  So somewhere looking forward we need to

13   figure out how are we not coming back the next time

14   something frustrates you.

15             So Mr. Zeszotarski asked me to consider

16   everything that's in your childhood, and I have.  I've

17   read all of it.  I've thought about all of it.  And life

18   is not fair, and yours was particularly unfair.  And I'm

19   sorry for that.

20             The question about what to think about over

21   the course of conduct is to what extent was there any --

22   it's not exculpatory, but mitigating considerations

23   regarding the nature of the back-and-forth.  And

24   everybody has their breaking points, and there's a --

25   everybody sits where they sit when they see something.

1    So I saw the photograph of the injuries to your face.

2    You were clearly struck very hard; caused a lot of

3    injury to your face.  And Mr. Pugh's response to that is

4    people have a breaking point, and when they've been

5    pushed to that breaking point, sometimes they respond

6    physically and that's how that happened.

7            Mr. Zeszotarski's argued that this conduct

8    escalated after it got physical.  Mr. Pugh's response

9    was, "No, that was ongoing, it got physical because it

10   had already escalated."  And so thinking about how those

11   things fit together is part of what I need to do to

12   figure out how much of this behavior merits how much

13   punishment.  And this has all got to come to a single

14   number, which is the great difficulty of my job, is

15   figuring out how do I fit a prediction of the future, an

16   estimate of the past, and a calculation regarding the

17   nature of the harms that were caused and fit all that

18   together.

19           I don't know what to make of the attachments

20   to the defense memorandum.  It appears that the FBI's

21   investigation was unable to corroborate that those were

22   in fact sent.  There is a lot of spoofing that seems to

23   be taking place across the context of this case.  So I'm

24   just going to say I don't know.  I don't know if those

25   are genuine.  I don't know if they are manufactured.  I

```
1   can't tell.  And Mr. Pugh says it's hard to prove a
2   negative.  I don't know that they are -- I don't know
3   what to consider about them in either direction.
4   Mr. Zeszotarski received them not as a result of his own
5   computer forensics but as a result of them having been
6   provided by this defendant who has also used false
7   identities to get around monitoring software,
8   interruption software, and has some level of
9   sophistication regarding the use of electronic devices.
10  So I just don't know, and so I'm going to treat them
11  that way.  I don't know.
12          I'm going to vary downward some.  I'm not
13  coming all the way to Mr. Zeszotarski's request.  I'm
14  going to vary downward some.  But I'm going to tell you
15  right now, Mr. Mann, that I'm gonna give you all of the
16  supervised release available to me.  And first contact,
17  I'm activating 100 percent.  Right?  So you hold the key
18  to a long prison sentence, all right?  I'm gonna give
19  you -- you're getting a prison sentence.  This was
20  behavior that certainly crossed every acceptable
21  behavior line.  I understand all of the arguments
22  regarding the back-and-forth and the retaliation.  I
23  understand them.  I've discussed them.  But I will tell
24  you that if you do anything going forward, everything
25  that I take away will come back.  It's 100 percent in
```

```
 1    your capacity to walk away from those people and never

 2    contact them again.  Because the second you do, those

 3    Marshals will come and get you and bring you in front of

 4    me, and I will give you all that is available to me, 100

 5    percent.  Just no question, right?  Because it will mean

 6    that I was wrong.

 7              Mr. Zeszotarski, have you made any arguments

 8    you wish me to directly address on the record?  I'm

 9    happy to address any argument you want.

10              MR. ZESZOTARSKI:  No, Your Honor.  Thank

11    you.

12              THE COURT:  This Court recognizes its

13    obligation under section 3553(a) to impose a sentence

14    that is sufficient but not greater than necessary to

15    comply with the purposes set forth in section 3553(a).

16    I've considered all the arguments defense counsel has

17    made, the defendant's allocution, the victim allocution,

18    and the arguments of the Assistant United States

19    Attorney.

20              I will tell the victims right now, nobody

21    should have to go through what you went through, and I'm

22    sorry for that.  And you've heard me tell this defendant

23    that if he contacts you in any way, it will be instant.

24    There will be no consideration about what should I do,

25    and I won't hem and haw.  It will be instant.  We will
```

1   be done.  We will come in, we will have our proceeding,

2   we will proceed immediately to the maximum punishment,

3   and we will go from there.  I just want it crystal clear

4   to everyone that there will be immediate consequences.

5           I recognize that the sentencing guidelines

6   are advisory, they're not mandatory.  I take them very

7   seriously because I'm committed to this concept of equal

8   justice under law.  The cyberstalking cases have a First

9   Amendment piece that underlies them, which makes me

10  cautious.  People are allowed to be intemperate.  They

11  are allowed to be angry.  They are allowed to be cranks.

12  They are not allowed to threaten to kill small children.

13  They're not allowed to threaten to kill fathers in front

14  of their children and then harm the child.  There's a

15  line, and it's pretty far out there in the United

16  States.  We let you go pretty far out.  But there is a

17  line, and that line was crossed in this case.  I take it

18  very seriously.

19          And the guidelines -- the guidelines ask me

20  to try to differentiate between intent to actually carry

21  out the threats when they're made, and intent to scare

22  by making threats one does not intend to carry out.  One

23  of the ways you start to think these are going to be

24  carried out is when it shows planning.  Photographs of

25  the home, right?  Photographs of firearms.  You start to

1  say, "This person has more than anger.  They're

2  demonstrating intent."

3         The defense has asked me to say that was

4  just really well-planned out attempts to scare.  Like I

5  said, I'm going to treat this as a borderline mental

6  illness case where the defendant's personal history is

7  such that his inability to grasp and deal with the level

8  of confrontation that happened here led to a

9  particularly horrific spiral of threat but that his time

10 in the Bureau of Prisons and his time under supervision

11 can reduce somewhat the risk that that is genuine.  But

12 the second that there's the absence of control to simply

13 walk away -- it's not like these people have to be in

14 your life.  These are people who live far away from you

15 now.  Just never contact them.  It's done.

16        I've considered the relevant factors under

17 Title 18, United States Code, Section 3553(a) including

18 the nature and circumstances of the offense and the

19 history and characteristics of the defendant.  I've

20 discussed those at length.

21        I recognize the need for the sentence

22 imposed to reflect the seriousness of the offense,

23 promote respect for the law, and provide just punishment

24 for the offense.  This sentence will, I believe, do

25 that.

1          I recognize the need to afford adequate

2    deterrence to criminal conduct and to protect the public

3    from further crime of the defendant.  Mr. Mann, I'll

4    tell you right now that as a judge, this is my fear,

5    right?  Is that I let you out earlier and you go back

6    and you terrorize those people again, and I will have

7    been wrong.  I'm not gonna treat you that way right now.

8    Right?  If I genuinely thought that you were not capable

9    of controlling yourself at all, then my obligation is to

10   keep you locked up for the length of time available to

11   me under the guidelines.  I just want us to be clear

12   about how much of this you hold in your hands.  Right?

13   There is a key to your cell in your hands.

14          I recognize the need to provide the

15   defendant with needed education or vocational training,

16   medical care, or other correctional treatment in the

17   most effective manner.  He will have exhausted what we

18   can do in the sentence he will have to serve.

19          And finally, I recognize the need to avoid

20   unwarranted sentence disparities amongst defendants with

21   similar records who have been found guilty of similar

22   conduct.  I don't vary lightly.  I'm not going to vary

23   in a very significant way, but I am varying downward in

24   this matter notwithstanding the guidelines.  And I'm

25   doing so for the reasons previously stated on the

1  record.

2          All right.  You may stand, Mr. Mann.  I'm

3  gonna pronounce your sentence.

4          Except as heretofore stated, the Court finds

5  the bases for the findings contained in the presentence

6  report credible and reliable, and therefore the Court

7  adopts those findings.  Based on those findings, the

8  Court has calculated the imprisonment range prescribed

9  by the advisory sentencing guidelines.  The Court has

10 considered that range as well as other relevant factors

11 set forth in the advisory sentencing guidelines and

12 those set forth in Title 18, United States Code, Section

13 3553(a).  Further, the Court adopts and imposes the

14 applicable special conditions of supervision referenced

15 in the presentence report.

16          Pursuant to the Sentencing Reform Act of

17 1984, and in accordance with the Supreme Court's

18 decision in United States versus Booker, it is the

19 judgment of this Court that the defendant, Timothy Mann,

20 is committed to the custody of the Bureau of Prisons to

21 be imprisoned for a term of 36 months on count 1 and a

22 term of 36 months on count 2 to be served concurrently,

23 for a total of 36 months.

24          The Court notes that the 36 months of

25 supervised release to follow would mean this defendant

1   will effectively double his sentence if he contacts

2   these victims again.

3           The Court recommends that the defendant

4   receive a full physical and mental health evaluation and

5   any appropriate treatment; that he receive any

6   vocational training for which he is eligible and in

7   which he's interested; that he receive a full mental

8   health evaluation and any appropriate treatment.  I

9   emphasize that because I believe it's necessary in this

10  case.

11          Mr. Zeszotarski, we haven't discussed

12  placement.  Would a FMC be best?

13          MR. ZESZOTARSKI:  Your Honor, I -- Fort Dix,

14  New Jersey I believe is not an FMC, but they do have --

15  according, at least, to the website -- some mental

16  health capabilities, and that would be close to where

17  Mr. Mann would locate himself.

18          THE COURT:  All right.  I'll recommend

19  Fort Dix, New Jersey.

20          I'll recommend any appropriate substance

21  abuse treatment, although it doesn't seem to be the

22  issue in this case.

23          MR. ZESZOTARSKI:  Mr. Mann would request

24  that, Your Honor.

25          THE COURT:  Okay.  I recommend he be placed

in the most intensive drug abuse treatment program
available at the facility to which he's assigned.

Upon release from imprisonment, the
defendant shall be placed on supervised release for a
term of three years.  This term consists of three years
on count 1 and a term of three years on count 2, all
such terms to run concurrently.

Further, after careful consideration of the
provisions of Title 18, United States Code, Section
3583(d), the sentencing factors outlined in Title 18,
United States Code, Section 3553(a), and the conditions
now imposed, the Court orders that the defendant shall
comply with the mandatory and standard conditions of
supervision adopted in the Eastern District of North
Carolina as referenced in the standing order.

The defendant shall also comply with the
following special conditions which are imposed based on
the nature of the instant offense, his lack of
compliance with his pretrial supervision, the
defendant's mental health history, the defendant's lack
of regard for court orders, his use of cellular phones
and technology to commit the instant offense, and for
the adequate supervision of the defendant based on the
aforementioned issues.

The defendant shall participate as directed

45

1   in a program approved by the probation office for the

2   treatment of narcotic addiction, drug dependency, or

3   alcohol dependency, which will include urinalysis

4   testing or other drug detection measures, and may

5   require residence or participation in a residential

6   treatment facility.

7          The defendant shall participate in a program

8   of mental health treatment as directed by the probation

9   office.

10          The defendant shall participate in a

11  cognitive behavioral program as directed by the

12  probation office.

13          The defendant shall submit to a search at

14  any time, with or without a warrant, and by any law

15  enforcement or probation officer, of the defendant's

16  person and any property, house, residence, vehicle,

17  papers, computer, other electronic communication or data

18  storage devices or media and effects, upon reasonable

19  suspicion concerning a violation of a condition of

20  supervised release or unlawful conduct by the defendant,

21  or to a search by any probation officer in the lawful

22  discharge of the officer's supervision functions.

23          The Court notes the Fourth Circuit precedent

24  may require probation officer to have some

25  particularized suspicion to render such a search lawful,

1   and the Court's intent is to impose lawful searches.

2          Court finds this search condition reasonably

3   related to the nature and circumstances of the offense,

4   the history and characteristics of the defendant, and

5   the need to protect the public from future crimes of the

6   defendant.  The Court notes that multiple accounts and

7   multiple identities were used electronically to engage

8   in the pattern of harassment which has led to this

9   conviction, and so the electronic search condition is

10  essential in this case.

11         The defendant shall not incur new credit

12  charges or open additional lines of credit without

13  approval of the probation office.

14         The defendant shall provide the probation

15  office with access to any requested financial

16  information.

17         Given the ancillary conduct described by

18  Mr. Pugh, being able to monitor his income and his

19  expenditures as well as his attempts to find gainful

20  employment in the future will be an important part of

21  supervision of this defendant.

22         The defendant must make restitution in

23  accordance with Title 18, United States Code, Section

24  3663 and 3663(a), or any other statute authorizing a

25  sentence of restitution.  Being able to monitor

```
 1   defendant's financial condition is essential for the
 2   probation office to manage the restitution order as
 3   well.
 4            It's further ordered the defendant shall
 5   cooperate in the collection of DNA as directed by the
 6   probation officer.
 7            The drug testing condition required by
 8   Title 18, United States Code, Section 3608 is suspended
 9   based on the Court's determination that the defendant as
10   we now sit poses a low risk of future substance abuse.
11            It's further ordered defendant shall pay the
12   United States a special assessment of $200, which shall
13   be due immediately.
14            It's further ordered defendant make
15   restitution to the following victim in the following
16   amounts:  Quartedra Harris, 311 Gilman Lane, Unit 101,
17   Raleigh, North Carolina 27610, in the amount of $4,108.
18            MR. ZESZOTARSKI:  Your Honor, if I could
19   raise one issue with respect to that.  I think that the
20   government at this point is only requesting -- they
21   filed a motion earlier this week --
22            THE COURT:  Oh.
23            MR. ZESZOTARSKI:  $2,107.13.
24            THE COURT:  I'll correct that to $2,107.13.
25            MR. ZESZOTARSKI:  Thank you.
```

```
 1              THE COURT:  Mr. Pugh?

 2              MR. PUGH:  Your Honor, just let me confirm

 3    the number really quickly.  I might have written it down

 4    wrong.

 5              Yup.  That's correct.  Thank you.

 6              THE COURT:  Thank you.  This was an earlier

 7    prepared draft.

 8              Any payment made that is not payment in full

 9    shall be divided proportionately if multiple victims are

10    named.  The Court finds that the defendant is without

11    the ability to pay interest, so interest is therefore

12    waived.

13              Payment of restitution shall be due and

14    payable in full immediately.  However, if the defendant

15    is unable to pay in full immediately, the special

16    assessment and restitution may be paid through the

17    Inmate Financial Responsibility Program, or IFRP.  The

18    Court orders that the defendant pay a minimum payment of

19    $25 per quarter through the IFRP, if available.

20              The Court having considered the defendant's

21    financial resources and ability to pay orders that any

22    balance still owed at the time of release shall be paid

23    in installments of $100 per month to begin 60 days after

24    the defendant's release from prison.

25              At the time of the defendant's release, the
```

1  probation officer shall take into consideration the

2  defendant's ability to pay the restitution ordered and

3  shall notify the Court of any needed modification of the

4  payment schedule.

5          The Court finds that the defendant does not

6  have the ability to pay a fine in addition to

7  court-imposed restitution.  Therefore, no fine is being

8  imposed.

9          Timothy Mann, you can appeal your conviction

10 if you believe that your guilty plea was somehow

11 unlawful or involuntary, or if there is some other

12 fundamental defect in the proceedings that was not

13 waived by your guilty plea.  You also have a statutory

14 right to appeal your sentence under certain

15 circumstances, particularly if you think the sentence is

16 contrary to law.

17         With few exceptions, any notice of appeal

18 must be filed within 14 days of judgment being entered

19 on the docket in your case.  If you are unable to pay

20 the cost of an appeal, you may apply for leave to appeal

21 in forma pauperis.  If you so request, the Clerk of the

22 Court will prepare and file a notice of appeal on your

23 behalf.

24         The Court also announces that if it has

25 miscalculated the advisory guideline range in any way,

1  or erroneously departed or failed to depart in any way,
2  that the Court would impose the same sentence as an
3  alternative variant sentence in light of all the section
4  3553(a) factors that I have discussed.  This is the
5  sentence sufficient but not greater than necessary in
6  this case.
7           Mr. Mann, I always try to temper judgment
8  with mercy, and I've varied downward from a very
9  significant guideline range in this case, significantly
10 in your direction.  If you serve good time, it'll
11 shorten this sentence further.  If you go out and you
12 contact these people in any way, I can't emphasize
13 enough the extent to which it will be you who turns the
14 key on going back to prison.
15          It's time to use the resources that we have
16 to get yourself some mechanisms for not having that
17 happen.  None of us are our worst day.  And you've come
18 a long way from a difficult childhood.  You can fix
19 this, and this is not permanent.
20          I commend all the resources to you.  You can
21 spend your time in federal prison or you can waste it.
22 You're a smart young man.  If you spend it, you can come
23 out the far side of this and be very successful.
24 Please, I'm begging you, don't come back.
25          THE DEFENDANT:  I won't, sir.

1          THE COURT:  All right.  Anything further,

2   Mr. Zeszotarski?

3          MR. ZESZOTARSKI:  Thank you, Your Honor.

4          THE COURT:  Anything further, Mr. Pugh?

5          MR. PUGH:  No, Judge.

6          THE COURT:  Defendant's remanded to the

7   custody of the United States Marshal.  We'll take a

8   five-minute recess.

9          (Proceedings concluded at 11:10 a.m.)

10

11

12

13

14

15

16

17

18                **C E R T I F I C A T E**

19

20      I certify that the foregoing is a correct

21   transcript from the record of proceedings in the

22   above-entitled matter.

23

24   /s/Risa A. Kramer                    1/29/2024

25   Risa A. Kramer, RMR, CRR                Date

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Eastern District of North Carolina

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | |
| TIMOTHY MANN | Case Number: 5:23-CR-14-1M |
| | USM Number: 36945-510 |
| | Joseph E. Zeszotarski, Jr. |
| | Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)    1 and 2 of Indictment

☐ pleaded nolo contendere to count(s)
  which was accepted by the court.

☐ was found guilty on count(s)
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2261A(2) | Cyberstalking | 11/30/2022 | 1 and 2 |

The defendant is sentenced as provided in pages 2 through     7     of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s)                          ☐ is   ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

11/30/2023

Date of Imposition of Judgment

*Richard E Myers II*

Signature of Judge

Richard E. Myers II, Chief United States District Judge

Name and Title of Judge

12/12/2023

Date

**JA210**

AO 245B (Rev. 09/19) Judgment in Criminal Case
 Sheet 2 — Imprisonment

Judgment — Page   2   of   7

DEFENDANT:  TIMOTHY MANN
CASE NUMBER:  5:23-CR-14-1M

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

36 months: 36 months on count 1, 36 months on count 2; to run concurrently

☑ The court makes the following recommendations to the Bureau of Prisons:

The court recommends: Most intensive drug treatment, Vocational training/educational opportunities, Mental Health assessment and treatment, Physical evaluation and treatment, Placement at FCI Fort Dix - facility close to family.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

**JA211**

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page    3    of    7

DEFENDANT:   TIMOTHY MANN
CASE NUMBER:   5:23-CR-14-1M

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

3 years: 3 years on each counts 1 and 2; to run concurrently

## MANDATORY CONDITIONS

1.   You must not commit another federal, state or local crime.
2.   You must not unlawfully possess a controlled substance.
3.   You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
       ☐ The above drug testing condition is suspended, based on the court's determination that you
          pose a low risk of future substance abuse. *(check if applicable)*
4.   ☑ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5.   ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.   ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.   ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

## JA212

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
　　　　　　　　　　Sheet 3A — Supervised Release

Judgment—Page __4__ of __7__

DEFENDANT: TIMOTHY MANN
CASE NUMBER: 5:23-CR-14-1M

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

### U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____     Date _____

**JA213**

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
Sheet 3D — Supervised Release

DEFENDANT: TIMOTHY MANN
CASE NUMBER: 5:23-CR-14-1M

Judgment—Page ___5___ of ___7___

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall participate in a program of mental health treatment, as directed by the probation office.

The defendant shall participate in a cognitive behavioral program as directed by the probation office.

The defendant shall submit to a search, at any time, with or without a warrant, and by any law enforcement or probation officer, of the defendant's person and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects upon reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the defendant, or by any probation officer in the lawful discharge of the officer's supervision functions.

The defendant shall not incur new credit charges or open additional lines of credit without approval of the probation office.

The defendant shall provide the probation office with access to any requested financial information.

The defendant must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution.

JA214

AO 245B (Rev 09/19)   Judgment in a Criminal Case
　　　　　　　Sheet 5 — Criminal Monetary Penalties

Judgment — Page   6   of   7

DEFENDANT: TIMOTHY MANN
CASE NUMBER: 5:23-CR-14-1M

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $ 200.00 | $ 2,107.13 | $ | $ | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Quartedra Harris | $2,107.13 | $2,107.13 | |

| TOTALS | $ | 2,107.13 | $ | 2,107.13 |
|---|---|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

　　☑ the interest requirement is waived for the  ☐ fine  ☑ restitution.

　　☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev 09/19)  Judgment in a Criminal Case
         Sheet 6 — Schedule of Payments

DEFENDANT: TIMOTHY MANN
CASE NUMBER:  5:23-CR-14-1M

Judgment — Page   7   of   7

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A   ☐   Lump sum payment of $ _____ due immediately, balance due

       ☐   not later than _____ , or
       ☐   in accordance with   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B   ☑   Payment to begin immediately (may be combined with   ☐ C,    ☐ D, or    ☑ F below); or

C   ☐   Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
       _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D   ☐   Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
       _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a
       term of supervision; or

E   ☐   Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from
       imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   ☑   Special instructions regarding the payment of criminal monetary penalties:
       The special assessment in the amount of $ 200.00 shall be due in full immediately.  Payment of restitution shall be due and payable in full
       immediately. However, if the defendant is unable to pay in full immediately, the special assessment and restitution may be paid through the
       Inmate Financial Responsibility Program (IFRP). The court orders that the defendant pay a minimum payment of $25 per quarter through the
       IFRP, if available. The court, having considered the defendant's financial resources and ability to pay, orders that any balance still owed at the
       time of release shall be paid in installments of $100 per month to begin 60 days after the defendant's release from prison. At the time of the
       defendant's release, the probation officer shall take into consideration the defendant's ability to pay the restitution ordered and shall notify the
       court of any needed modification of the payment schedule.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

Case Number
Defendant and Co-Defendant Names
*(including defendant number)*        Total Amount        Joint and Several Amount        Corresponding Payee, if appropriate

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

## JA216

12-1-23

RECEIVED

DEC 11 2023

Lna
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC

To whom may Concern i Timothy mann would
like to Appeal my Cyberstalking conviction
of count one and count two. After my
Sentencing hearing on November, 30, 2023
i told my court appointed Counsel Joseph
Zeszotarski ; want to ~~app~~ appeal my
entire conviction he said to me he
will not do it or ask the courts to
appoint me new counsel to just leave it
alone and move on. im asking the
courts of the eastern district of north
Carliona to appoint me counsel to help
me appeal my entire conviction. Thank
you very much. my Case number is
5:23-CR-14-1M-KS. Timothy Mann
Judge Richard Myers wilminston NC
Was my assisn Judge on my case.

FILED IN OPEN COURT
ON   1/18/23 BEH
Peter A. Moore, Jr., Clerk
US District Court
Eastern District of NC

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:23-CR-14-1M-KS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **INDICTMENT** |
| ) | |
| TIMOTHY MANN ) | |

The Grand Jury charges that:

### Count One

From in or around February 2022 through in or around November 2022, in the Eastern District of North Carolina, and elsewhere, defendant TIMOTHY MANN with the intent to injure, harass, and intimidate victim D.E., used facilities of interstate and foreign commerce, including electronic mail and internet social media applications, to engage in a course of conduct that caused substantial emotional distress to D.E. and placed him in reasonable fear of death and serious bodily injury, in violation of Title 18, United States Code, Sections 2261A(2).

### Count Two

From in or around March 2022 through in or around November 2022, in the Eastern District of North Carolina, and elsewhere, defendant TIMOTHY MANN with the intent to injure, harass, and intimidate victim Q.H., used facilities of interstate and foreign commerce, including electronic mail and internet social media applications, to engage in a course of conduct that caused substantial emotional

Case 5:23-cr-00014-M-KS  Document 74-1  Filed 12/12/23  Page 1 of 2
Case 5:23-cr-00014-M-KS  Document 14  Filed 01/18/23  Page 1 of 2

JA218

distress to Q.H. and placed her in reasonable fear of death and serious bodily injury,

in violation of Title 18, United States Code, Sections 2261A(2).

*If the Judge grants a downward departure or variance can you ask the Judge to count the 4 months i spent on pretrail home detention with GPS monitoring as time credited one for one against the sentence*

A TRUE BILL

REDACTED VERSION
Pursuant to the E-Government Act and the
federal rules, the unredacted version of
this document has been filed under seal.

FOREPERSON //

DATE: 1-18-2023

MICHAEL F. EASLEY, JR.
United States Attorney

By: _____ FOR:

JAKE D. PUGH
Assistant United States Attorney
Criminal Division

*192, First time offender*
*164, 5K2.10 victim's conduct*
*44, 1 level Reduction*
*142, 4 level Reduction mitigating factors*

§

*1. The victim's wrongful conduct contributed significantly to the provoking offense behavior, 5K2.10. victim's conduct i qualify for this so at sentencing can i fight and argue for me to recieve 5K2.10. victim's conduct The Court may reduce the sentence below the guideline range to reflect the nature and circumstance of the offense.*

*2. First time offender. At sentencing can you argue this that im a real time first offender that i have not been convicted of a crime of violence or any otherwise serious offense prior to this and that i should get a further break from the sentence applied for crimal history category 1 and argue that i recieve the booker variance.*

*3. Argue at sentencing that i recieve a four level reduction for my role and show the evidence that shows derrick and his mother threating me, harrassing me. Even mention and show what derrick did to my face how he admitted to assaulting me to federal agents. Bring up what actions were Just words to get them to leave me alone these actions were physical assault and verbal threats and harassment argue the mitigating factors. Mention how the victims Lied to federal agents numerous times ask for a 4 level Reduction.*

*4. Motion to the gov for me to recieve 1 level reduction because i assited them and allowed the gov to use the resources efficiently elsewhere and did not take them to Hai'i*

**JA219**

Timothy Mann
Brunswick County Detention Center
70 stamp Act drive
Bolivia, NC 28422

Legal Mail

US POSTAGE PITNEY BOWES

ZIP 28422 $ 000.63⁰
02 4M
0000364158 DEC. 04. 2023

RECEIVED

DEC 11 2023

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC

2751135570 B013

US District court clerk
Eastern District of North Carolina
P.O. Box 25670
Raleigh, NC 27611

INDIGENT

JA220

Case 5:23-cr-00014-M-KS   Document 74-2   Filed 12/12/23   Page 2 of 2



**JA221**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:23-CR-14-1-M

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | **MOTION TO WITHDRAW AND FOR APPOINTMENT OF NEW COUNSEL ON DIRECT APPEAL** |
| TIMOTHY MANN | |

NOW COMES undersigned counsel, and moves this court for an order permitting him to withdraw from further representation of the defendant on his direct appeal, and further moves that pursuant to Rule 24 of the Federal Rules of Appellate Procedure, this Court enter an order permitting Defendant to proceed *in forma pauperis* on appeal in light of his indigent status, and ordering that the new counsel be appointed to represent Defendant on the direct appeal of his sentence. In support of this Motion, Defendant shows the Court the following:

1.    Undersigned counsel was appointed by this Court to represent Defendant in the district court.

2.    On 30 November 2023, a sentencing hearing was held in this case, and Defendant was sentenced in this case to 36 months imprisonment, 3 years supervised release, restitution, and a $200 special assessment.

3.    On 12 December 2023, Defendant filed a pro se notice of appeal. Undersigned counsel had previously been unaware of Defendant's intent to pursue a direct appeal, as Defendant had stated a different intent to undersigned counsel at the conclusion of the sentencing hearing.    In an abundance of caution, undersigned counsel will file a notice of appeal contemporaneously herewith.

4.    Based on previous discussions with Defendant regarding the issues he may intend to pursue postconviction, it is undersigned counsel's view and belief that it would be appropriate under the North Carolina Rules of Professional Conduct for new counsel be appointed to pursue Defendant's interests.    Undersigned counsel therefore requests that the Court enter an order permitting him to withdraw from further representation of Defendant.

5.    Defendant has previously been found in this case to be indigent within the meaning of the Criminal Justice Act and is unable to retain counsel to represent him on his direct appeal.

6.    In light of his indigent status, it is requested that Defendant be permitted to appeal *in forma pauperis*, and that new counsel be appointed by the Fourth Circuit to represent him on direct appeal.

**CONCLUSION**

For the reasons stated herein, undersigned counsel respectfully requests that the Court enter an order permitting him to withdraw from further representation of Defendant, that an order be entered permitting Defendant to proceed *in forma*

2

*pauperis* on his direct appeal, and that new counsel be appointed to represent Defendant on his direct appeal.

This the 12th day of December, 2023.

GAMMON, HOWARD &
ZESZOTARSKI, PLLC

/s/   Joseph E. Zeszotarski, Jr.
Joseph E. Zeszotarski, Jr.
State Bar No. 21310
115 ½ West Morgan Street
Raleigh, NC  27601
(919) 521-5878
jzeszotarski@ghz-law.com
Counsel for Defendant

3

**JA224**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:23-CR-14-1-M

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | **ORDER** |
| TIMOTHY MANN | |

The matter comes before the Court on motion of Defendant's counsel to withdraw, and for new counsel to be appointed to represent Defendant on appeal. For good cause shown, the Motion is   RANTED, and it is ORDERED that Defendant's court-appointed counsel Joseph E. Zeszotarski, Jr. may withdraw from further representation of Defendant. It is further ORDERED that new counsel be appointed to represent Defendant on his direct appeal.

SO ORDERED.

This the      day of December, 2023.

RICHARD E. MYERS II
Chief United States District Judge

**JA225**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:23-CR-14-1-M

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | |
| v. | **NOTICE OF APPEAL** |
| | |
| TIMOTHY MANN | |

NOW COMES DEFENDANT Timothy Mann, through undersigned counsel and pursuant to Rule 4 of the Federal Rules of Appellate, hereby gives notice of appeal to the United States Court of Appeals for the Fourth Circuit from the judgment of conviction and sentence entered by the district court on 30 November 2023.

This the 12th day of December, 2023.

**GAMMON, HOWARD & ZESZOTARSKI, PLLC**

/s/   Joseph E. Zeszotarski, Jr.
Joseph E. Zeszotarski, Jr.
State Bar No. 21310
115 ½ West Morgan Street
Raleigh, NC  27601
(919) 521-5878
Fax:  (919) 882-1898
jzeszotarski@ghz-law.com
Counsel for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:23-CR-14-1-M

|  |  |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | ORDER |
| TIMOTHY MANN | |

The matter comes before the court on Defendant's counsel's motion to withdraw [DE 75]. For good cause shown, the motion is GRANTED. The court terminates the moving attorney's representation of Defendant in this matter. The Federal Public Defender's Office shall appoint substitute counsel to represent Defendant on appeal.

SO ORDERED this ___19th___ day of December, 2023.

Richard E Myers II

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE